B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Michael S. Helmstetter**                                                               Case No.  **19-28687**
Debtor(s)                                                                                             Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **5,000.00** |
   | Prior to the filing of this statement I have received | $ **5,000.00** |
   | Balance Due | $ **0.00** |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor      ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Services that are included in the firm's representation are defined specifically in the attorney client retainer agreement executed between the parties and no other legal services are included and therefore are excluded.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **November 4, 2019** | **/s/ J. Kevin Benjamin ARDC #:** |
| *Date* | **J. Kevin Benjamin ARDC #: 6202321** |
| | *Signature of Attorney* |
| | **Benjamin \| Brand \| LLP** |
| | **1016 W. Jackson Blvd.** |
| | **Chicago, IL 60607-2914** |
| | **(312) 853-3100  Fax: (312) 577-1707** |
| | **attorneys@benjaminlaw.com** |
| | *Name of law firm* |

## BENJAMIN | BRAND | LLP

092020418

### *ATTORNEY CLIENT RETAINER AGREEMENT FOR CHAPTER 7 RELATED SERVICES*

This Agreement is executed between Benjamin | Brand | LLP, a Florida Limited Liability Partnership headquartered in Chicago, Illinois ("Firm" or "Attorney" meaning the law firm its staff and attorneys), and the undersigned ("Client"), whether one or more parties individually or jointly, (and collectively the "Parties") In cases of joint representation of spouses, communication with one spouse will be deemed communication with both spouses. Attorney may disclose to both spouses any facts disclosed by either spouse. Client has been advised to close or draw down any financial account at an entity to which Client owes or may owe money. Client has received a free consultation with no obligation to retain Attorney or to proceed to file a Chapter 7 bankruptcy petition ("petition for relief"). The Parties agree that any prior consultation time is now part of the legal services that have been performed and that any advice given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time and Attorneys advice may change as the facts and circumstances are further analyzed, more facts discovered, or Clients circumstances or the laws change.

Client authorizes Attorney, at their sole discretion and at Attorneys expense, to hire other Attorneys to act in their behalf regarding attendance at 341 meetings, court appearances and/or bankruptcy hearings. More than one attorney and staff may work on this matter. Further, the Parties agree that the Attorney may retain other attorneys as consultants on matters related to this Agreement, and Client agrees to compensate these attorneys for services rendered on Client's behalf at the rates set forth in this Agreement, provided that no services shall be performed by any other outside attorney without the prior written consent of Client to the employment of any other attorney unless otherwise stated in this Agreement.

In the event Attorney commences litigation to collect any fees and expenses incurred on behalf of Client, or otherwise undertakes to enforce this agreement due to any breach of it by Client, then Client agrees to pay such legal fees and expenses and Client will be responsible for all costs associated with enforcing the terms of this agreement including but not limited to additional attorney fees and costs.

Now for and in consideration of the mutual promises and obligations exchanged herein under this Agreement, the Parties agree to as follows:

1. **Retention of Attorney.** Client retains and employs Attorney as Clients legal insolvency and bankruptcy counsel. The retainer is paid by Client to Attorney in order to ensure Attorney's commitment and availability during a specific time period to perform or provide legal services reasonably necessary to represent Client's interests, absent extraordinary circumstances, related to the specific subject matter as indicated in this Agreement. By retaining Attorney Client acknowledges Attorney is obligated to: (a) refuse any employment that would ever present a legal conflict of interest, limiting Attorney's potential for future clientele; (b) limit the number of new clients it accepts in order that it may perform the work with the highest amount of efficiency and not take every case; and (c) plan its workload so Attorney may perform all legal services necessary for Client under the subject matter of this Agreement. These obligations assure Client that Attorney is available to serve Clients to the best of its abilities and Client's interests, subject to the terms and conditions herein. The value of Attorneys services in relation to the retainer includes this extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney. The value of the Attorneys services is not just determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify. Extrinsic value of Attorney's services is taken into consideration, along with everything else, in determining the reasonableness of the retainer and the right of Attorney to consider the retainer earned in certain circumstances. In determining the extrinsic value of Attorneys services it is agreed that the preparation and representation of clients in a matter under BAPCPA requires many disparate tasks and functions for Attorney and Attorney's staff, some of which may require legal expertise and some of which may only be administrative or ministerial in nature and these functions all have value to Client. The value of Attorney's pre-petition, pre-filing services are not always evident to Client and more time, effort and resources are expended upon representation of a Client pre-filing of the petition then almost all clients realize. For example Attorney allows Client to refer creditor's to Attorney and Attorney and Attorney's staff may be inundated by daily, weekly or monthly calls/faxes/e-mails of Clients creditors with Attorney expending resources in that regard. Creditors may potentially stop contacting Client due to Attorneys representation leading Clients to think they have no liability or need to file and not understand the value of Attorneys representation. Further extrinsic value includes, but is not limited to Attorneys case monitoring, oversight and/or continuing evaluation/due diligence which may be monthly and takes more time then Clients realize; and time spent due to Client lack of cooperation which may come into play as Attorneys time in following up with client for needed information, documentation, status, etc., and entails much more time then Clients realize.

