IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | March 17, 2020 at 9:30 am |

### NOTICE OF MOTION

TO:    Attached Service List

**PLEASE TAKE NOTICE** on March 17, 2020 at 9:30 a.m., I shall appear before the Honorable Judge Jacqueline P. Cox, or any other judge sitting in her stead, in Room 680, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on the Chapter 7 Trustee's Motion For Leave To Conduct 2004 Examination of the Debtor, a copy of which is hereby served upon you.

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 10th day of March 2020.



          /s/    Gregory K. Stern
                 Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty ID #2267012)
Monica C. O'Brien (Atty. ID # 6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
77 West Washington Street
Suite 1400
Chicago, Illinois 60602

J Kevin Benjamin
Benjamin & Brand
1016 West Jackson Boulevard
Chicago, Illinois 60607-2914

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue
Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street
Suite 600
Chicago, Illinois 60602

**Parties Served By United States Mail**

Michael S. Helmstetter
8500 29th Way
Unit 201
Pinellas Park, Florida  33782

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**CHAPTER 7 TRUSTEE'S MOTION FOR LEAVE TO
CONDUCT RULE 2004 EXAMINATION OF THE DEBTOR**

Now comes David R. Herzog, not individually but as Chapter 7 Trustee (the "Trustee"), by and through his attorneys, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Rachel S. Sandler ("Counsel"), pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy 2004, and in support of his Motion For Leave To Conduct Rule 2004 Examination of the Debtor, respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157, 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case"), and of this Motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and/or (O).

4. The predicates for the relief requested herein are 11 U.S.C. § 105(a) and Bankruptcy Rule 2004.

**BACKGROUND**

5. On October 9, 2019, Michael S. Helmstetter (the "Debtor") caused a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code to be filed; and David R. Herzog (the "Trustee") was appointed as trustee in this case.

6. The Debtor's Chapter 7 Schedules reflect extensive assets and business interests, including

but not limited to bank accounts, equity interests in automobile dealerships, reinsurance companies and other entities, tax refunds and causes of action having a scheduled value of $8,414,579.67. Specifically, the Schedules, Statement of Financial Affairs reflect the following:

(a) Financial accounts at Navy Federal Credit Union, Pacific Global Bank, Beverly Bank & Trust Company, JP Morgan Chase Bank.

(b) An interest in the following entities:

| Entity | % Ownership | Value |
|---|---|---|
| New City Auto Group, Inc. | 51% | $0.00 |
| Kingdom Chevrolet | 33% | $0.00 |
| Western Avenue Nissan, Inc. | 25% | $0.00 |
| New City Historic Auto Row LLC | 100%[1] | $0.00 |
| 2 Reinsurance Companies[2] | | $2,500,000.00 |

(c) Security deposits and prepayments totaling $50,000.00
(d) An interest in a trust called "the Zephyr 2020 Inc."
(e) Thirteen (13) separate causes of action/claims against third parties.
(f) The Debtor made transfers into the Helmstetter Family Trust and the Helmstetter Children Trust.

7. In addition to the foregoing, the Debtor is the author of at least one literary work, a play entitled "An Almost Perfect Murder," which was not disclosed on Schedule A/B.

## REQUESTED DISCOVERY

8. The Trustee wishes to examine the Debtor with respect to, among other things, (a) his financial dealings, transactions, disposition of property and/or transfers in the four (4) years prior to the filing of this case; (b) causes of actions and pending litigation; (c) the recovery and monetization of assets; (d) the accuracy and completeness of the disclosures made by the Debtor in his Schedules and Statement of Financial Affairs, and amendments thereto, filed with the United States Bankruptcy Court; and, (e) preferential payments and fraudulent transfers to creditors and insiders.

9. Counsel for the Trustee has made previous requests to the Debtor to provide information and documents but the Debtor has failed to respond to the Trustee's requests.

## BASIS FOR RELIEF REQUESTED

---

[1] Schedules reflect that Debtor sold 49% of company but fails to provide details as to name of buyer or date of sale.
[2] No identification of these Reinsurance Companies has been provided by the Debtor.

10. Section 105(a) of the Bankruptcy Code permits the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." 11 U.S.C. §105(a).

11. Fed. R. Bankr. P. 2004(a) authorizes the Court to order the examination of any entity on motion of any party in interest. Fed. R. Bankr. P. 2004(a). The scope of the examination is governed by Rule 2004(b), which provides in relevant part, that:

> The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

12. The scope of inquiry under Rule 2004 is very broad. The broad purpose and breath of Rule 2004 is discussed in *In re Bennett Funding Group, Inc.*, 203 B.R. 24 (Bankr. N.D. N.Y. 1996), which provides:

> Fed R. Bankr. P 2004(a) allows the court, upon motion of any party in interest or upon an *ex parte* basis, to order the examination of any entity. [It] "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." Fed R. Bankr. P. 2004(b). Third parties are also subject to examination under this rule if they possess knowledge of the debtor's acts, conduct or financial affairs which relate to the bankruptcy proceeding. The scope of this examination is admittedly "unfettered and broad." *In re Wilcher,* 56 B.R. 428,433 (Bankr. N.D. Ill. 1985). The purpose of such a broad discovery tool is to assist in the discovery of assets of the debtor which may have been intentionally or unintentionally concealed.

*Id*. at 27-28 (most citations omitted); *accord In re Handy Andy Home Improvement Ctrs, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("The scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted. Where there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining not only the debtor, but also other witnesses, such inquiry is allowed.").

WHEREFORE, the Chapter 7 Trustee, pursuant to Bankruptcy Rule 2004, prays for entry of an Order as follows:

      A.      Granting the Chapter 7 Trustee's Motion For Leave To Conduct Rule 2004 Examinations;

      B.      Ordering and directing the Debtor, Michael S. Helmstetter, to produce the documents requested by the Chapter 7 Trustee in the Rider attached as Exhibit A, care of the Trustee's attorneys, 53 West Jackson Boulevard, Suite 1442, Chicago, Illinois, on or before April 7, 2020;

      C.      Ordering and directing the Debtor, Michael S. Helmstetter, to produce any additional documents requested by the Chapter 7 Trustee, care of the Trustee's attorneys, 53 West Jackson Boulevard, Suite 1442, Chicago, Illinois, upon 10 days written notice from the Chapter 7 Trustee's attorney;

      D.      Ordering and directing the Debtor, Michael S. Helmstetter, to appear for oral examination upon 10 days written notice from the Chapter 7 Trustee's attorney; and,

      E.      For such other further relief as this Court deems just.

      /s/ Gregory K. Stern
      Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty ID #2267012)
Monica C. O'Brien (Atty. ID # 6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558