# PRODUCTION REQUEST

1. Any and all financial statements or applications for credit generated or issued by or on behalf of the Debtor for the time period since January 1, 2017 through the present, including but not limited to the financial statements provided to (a) the US Small Business Association, (b) Benita Berke, and (c) West Town Bank & Trust.

2. Federal and State 1040 income tax returns for the years 2013 through 2019 including any and all (a) riders, amendments, W-2(s), 1099(s), K1(s) or other documentation of income, (b) audit notices of said returns, assessments made by any taxing body relating to said returns, refunds received or entitled to be received for said returns and (c) any collateral interest granted in or imposed on said returns and the right of refunds. .

3. Federal and State 1120 or 1165 income tax returns for the years 2013 through 2019 for any closely held corporations or limited liability companies of which the Debtor is (or was) a shareholder, member, officer or director.

4. All cancelled checks, checkbooks, passbook statements, registers and statements for all financial accounts, including but not limited to bank, commodity and brokerage accounts, in which the Debtor had an interest for the time period January 1, 2018 through the present, including but not limited to the Debtor's accounts at Navy Federal Credit Union, Pacific Global Bank, Beverly Bank & Trust Company, JP Morgan Chase Bank.

5. All executory contracts, leases or other agreements, to which the Debtor is or was party, authorized signor, or guarantor for the time period of January 1, 2013 through the present, including but not limited to all contracts and leases listed on Schedule G

6. The following documents related to the Security Deposits and Prepayments identified in Question 22 of Schedule A/B:

    (a) @Properties, Randolph location: Documents identifying the source of the funds paid to the landlord, terms of the deposit, the lease involved, and the right of Debtor to return of any funds, and the amount of deposit used to Petition Date.

    (b) Dixon Hughes, Copy of agreement, contract or other engagement documents, documents identifying the source of the funds paid to the expert, services to be performed by the expert, right of Debtor to return of any funds, and the amount of deposit used to Petition Date.

    (b) Maureen Joyceat, 2401 S. Michigan/County Mayo: Documents identifying the source of the funds paid to the landlord, terms of the deposit, the lease involved, and the right of Debtor to return of any funds, and the amount of deposit used to Petition Date.

7. For the two (2) reinsurance companies identified in Question   , provide all documents supporting Debtor's ownership interest, including all formation documents, contracts, agreements, or correspondence.

8. Any and all documents evidencing the Debtor's ownership interest in Prime Time Nissan.

9. All motor vehicle titles and watercraft titles in which the Debtor has or had an interest for the time period of January 1, 2013 through the present.

10. All records of any insurance policies, including but not limited to automobile, watercraft, personal property, homeowners or life insurance policies maintained by the Debtor since January 1, 2013 through the present.

11. Copies of all trusts in which the Debtor is the grantor, grantee or beneficiary.

12. Copies of the following trusts and any amendments or modifications : (a) the Helmstetter Family Trust, (b) the Helmstetter Children's Trust and (c) the Zephyr 20220 Inc. trust. For each of these trusts, provide the evidence of assets deposited in the trust e and property removed from the trust, beneficiaries of the trust and any change of said beneficiaries, any security or restrictions imposed on said trust, and tax returns of the trust.

13. Copies of all literary works of the Debtor and any copyright or other intellectual property related thereto.

14. For each cause of action and/or litigation identified in Question 33 on Schedule A/B, provide: (a) copies of complaint and amendments or modifications thereof, (b) counterclaims, (c) answers, (d) dispositive motions, (e) status reports, (f) correspondence from Debtor's counsel relating to the status or strategy of handling the matter,(g) fee statements of counsel for same, (h) orders entered from and after June 1, 2019, to the present, (i) insurance coverage of Debtor to insure against the ad damnum, (j) judgments, (k) notices of appeal, supersedeas, and decisions of the appellate court. To the extent that no litigation has been initiated for a cause of action identified in Question 33, provide any and all documents which support the alleged cause of action.

15. All documents, correspondence or other paperwork, not already produced, which in any way identify or otherwise relate to any asset not otherwise identified or scheduled by the Debtor, including but not limited to photos and inventory of any jewelry, electronics, antiques, and collectibles.

# EXHIBIT A