IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | September 1, 2020 at 1:00 pm |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on **September 1, 2020, at 1:00 p.m.**, I shall appear before the **Honorable Jacqueline P. Cox**, or any other judge sitting in her stead, and request a hearing on the ***Chapter 7 Trustee's Motion for Entry of Agreed Order Determining Ownership of At Least 33% of Shares of Stock of Kingdom Chevrolet Inc***., a copy of which is attached hereto and thereby served upon you.

**These motions will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476.

If you object to these motions and want it called on the presentment date above, you must file a Notice of Objection to each motion no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 11th day of August, 2020.

                                            /s/ Gregory K. Stern
                                              Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
77 West Washington Street
Suite 1400
Chicago, Illinois 60602

Richard L Hirsh
1500 Eisenhower Lane
Suite 800
Lisle, IL 60532

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue
Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street
Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

**Parties Served By United States Mail**

Michael S. Helmstetter
8500 29th Way, Unit 201
Pinellas Park, Florida 33782

Tyler Helmstetter
598 Manor Dr.
Absecon, New Jersey 08201

Alexis Helmstetter
1741A Beachview Court
Crown Point, Indiana 46307

Hannah Helmstetter
2584 Miami Street
Lake Station, Indiana 46405

Zephyr 2020, Inc,, a Nevada corporation
Attn:  Michael Helmstetter, Director,
President, Secretary and Treasurer
465 N. Park Drive, #308
Chicago, Illinois 60611

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | | <u>Hearing Date and Time</u>: |
| | | **September 1, 2020, at 1:00 p.m.** |

**MOTION FOR ENTRY OF AGREED ORDER DETERMINING OWNERSHIP OF AT <u>LEAST 335</u> OF SHARES OF STOCK IN KINGDOM CHEVROLET INC.**

Now comes DAVID R. HERZOG, Chapter 7 Trustee (the "**Trustee**"), by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid, and in support of his **Motion for Entry of Agreed Order Determining Ownership of At Least 33% of Shares of Kingdom Chevrolet, Inc**., states as follows:

A.  **BACKGROUND**

1.  On October 9, 2019, Michael S. Helmstetter (the "**Debtor**") filed his Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code with this Court.

2.  David R. Herzog (the "**Trustee**") was appointed to act as the Chapter 7 Trustee in this case and is the duly appointed and acting trustee as no other trustee had been elected at the meeting of creditors.

B.  **SHARES OF KINGDOM CHEVROLET, INC., SOUTH CHICAGO NISSAN AND REINSURANCE COMPANIES**

3.  The Debtor scheduled[1] as assets owned by him the following business assets:

    a.  33% of the shares of stock in Kingdom Chevrolet, Inc. ("**Kingdom**"), which operates an automobile dealership in Chicago, IL;
    b.  25% of the shares of South Chicago Nissan, d/b/a Western Avenue Nissan, ("**Western Avenue**") which operates an automobile dealership in Chicago,

---

[1] The original schedules [Doc. 31] were filed on November 5, 2019. Amended schedules [Doc. 47] were filed on March 17, 2020. All references made in this Motion refer to the Amended Schedules [doc. 47].

    IL; and,

   c. Ownership of two unidentified Reinsurance Companies ("**Reinsurance Companies**").

4. Debtor values these assets at $5 Million.

C. **ALLEGED TRANSFER OF SHARES OF KINGDOM AND WESTERN AVENUE**

5. Debtor disclosed on his Schedules and Statement of Financial Affairs transfers within one year of the Petition Date of some or all of the shares of Kingdom and Western Avenue to three entities, being:

   a. Zephyr 2020, Inc.("**Zephyr**");
   b. Helmstetter Family Trust ("**Family Trust**")[2]; and
   c. Helmstetter Childrens' Trust ("**Childrens' Trust**") [3].

6. Trustee has investigated the alleged transfers of the Debtor's stock in Kingdom and Western Avenue and is therefore informed and reasonably believes based on the information provided to Trustee by Debtor's successor counsel and counsel for Kingdom and Western Avenue that there were no completed transfers of the stock of Kingdom and Western Avenue to any of the entities referenced in paragraph 5 above.