2. **Legal Representation.** Client retains Attorney specifically, solely and exclusively for legal services in representing Clients legal interests in relation to a proposed filing under Chapter 7 of the USBC ("USBC"), as amended and effective October 17, 2005, known as the Bankruptcy Abuse and Consumer Protection Act ("BAPCPA"), and for no other matters or services ("Services"). Attorney accepts such representation pursuant to the specific written terms of this Agreement. Attorney's advice and analysis is based upon circumstances presented by client at the initial consultation (which may not include full disclosure by Client), as well as current, local, state, and federal laws. It is expressly agreed and understood between the Parties that this Agreement is not contingent upon the filing of a petition for relief and Client has no obligation to proceed to file a Chapter 7, or any chapter of bankruptcy or any bankruptcy petition. If Client decides not to proceed with the filing of the petition for any reason or (a) the petition is not filed under the time frame expressed in this Agreement for any reason; (b) or filing Venue changes; (c) or the Client decides to just close the file; (d) or Client breaches this Agreement; then this Agreement shall be deemed concluded with Client obligated to pay for any work done and costs incurred. Attorney assumes no responsibility for any changes in laws or of client's eligibility or qualification under any certain chapter of BAPCPA should client delay the filing by not paying quickly and as agreed, providing required documentation and information, timely cooperating and communicating with Attorney, any change in Clients circumstances, particularly the Client's current monthly income as defined by BAPCPA, does not substantially change prior to the filing of the petition for relief. Eligibility and qualification of Client may change before any proposed filing. Client must be eligible and qualified to file a petition under Chapter 7 of BAPCPA at the time of the filing of any proposed Chapter 7 petition for relief under this Agreement, regardless of any qualification at the signing of this Agreement or the initial consultation.

3. **Scope of Legal Services Defined.** Attorney shall represent Client and provide all legal services reasonably necessary as specified in this Agreement and to fully inform Client of requirements under Chapter 7 of BAPCPA. Attorney may represent, advise and perform legal services for the Client on matters related to and in connection with any filing of a Chapter 7 petition, schedules and related documents. Should Client proceed to have Attorney file a voluntary petition under Chapter 7 of the United States Bankruptcy Code, Attorney may, with the assistance and cooperation of Client, its agents and employees, perform the following services as specified under the terms of this Agreement, including, but not limited to the following: (a) the initial consultation; (b) representation in a Chapter 7 filing; (c) review and preparation of documents necessary to file a Chapter 7 petition for relief and preparation and electronic filing of petition, schedules, all statements, statement of financial affairs, statement of intention, means test, supplemental local forms, creditor list; (d) preparation and attendance



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 1 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6]

INITIALS

**B**ENJAMIN | **B**RAND, LLP

of Client at the initial section 341 meetings of creditors; (e) advise client as to the rights, duties, and responsibilities as a Chapter 7 debtor; (f) advise client in relation to available exemptions available under applicable law and in claiming exemptions that best serve the Client's interests; (g) assist Client in complying with all of the requirements imposed by the bankruptcy laws, the bankruptcy rules, or any local bankruptcy rules or otherwise related to the specific representation in this Agreement; (h) review of any proposed redemption or reaffirmation agreements or to render Attorneys opinion on same; but attorney will not sign redemption or reaffirmation agreements; and (i) and case administration and monitoring.

4. **Excluded Matters.** This Agreement does not retain Attorney for any service(s) or matters not specified herein (except as required under BAPCPA, USBC or Rules, Local Rules of the US Bankruptcy Court or the presiding judge) and Attorney will NOT take any action outside of services described in this Agreement. Specifically, and without limitation, this agreement does not include representation in any other chapter of bankruptcy; or of any other person, entity or business that may be owned, affiliated or associated with by Client or Client's spouse or that either may have an interest in; any pending or future litigation, legal proceedings or services of any type; any foreclosure defense proceedings or court actions; mortgage loan forensic or securitization audits services; any traffic or drivers license related issues; reinstatement of dismissed or reopening of closed cases; any federal, state, local, divorce, or criminal court proceedings, actions or related matters (and clients are specifically advised to attend all relevant court hearings or proceedings unless advised otherwise in writing); any matter specifically defined under this agreement as "additional services"; any type of appeal(s); adversary complaints or proceedings; contested matters involving bankruptcy abuse or bankruptcy fraud matters or discharge-ability actions or objections; or post discharge litigation; or any type of bankruptcy litigation (outside the scope of this agreement) unless at Attorney's sole express discretion Attorney may agree to represent Client, subject to the terms and conditions of this Agreement but at the hourly rates set forth herein. However, Attorney is not obligated to represent Client in any excluded matter absent Attorneys express consent and discretion to do so. Therefore, in the event Attorney asks Client to enter into a separate retainer agreement for any excluded matter(s), or specifically adversary related representation, Client will do so upon request and Attorney may require an additional retainer fee at that time as a condition of representation in any excluded matter, subject to the hourly rates of Attorney or flat fee, as determined by Attorney.