7. Pursuant to an order of this Court granting the Trustee's Rule 2004 demand for production of documents, Debtor has not produced any documents evidencing a transfer of the stock of Kingdom and/or Western Avenue to Zephyr, the Family Trust and the Children's Trust.

8. Kingdom admits that Helmstetter is an owner of 33% of the stock of Kingdom but does not have in its stock registry or any evidence of a transfer of Helmstetter's stock to any other person or entity including Zephyr and the two trusts.

9. Western Avenue denies that Helmstetter owns or has a right to own any shares of the stock of Western Avenue and does not have any evidence of a transfer or attempted transfer by Helmstetter of

---

[2] Debtor was not married at the Petition Date but does have a relationship with a woman.
[3] Debtor has three adult children who have been service with a copy of this Motion and its notice.

its stock claimed to be owned by Helmstetter.

D.   **OFFER TO PURCHASE SHARES OF STOCK OF KINGDOM, WESTERN AVENUE AND INTEREST IN REINSURANCE COMPANIES**

10. Prior to the filing of the instant case, extensive litigation in the Circuit Court of Cook County occurred between (a) the Debtor, Kingdom, and Western Avenue; and, (b) Richard Ruscitti ("**Ruscitti**"), the majority owner of Kingdom, and Western Avenue. Mutual allegations of wrongdoing were exchanged, Helmstetter asserted to own more stock in Kingdom than the 33% to which Ruscitti and Kingdom admitted that he did own, and Helmstetter's ownership of any interest of Kingdom beyond 33%, any interest in Western Avenue and the Reinsurance Companies were disputed.

11. Ruscitti and/or Kingdom has made an offer to the Trustee to settle the Circuit Court litigation and to purchase from the Trustee any and all interest, whether real, apparent or disputed, of Helmstetter in the shares of Kingdom, Western Avenue and the Reinsurance Companies. This offer is the subject of a separate Motion being presented to the Court for its approval contemporaneously herewith, and therefore further details of the offer will be reserved for the separate sale and settlement Motion and will not be repeated herein.

12. Ruscitti and Kingdom would not have made the offer to settle and purchase Helmstetter's interest in the assets referenced above without an assurance that the Trustee as representative of the estate of the Debtor was the sole owner of the Kingdom and Western Avenue shares of stock and that no other person or entity owned any interest in Helmstetter's shares of Kingdom and Western Avenue.

13. Helmstetter's statement in his schedules disclosing a transfer of some or all of his shares of the stock of Kingdom and Western Avenue created uncertainty as to the issue of ownership and delayed and threatened to preclude Ruscitti and/or Kingdom from making their offer.

14. The Trustee sought to resolve the uncertainty regarding the issue of the possible third-party ownership of some or all of Helmstetter's shares in Kingdom and Western Avenue by a Stipulation

between the Trustee on behalf of the Estate, Ruscitti and Kingdom, and Helmstetter in his capacities as (i) Debtor, (ii) trustee of the Family Trust, (iii) trustee of the Childrens' Trust and (iv) sole owner and manager of Zephyr. Such a Stipulation would obviate the delay and expense of litigation in an Adversary Proceeding to determine the respective property rights of the parties in these assets and expedite the administration of the estate.

15. Attached hereto as a proposed order is the Stipulation of (i) Trustee, (ii) Ruscitti and Kingdom and (iii) Helmstetter as Debtor, as trustee of both the Family and Childrens' Trust and as sole owner and manager of Zephyr determining that neither the Family Trust, the Childrens' Trust nor Zephyr own any interest in the Debtor's stock in Kingdom and Western Avenue and that the Trustee as successor to the Debtor is the sole owner of the scheduled shares of stock in Kingdom and Western Avenue.

E. **PRAYER FOR RELIEF**

16. Based on the agreement of the parties hereto as stated in the Stipulation and Agreed Order, the Trustee prays that this Court enter the Stipulation and Agreed Order and determine ownership of the Scheduled shares of stock of Kingdom and Western Avenue.

WHEREFORE, the Trustee prays for entry of the Agreed Order attached hereto based on the stipulation of the parties thereto and for such other further relief as this Court deems just.

                                                /s/ Gregory K. Stern
                                      Gregory K. Stern, Attorney For Trustee

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558