5. **Additional Services.** Legal services which are beyond those contemplated in the Retainer may be provided by Attorney and will result in additional legal fees due Attorney from Client. Attorney may require any said additional attorney fees to be paid in advance and prior to any such service being provided or completed. Such additional professional services not subject to this Agreement may include, but are not limited to, representing Client in: (a) Bankruptcy Rule 2004 motions, court appearances, examinations-depositions or any discovery related thereto, (b) Matters or actions related to the modification of, relief from, enforcement, extension, imposition, defense or violation of the Automatic Stay, including those filed by secured creditors to foreclose on real property or repossess collateral; (c) Any appearance at any continued meeting of creditors due to Clients failure or refusal to comply with their obligations under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or the Local Rules of the Northern District of Illinois Bankruptcy Court, or any requests of the Standing trustee, the interim trustee, or the United States Trustee or Clients request to continue the meeting due to their inability to appear or other reasons, or attending additional creditors/trustee meetings; (d) Motion work or attendance at court hearings not related to the ordinary course of representation including representation in defending any motions to dismiss filed by any party in interest, or pursuing any motions to avoid judicial liens on property, or motions or actions related to stripping any mortgage liens or avoiding non purchase money security interests; (e) Post filing preparation and filing of any amendments, amended schedules or other bankruptcy forms, or any unnecessary work caused by Clients delay, omission or lack of cooperation, including adding additional creditors or undisclosed assets that were omitted from the initial documents filed with the Court; (f) Reopening a Clients closed Chapter 7 for any reason including to submit and file post-filing proof of pre-discharge counseling (debtor education certificate and signed form B-23); (g) Any US Trustee audit or US Trustee motion to dismiss, evidentiary hearing or contested matters; (h) undue hardships or to enforce the discharge injunction including those related to student loans or taxes; (i) representation regarding reaffirmation agreements, redemption or surrendering of collateral; representation in any objection to claim of exemptions, or involving any garnishment, wage deduction or citation proceeding or the recovery of money from any creditor action(s); or (j) any matter specifically excluded, not specifically itemized or described under this Agreement that may arise and that would not be considered reasonably necessary under BAPCPA, USBC, the local rules of the US Bankruptcy Court, or the Illinois Code of Professional Conduct. For such additional services, Client will be charged at Attorneys hourly rates as listed in this Agreement with a one-hour minimum charge, plus any costs. However, Attorney is not obligated to represent Client in any additional matter absent Attorneys express consent and discretion to do so.

6. **Conclusion/Termination of Services.** The termination of Attorneys services or conclusion of this Agreement for any reason will not eliminate Clients obligation to pay for legal services rendered and other charges incurred before termination or conclusion or in connection with an orderly transition of this matter and any unpaid fees for legal services or costs expended, shall be due, owing and payable immediately upon said event including any withdrawal or discharge of Attorney, or other event that concludes this matter or terminates services of Attorney, including dismissal or conversion of the bankruptcy petition. Any earned compensation or cost reimbursements received under this Agreement will not be applied or credited to any new service. If Client desires to retain Attorney for any other legal services, or upon the expiration or termination of this agreement for any other reason, a new and separate written retainer agreement specifying the specific representation would need to be executed between the parties prior to any such representation and additional attorney fees and costs may be due in advance, not subject to any previous quoted retainer fees. Though Attorney is not obligated to undertake any such new representation, any and all future work Attorney may handle for Client in the future in other matters will be handled in accordance with this Agreement at our hourly rates unless otherwise agreed upon. Upon cessation of Attorney's active involvement in any particular matter, even if Attorney continues to represent Client in other matters, Attorney will have no duty to inform Client of future developments, deadlines or changes in the law. At Clients prepaid expense, Attorney will return files, original papers and other property, if any, in its possession to Client upon a receipt of a request for any such materials unless they are appropriately subject to a lien under applicable law, and provided that Client has paid all outstanding legal fees and expenses due Attorney.

7. **Conversion of Petition.** If Client desires to convert a filed petition to another chapter of the USBC the parties shall execute a new and separate retainer agreement setting forth the terms of such representation and additional attorney fees will be incurred, with any compensation paid to date under this agreement considered earned and may not be applied or credited to representation in a Chapter 13, 11, other proceeding or any other matter. Attorney shall be under no duty to prepare and file the necessary conversion until the new fee agreement has been signed and the agreed upon fees and associated costs paid and Client will remain obligated for any unpaid balance due on any current and filed petition that is being converted in addition to the new legal fees and costs. Upon request Client will promptly sign a retainer agreement post conversion for any legal services to be performed post conversion or Attorney will not be obligated to represent client post conversion.

8. **The Attorneys' Authority To Act.** (a) In matters of professional responsibility, the Attorneys shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Courts hearing the litigation or such other court(s) wherein the Attorneys may come to represent the Clients (collectively "ICPR"), and without any direction from the Clients. However, Client is free to comment on any aspect



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 2 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6]


INITIALS

**B**ENJAMIN | **B**RAND | LLP

of the Attorneys' professional conduct and are encouraged by the Attorneys to do so at any time; (b) Attorney recognizes that it is the Attorneys' general duty to carry out the directions of their principal, the Clients, but the Clients recognize that their agents, the Attorneys, are possessed of special skills and training in legal matters beyond those of the Clients. Therefore, in matters of general strategy, the Attorneys shall follow the general directions of the Clients where such direction does not impinge upon the Attorneys professional responsibilities in any or all matters, or the Attorneys' professional judgment in matters concerning which a full consultation with the Clients is not practical—i.e., and without limitation, how to proceed in open court, when the Clients cannot be reached, or when immediate action is needed, and (c) anything herein to the contrary notwithstanding, nothing herein shall be construed to limit the Attorneys' responsibilities under the ICPR, but it is the Parties' desire that the provisions hereof be liberally construed to the extent possible to conform to said ICPR. Should any provision hereof be found to violate the said ICPR, such finding shall not affect the remaining provisions hereof unless such finding would substantially and materially affect the basic purposes hereof, which are to provide the Clients with legal representation and to provide for reasonable payment to the Attorneys.

9. **Legal Strategies, Good Faith Claims and Ethics.** The Clients understand that some of the matters involved are complex and that any advice, opinion, consultation and the like, given at the initial consultation(s) is/was preliminary and based upon information provided by Client and facts available to Attorney at that time. Attorney's further investigation or analysis of the circumstances, facts or discovery of additional facts, changes in Clients circumstances or the laws, or other future events, may from time to time change the Attorneys' advice regarding any and all matters brought to them, perhaps materially so. From time to time, strategies may be reevaluated and/or even abandoned entirely depending on, among other things, the information obtained by the Attorneys, and the reaction of the Clients' Creditors, Lenders, or Servicers to any litigation or defenses brought on behalf of the Clients and/or settlement proposals and negotiations. The Attorneys are not obligated to begin or to continue to prosecute or defend any claim that in their sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to constitute bad faith, violates or comes to violate any rule or code of professional ethics, or has or comes to have so little chance of success on the merits that it is not reasonable to expect the Attorneys to continue to invest their time in the prosecution thereof. The Attorneys may advise the Clients to settle any or all of Clients' particular matters in which they become involved. Client will request legal advice in writing on important matters with regard to which Client may rely upon Attorney for advice. Unless legal advice is given in writing Clients may not rely on any legal advice. Attorney will take reasonable steps to keep Client informed of any status or progress, and respond to Client's reasonable inquires, or questions in a reasonable fashion.

10. **Client Obligations, Representations of Good Faith and to Attorney.** Client will at all times to be truthful with Attorney, cooperate with Attorney, respond to Attorney's request timely, and keep Attorney informed of any developments, and current contact information and that Client will attend all scheduled court hearings IF told to do so by Attorney and Client will attend all scheduled meeting with Attorney as requested by Attorney in Attorneys office. Attorney will prepare the bankruptcy filing and associated documents based upon information supplied by Client and Attorney will rely upon this information as being true, accurate, complete and correct. Client attests and affirms that they will attend the section 341 meeting of creditors ("Trustee Meeting") and that Client has not, and will not, given Attorney any false or misleading information, will not omit any information from Attorney now or in the future and has and will continue to provide Attorney with timely, complete and accurate information, all requested information, all requested documentation, questionnaires, intakes, and pertinent information, including full disclosure all financial information to Attorney promptly and as requested by Attorney and prior to the filing of any petition for relief. If false, incorrect or incomplete information is included, or information is omitted, it can cause Client additional effort and expense to remedy the error, may place the bankruptcy itself in jeopardy and could result in civil or criminal liability. It is vitally important that the information included in the bankruptcy schedules be *complete and correct* to avoid any problems. Client will review all documents filed as part of the bankruptcy case, and Clients signature on those documents signifies that Client has read them, understood them, and agrees with their contents. Client agrees to perform fully and conscientiously all the duties of a Debtor under the Bankruptcy Code, and shall timely, comply and communicate, with all reasonable requests for information or reports by the Bankruptcy Court, U.S. Trustee, any Creditor's Committee, and the Attorney. Client must preserve all records and documents related in any way to this matter, including all electronic documents and data. If Client should not act with absolute honesty and integrity with Attorney, or fails to fulfill its obligations, cooperate with or provide Attorney with complete and accurate information or if Client becomes delinquent in the payment of their bills, then the Attorneys may either decline to represent the Clients or discontinue such representation immediately and without notice, and in either such case, the Clients agree not to object to the Attorneys' declination, discontinuation of their services or motion to withdraw from this matter without any refund of any earned fees. Upon the filing of a petition for relief Client, unless otherwise instructed by this office, Client must and will pay all taxes incurred after the date of filing (and file all necessary tax returns), and maintain any required insurance on real and personal property.

11. **Venue for Filing.** This Agreement is subject to Client qualifying to file a petition for relief in the same U.S. District Court jurisdiction as defined by the USBC and rules, by permanently residing in, or maintaining the same domicile in which they are currently domiciled as of the date of this Agreement, and at the actual time of any filing of a petition for relief. In the event Venue changes before the filing of a petition for relief, for any reason, this Agreement will be deem concluded per the terms of this Agreement.

12. **Billing Statements.** Attorney's standard practice is to bill each month for services rendered and expenses incurred by us during the previous month, or for monthly set payments. Client may receive a copy of invoices with a detailed itemization of all fees and costs incurred, the basis for the fees and costs and the billing statement may list the professionals who worked on your matter for that billing period with their hourly billing rates. Payment is due upon receipt of Attorney's invoice. Attorney must approve any different payment arrangements in advance, in writing. Attorney reserve the right to terminate its representation if payment is not received within fifteen (15) days of its invoice, and Client agrees not to contest Attorney's withdrawal from any court or administrative proceeding if payment is not received within thirty (30) days of its invoice or request. Should Client have any questions concerning any statement, Client shall contact Attorney to discuss them so that there may be an opportunity to resolve any misunderstandings in a mutually agreeable manner.

13. **Retainer.** Client will pay Attorney a pre-petition, pre-filing retainer in the total amount that is specified in this Agreement, prior to the filing of any petition for relief (the "Retainer"), and in the following manner. Client understands that in a matter of this kind it may be appropriate to take into account in establishing Attorney's fees additional factors, including the complexity of the work, the efficiency with which it is accomplished, the extent Attorney forego's other client opportunities, the nature of the results, or the like. Thus, Client will pay Attorneys a retainer in the amount listed below, at the time of, or prior to, the execution of this Agreement ("the Initial Retainer{s}"). The type, definition and classification of each retainer are specifically defined in this Agreement. The retainer shall be paid from funds of Client. In the event a Client desires to have payments made to Attorney by third parties, and not funds of Client, Attorney must specifically be notified. The fact third parties may pay some or all of the Clients' bills do not excuse the tardy payment of any bill by the Clients. Client may not pay attorney fees or expense by credit card but may use a debit card. If the Initial Retainer is paid in installments, those payments must be reasonable, in equal installments divided by the payment term, and paid timely and in succession until paid in full within the time period stated.

14. **Type, Definition and Classification of Retainer.** All retainers described herein, including all future retainer payments, are expressly agreed to be



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 3 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6 ]



**B**ENJAMIN | **B**RAND | LLP

"advance payment retainers" as described in *In re Production Associates, Ltd.*, 264 B.R. 180 (Bkrtcy.N.D.Ill.2001) and *Dowling v. Chicago Options Associates, Inc.*, 2007 WL 1288279 (Ill.) and Client expressly agrees to this type of retainer as a condition of Attorney accepting representation. No funds will be held in any type of attorney trust fund account as the Attorneys will commingle the retainer and any future retainer(s) payments immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any (and not the actual retainer funds themselves), promptly after the termination or conclusion of the Attorneys' services or of this Agreement. Client maintains a contract right to the performance due from Attorney per this Agreement, but that does not give rise to any property right in any specific payments or compensation paid Attorney and Attorney is not holding any funds on behalf of Client, now or in the future, related to the specified retainer or any payments on Attorney compensation. Ordinarily, Clients have the option to request that the retainer be considered a "security retainer" where Clients continue to have an interest in the funds, but Clients recognize and agree that the Attorneys would not undertake the representation on that basis. The Attorneys are obligated by the Dowling case to advise Clients of the reason they would decline to represent Clients on a security retainer basis, and that reason is the Attorneys do not desire even potentially to compete with the creditors of the Debtor-Clients. This is advantageous to Clients in the Attorneys' opinion because the Dowling case makes specific reference to creditor problems as a reason justifying either an advance payment retainer or classic retainer over a security retainer. Further, Attorneys representation is time consuming and Attorney believes the initial retainer, and pre-petition, pre-filing retainer(s) will be earned quite easily and that the ultimate amount of legal fees will be in excess of the initial retainer and pre-filing, pre-petition retainer(s), which amount shall be credited against any amounts due at the termination or conclusion of this Agreement.

15. **Additional Retainer.** Unless the Retainer quoted is paid in full at the execution of this Agreement, Client will pay a second and additional retainers ("the Additional Retainer" or "AR") in a manner specified in this Agreement and on or before the filing of any petition for relief.

16. **Payment Credits.** All payments on account of the indebtedness represented by this Agreement shall be applied first to accrued and unpaid interest, late charges, collection fees, additional attorney fees and the remainder to principal on any Retainer fees, legal fees, cost or due diligence reimbursement and finally filing fees, despite any characterization by Client on any payment. Client authorizes Attorney to apply the "filing fee" and any payment for expenses that have not been incurred towards the Attorneys retainer. In the event Client is re-filing, re-retaining Attorney for an initial filing, or even retaining attorney for a new matter, it is understood and agreed that any payments toward compensation will be credited first to any balance owed on any previous case(s)/accounts and any funds Client may think they are paying for a re-filing or re-retaining or other case will be applied to previous cases first.

17. **Accounting of Retainer.** The Parties hereto understand and acknowledge that the amount of services to be provided by the Attorneys and the outcome of the representation are extremely difficult to predict as professional fees charged reflect a number of factors, including the number of attorney and non-attorney hours incurred, the relative experience of the attorney(s) or staff member performing the services, the difficulty of the matter, and the results obtained for Client. The value of Attorneys services in relation to the retainer includes extrinsic value and benefits that Client expressly agrees it is receiving by retaining Attorney. Attorney is not charging by the hour for the specific services defined in this Agreement, as the value of services is not determined by the hours or Attorneys "time" but rather Client is paying for Attorneys collective knowledge and expertise with the exact extrinsic value difficult to quantify. Therefore Client expressly waives any rights to any accounting or monthly billing of time by Attorney for any legal services included in the Retainer and Attorney will not be keeping records of time spent on this matter. No time sheet or accounting of time will be required or provided unless requested by the Bankruptcy Court while the case is pending before it. In the event of any fee dispute the hourly rates of Attorney, which are currently $425.00 per hour for J. Kevin Benjamin, $375.00 per hour for Theresa Benjamin, and $125.00 for paraprofessional time (i.e., paralegals, law clerks or legal assistants) billed in 6-minute minimum increments will be applicable including any time spent related to any fee dispute. Post-Filing/Post-Petition the hourly rates will apply for any services not specified or included in this Agreement or for additional attorney services as specified in this Agreement.

18. **Attorney Lien.** Client hereby grants Attorneys a lien on any and all claims, causes of action, judgments or settlements that are the subject of the representation under this Agreement, or arise from the subject of this Agreement. Attorneys' lien will be for any sums due and owing at the conclusion of services.

19. **Security Interest.** Client grants Attorney a security interest through an attorney's lien on such funds paid to Attorney to the extent of Attorneys fees and costs.

20. **Contingency Fees.** Attorney will be entitled to a contingency fee equal to 50% of any actual recovery from any party for any reason, including, but not limited to, a violation of the automatic stay, the discharge injunction, or for breach of any state/federal consumer protection statutes, bankruptcy code violations, including recovery for actual damages, compensatory damages and/or punitive damage awards. In addition to the contingency fee Attorney has the right to seek additional attorneys fees to be paid by third parties at Attorney's discretion. In the event Attorney is awarded attorney fees to be paid by parties other than Client, be it by request of Attorney, a statutory award or any other reason, Attorney will retain 100% of any such award, in addition to the contingency fees as described herein or any other attorney fees it may be entitled to, including but not limited to legal fees granted by Statute or other. Contingency fees do not pertain to any services specifically included in this agreement and Attorney will not charge both a contingency fee and an hourly fee for the same specific legal service.

21. **Filing Fee.** The Retainer does not include the $335.00 filing fee for a Chapter 7 (subject to change at anytime) or any costs, expenses or due diligence. The Filing Fee is not due until the petition is actually going to be filed and Client agrees to NOT pay that to Attorney in advance of filing or until told to do so by Attorney. Attorney may invoice Client separately for the filing fee and costs which will be due and payable at that time and prior to any filing.

22. **Client's Obligations to Pay Designated Costs, Fees, Expenses and Due Diligence.** Client understands that in addition to any attorney fees that client is responsible for any and all reasonable costs associated with said representation and Attorneys due diligence. At Clients expense, Attorney is empowered to obtain information about Client's assets, credit, creditors, taxes, debts, income, expenses and other public and non-public information that may be used to verify and ensure the completeness of the information provided by Client as part of Attorney's due diligence and ordinary course of representation. Such information may not be comprehensive or complete. It is obtained for background information and to aid Attorney's due diligence. Attorney may order multiple due diligence products at its discretion as due diligence may be done when retained, before filing, any time in between, or as often as Attorney deems prudent as before filing some due diligence may have become stale. Attorney may charge a $1.00 minimum for each item noticed to each additional creditor, or any party, as an expense for postage, copying and envelopes. Attorney does not charge for routine facsimile or telephone usage, but does charge a 5% credit/debit card-processing fee which Client agrees to pay when applicable. These costs, expenses and due diligence are not part of Attorney's overhead.

23. **Continuation of Payments to Secured Creditors.** Client must continue to timely make the regular monthly payments directly to any secured creditor on any property that client intends to maintain (i.e. home mortgages, auto loans), and client must make those payments directly prior to the filing of a petition for relief, since until that time any motor vehicle, real property, is subject to repossession, foreclosure proceedings, Sheriff or Trustee sales of properties or any creditor or collection activity. Client assumes full responsibility to make certain these payments are made to any appropriate creditor prior to any filing of a



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 4 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6]


INITIALS

BENJAMIN | BRAND | LLP

petition. Upon the filing for a petition for relief Client maintains full responsibility to make these payments directly to the Creditors as well and Client must maintain any appropriate insurance, file all tax returns, and pay any type of taxes due post filing.

24. **Statute of Limitations and Tolling.** It is understood the filing of a petition in bankruptcy will "Toll" any statute if Limitations period, including but not limited to, any Internal Revenue Services, local, state and federal taxes, non-dischargeable debts, lawsuit deadlines, or collection periods, etc.

25. **Disclaimer of Guarantee.** (1) Nothing in this Agreement or any statements to Client will be construed as a promise or guarantee regarding the outcome of the Client's matter or chance for success and no guarantee as to specific results has been given to Client, with any express or implied comments about specific results or potential outcome of matters pertaining to Client are expressions of opinion only and do not create or imply a promise, warranty, representation, guarantee, as to a specific outcome on Clients matter; (2) Attorney has not made any promise or guarantee to "save" any real property of Client, or that a cause of action against any creditor or lender exists or would result in any creditor or lender's agreement to change, modify, or restructure any loan terms or reduce any negative equity in real property; (3) There are risks in filing for bankruptcy, including the possible liquidation or loss of property and Client understands that bankruptcy law is subject to different interpretations and that there are inherent risks in how Courts will apply various provisions; (4) Since approval and granting of a discharge requires court approval and may require consent of the chapter 7 trustee and creditors, and subject to any adversary proceedings contesting discharge, no guarantees or representations are made as to whether any such approvals will or can be obtained or that client will obtain any applicable discharge under any chapter of the USBC; (5) Legal services and proceedings are uncertain, and there are various interpretations and changes in the laws occur as well as unknown factors that may alter the outcome or results; (6) Client acknowledges there is NO GUARANTEE to the successful filing of a petition for relief under any chapter of the USBC, or the defense of any motion to dismiss, modify the automatic stay, adversary proceeding or contested matter, and that there are, in fact, significant risks if a Standing Trustee, U.S. Attorney/Trustee or Creditor prevails in any action.

26. **Receipt and Acknowledgement of Mandatory Notices and Disclosures.** The Bankruptcy Code requires that Attorney provide mandatory notices and disclosures to you. Client has received, read, and understands the *Statement Mandated by Section 527(b) of the Bankruptcy Code and Notice to Clients Who Contemplate filing Bankruptcy*. Those disclosures are incorporated by reference and made part of this Agreement.

27. **Method of Communications.** Attorney works with its clients by office or phone appointment ONLY. Attorney cannot and will not respond to repeated telephone inquiries, texts, faxes, e-mails etc., about the status, progress or legal options in Clients case/petition. Client must make an appointment whenever Client has questions and wishes to meet or speak with an attorney or representative of Attorney. Neither the Attorney nor individuals of the Attorney will respond to fax inquires, text messages, twitter, Facebook or any social media. Attorney will communicate and notify Client of all hearings or requests by US Mail or e-mail and that Client must be mindful of reading all correspondences and e-mails from Attorney. Attorney will not call client to remind them of any hearings, meetings, or court appearances. Client authorizes Attorney to use its phone number, fax and/or email to voice broadcast and also contact me. This also serves as Clients authorization to "opt in" to any Attorney list to receive e-mail notices and solicitations, etc. until said time as Client opts out. Attorney may assign and administrative "Case Manager" to Client and in said case that will be Clients point of contact with Attorney and which Client can schedule phone or in office consultations with specific attorneys of the firm to answer any questions or go over any issues or answer any questions and Clients consents to this arrangement. It is understood Attorney does not practice law, or give legal advice or updates, via text messages and Client may not contact Attorney by text message

28. **No Tax Advice.** The Attorneys are not qualified tax advisors. The Attorneys are not rendering any advice as to the taxable consequences of any matter pertaining to their representation of the Clients. Whether or not the Attorneys do comment on any tax matter during the course of their representation as a matter of convenience or general discussion, the Clients will not rely on the Attorneys' tax comments and that the Clients is advised to seek all tax advice only from a qualified tax professional, certified public accountant or "tax lawyer" and not the Attorneys. Client represents that Client has access to such qualified tax advice from professionals other than the Attorneys.

29. **Agreement Complete.** This instrument contains the terms and conditions constituting the entire Agreement between the parties and may not be modified except by a written agreement signed by all parties. There are no promises, terms, conditions or obligations applicable to Attorney's representation hereunder, except as expressly set forth in this Agreement. The terms hereof supersede any previous oral or written agreements or understandings between the parties with respect to Attorney's representation, with all previous understandings or agreements having been merged herein. In the event any provision hereof for any reason is illegal or unenforceable, the same shall not affect the validity of the remaining provisions. This Agreement may be signed in Counterparts and each of the terms and provisions of this Agreement are to be deemed severable in whole or in part, and if any term or provision or the application thereof in any circumstances should be invalid, illegal or unenforceable, the remaining terms & provisions or the application thereof to circumstances other than those as to which it is held invalid, illegal or unenforceable, shall not be affected thereby and shall remain in full force & effect.

30. **Rule of Reasonableness.** This Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Attorneys could pursue the Client's interests on behalf of the Clients and be paid the reasonable fees provided for herein. All actions taken in accordance herewith shall be construed under a rule of reasonableness as of the time they were taken.

31. **Consent to Jurisdiction and Services.** This Agreement shall be deemed executed in the City of Chicago, County of Cook, State of Illinois, where it arose and where it shall substantially or totally be performed, and shall be construed and governed under the laws of said jurisdiction and venue by agreement of the Parties. The Parties consent to the subject matter jurisdiction of any such Court and in no event shall any party to this Agreement contest the jurisdiction or venue of any such court(s) over them with respect to any claims or disputes arising out of this Agreement.

32. **File Destruction.** Client hereby authorize the secure destruction of your file 90 days after it is closed, and agree that in any event Attorney shall have no liability for destroying any records, documents, or exhibits still in our possession at the end of 90 days. Attorney may keep an electronic copy of the file, which will serve an original for any related time frames that may require Attorney to keep the file longer. However Attorney is not obligated to maintain any part of the file that is a public record, incidental to the file, or which was only a copy of anything that was given to Attorney by Client and not an original.

33. **Effective Date.** The representation covered by this Agreement commences only upon the receipt by Attorney of a signed Agreement and payment of the initial Retainer and prompt, current payments, in succession and as agreed, on any payments toward the full pre-filing, pre-petition Retainer. Without an agreed payment there is no consideration and no effective contractual, ethical, or legal responsibilities between the parties.

34. **Penalty of Perjury.** CLIENT UNDERSTANDS THAT THE INFORMATION DISCLOSED IN OUR PETITION IS GIVEN UNDER PENALTY OF PERJURY AND THAT THE FEDERAL PENALTY FOR PERJURY MAY INCLUDE IMPRISONMNET AND HEAVY FINES.

35. **Time Is Of The Essence.** Any delay on Clients part may disqualify Client for Chapter 7 relief or otherwise adversely affect client's case. Attorney may not be able to file the case or take other necessary actions, until all requested documents and/or information, including but not limited to the



**Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys**

[Page - 5 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6]



**B**ENJAMIN | **B**RAND | LLP

certificate of credit counseling, are received by Attorney along with all required attorney fees, costs and filing fee.

36. **Copies:** A copy, facsimile, electronically signed or other reproduction or copy of this agreement, including any signatures (electronic or otherwise), shall have the same force and effect as the original and be deemed to be an original for all lawfully enforceable purposes and shall have the same force and effect as an original.

37. **Production of Documents and Information (No Original Documentation to Be Forwarded and No Return of any Document or Paper).** Any documentation requested by Attorney from Client must be submitted to Attorney in the manner requested by Attorney and further, it is agreed and understood by Client that Client shall not forward any original documents or the like and must provide and submit to Attorney LEGIBLE COPIES ONLY. It is further agreed to and understood by Client that they may not forward or cause to be delivered any documents or the like and request Attorney to make copies for them as Attorney will not do so. Clients must make their own copies and forward documents and the like or they can simply scan and send to Attorney as instructed by Attorney. Client will be under a continuing duty to provide Attorney with all requested information and documentation requested of Client by Attorney, and as often as requested. Client may not send faxes of the requested documents to Attorney, unless requested by Attorney, but rather, client must arrange for the delivery of legible copies to Attorney. Attorney does not accept documentation, notices, pleadings, or the like via text message and it is agreed that Client will not take a picture of anything with their phone and send it to Attorney in any manner, as a copy as pictures almost always are incomplete or not readable. Client must provide LEGIBILE COPIES ONLY of current bank account information to include monthly statements as requested and online account balances as of the date of the signing of the bankruptcy petition to be filed. Financial information must be updated every month, thus Client may be required to provide certain documentation monthly or numerous times be it prior to filing or even after the filing of a petition, and upon request, and as often as requested.

38. **IT IS UNDERSTOOD THAT ANY DOCUMENT, PAPERS OR THE LIKE, THAT CLIENT FORWARDS TO ATTORNEY WILL NOT BE RETURNED AND ATTORNEY MAY DESTROY, SCAN AND SHRED AT ANYTIME AND AT ATTORNEYS SOLE DISCRETON.**

The Retainer Agreed to under this Agreement is stated below and in accordance with the terms and conditions of this Agreement. Client authorizes and directs Attorney to begin representation immediately and Attorney will undertake representation immediately upon the execution of this Agreement and thus legal fees will start being earned. The retainer does not include the current $335.00 filing fee (that is subject to change at anytime) for a Chapter 7 or any costs, expenses or due diligence.

$ _____5,000_____ 00  Pre-Petition, Pre-Filing Retainer Fee due in full within the payment term per this Agreement before filing a petition (not including filing fee, due diligence or other costs/expenses as stated in this Agreement). Client understands and has been advised that this will be an "Asset" chapter 7 and any non-exempt assets will be liquidated by the chapter 7 trustee and after such liquidation Client may not receive anything as he may only be entitled to any surplus, if any, after the chapter 7 trustee fees are paid, administrative costs including legal fees for any and all attorneys retained by the chapter 7 estate, and payment of creditor's claims. Client also understands any causes of action Client may have pending or could have filed but has not, become property of the chapter 7 estate and under the control of the chapter 7 trustee. This agreement does NOT retain Attorney to represent Client in any potential cause of action, or pending cause of action, or any causes of action, without a separate retainer agreement being executed (and with permission of the chapter 7 trustee when necessary), and additional legal fees being incurred including potential retainers to undertake any such future representation, if any agreed to be undertaken by Attorney (and allowed to).

The undersigned individuals acknowledge to have read, reviewed, understand and received an exact completed copy of *all SIX pages* of this Agreement and agree to be bound by all their terms and affirm that I/we are the person(s) requesting services of Attorney under this agreement.

DATED THIS __7th___ DAY OF ___OCTOBER_____, 2019

Client authorizes and directs Attorney to begin representation immediately and Attorney will undertake representation immediately upon the execution of this Agreement and thus legal fees will start being earned.

CLIENT(S):                                         FIRM: BENJAMIN | BRAND | LLP, A debt Relief Agency
Client: _____

Print:     MICHAEL S. HELMSTETTER              FOR FIRM: ___/s/ J. Kevin Benjamin_____
                                                Print:    J. Kevin Benjamin, Esq., (on behalf of Benjamin | Brand | LLP



Benjamin | Brand | LLP is designated as a Federal Debt Relief Agency by an Act of Congress and the President of the United States. Member of the National Association of Consumer Bankruptcy Attorneys

[Page - 6 of 6 THIS AGREEMENT CONTINUES UNTIL CONCLUDING ON PAGE 6 ]

