IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19–28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | **September 1, 2020 at 1:00 pm** |

**NOTICE OF MOTION**

TO:    Attached Service List

**PLEASE TAKE NOTICE THAT** on **September 1, 2020, at 1:00 p.m.**, I shall appear before the **Honorable Jacqueline P. Cox**, or any other judge sitting in her stead, and request a hearing on the *Chapter 7 Trustee's Motion for Approval of Settlement of Disputes with Kingdom Chevrolet, Inc., and Richard Ruscitti and Transfer of At Least 33% of Shares of Stock of Kingdom Chevrolet Inc., 25% of Shares of South Chicago Nissan d/b/a Western Avenue Nissan to Kingdom Chevrolet, Inc And to Limit Notice to Twenty Largest Creditors*, a copy of which is attached hereto and thereby served upon you.

**These motions will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.CourtSolutions.com or by calling Court Solutions at (917) 746-7476.

If you object to these motions and want it called on the presentment date above, you must file a Notice of Objection to each motion no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 11th day of August, 2020.

             /s/ Gregory K. Stern             
                      Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
77 West Washington Street, Suite 1400
Chicago, Illinois 60602

Richard L Hirsh
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

**Parties Served By United States Mail**

Michael S. Helmstetter
8500 29th Way, Unit 201
Pinellas Park, Florida 33782

Tyler Helmstetter
598 Manor Dr.
Absecon, New Jersey 08201

Alexis Helmstetter
1741A Beachview Court
Crown Point, Indiana 46307

Hannah Helmstetter
2584 Miami Street
Lake Station, Indiana 46405

Zephyr 2020, Inc,, a Nevada corporation
Attn:  Michael Helmstetter, Director,
President, Secretary and Treasurer
465 N. Park Drive, #308
Chicago, Illinois 60611

ADG
Attn: William H. Kelly, Partner
5810 W. 78th Street, Suite 300
Minneapolis, MN 55439

Beerman LLP
161 N Clark Street, Suite 3000
Chicago, IL 60601

Benetta Berke
36 W. Rankdolph, #701
Chicago, IL 60601

Brown, Udell, Pomerantz, & Delrah

Attn: Michael S. Pomerantz, Esq.
225 W. Illinois Street, Suite 300
Chicago, IL 60654

Centier Bank
Attn:Collections
600 E 84th Ave
Merrillville, IN 46410

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

Ft. Worth Brothers Automotivee LLC
c/o Burke Warren McKay Serritella
330 N. Wabash, 21st Floor
Chicago, IL 60611

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

IRS
PO BOX 7346
Philadelphia, PA 19101-7346

Kerri Fallon
1741a Beachview Court
180 N. La Salle Street, Suite 3700
Crown Point, IN 46307

Kerri Fallon Helmstetter
c/o Karr Eggert LLP
180 N. La Salle Street, Suite 3700
Chicago, IL 60601

Kingdom Chevrolet, Inc.
c/o Karr Herschman Eggert LLP
150 N. Wacker Drive, Suite 940
Chicago, IL 60606

Oak Group bba Warranty Sol'n Mngt Corp
7125 W. Jefferson Ave., Suite S-200
Denver, CO 80235


Oceantime LLC
3208 NE 10th Street

Pompano Beach, FL 33062-3908

Pearl Capital Business Funding, LLC
525 Washington Blvd, 22nd Floor
Jersey City, NJ 07310

Premium Business Solutions
8019 N. Himes
Tampa, Florida  33611

Reyna Capital Corporation
One Reynolds Way
Kettering, OH 45430

Ridgestone Bank
500 Elm Grove Road, Suite 102
Elm Grove, WI 53122

West Lake Financial Services
4751 Wilshire Blvd., Suite 100
Los Angeles, CA 90010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | | <u>Hearing Date and Time</u>: |
| | | **September 1, 2020, at 1:00 p.m.** |

*Chapter 7 Trustee's Motion for Approval of Settlement of Disputes with Kingdom Chevrolet, Inc., and Richard Ruscitti and Transfer of At Least 33% of Shares of Stock of Kingdom Chevrolet Inc., 25% of Shares of South Chicago Nissan d/b/a Western Avenue Nissan to Kingdom Chevrolet, Inc* <u>*And to Limit Notice to Twenty Largest Creditors*</u>

Now comes DAVID R. HERZOG, Chapter 7 Trustee (the "**Trustee**"), by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid, and in support of his *Chapter 7 Trustee's Motion for Approval of Settlement of Disputes with Kingdom Chevrolet, Inc., and Richard Ruscitti and Transfer of At Least 33% of Shares of Stock of Kingdom Chevrolet Inc., 25% of Shares of South Chicago Nissan d/b/a Western Avenue Nissan to Kingdom Chevrolet, Inc And to Limit Notice to Twenty Largest Creditors*.,  states as follows:

A.     **BACKGROUND**

1.     On October 9, 2019, Michael S. Helmstetter (the "**Debtor**") filed his Voluntary Petition for Relief ("**Petition Date**") under Chapter 7 of the United States Bankruptcy Code with this Court.

2.      David R. Herzog (the "**Trustee**") was appointed to act as the Chapter 7 Trustee in this case and is the duly appointed and acting trustee as no other trustee had been elected at the meeting of creditors.

B. **SHARES OF KINGDOM CHEVROLET, INC., SOUTH CHICAGO NISSAN, KINGDOM ADVERTISING AND REINSURANCE COMPANIES**

3. The Debtor scheduled[1] as assets owned by him the following business assets:

    a. 33% of the shares of stock in Kingdom Chevrolet, Inc. ("**Kingdom**"), which operates an automobile dealership in Chicago, Illinois, and now asserts a right to possible more shares of stock of Kingdom;
    b. 25% of the shares of South Chicago Nissan, d/b/a Western Avenue Nissan, ("**Western Avenue**") which operates an automobile dealership in Chicago, Illinois; and,
    c. Ownership of two unidentified Reinsurance Companies ("**Reinsurance Companies**").

4. Debtor values these assets at $5 Million.

C. **ALLEGED TRANSFER OF SHARES OF KINGDOM AND WESTERN AVENUE**

5. Debtor disclosed on his Schedules and Statement of Financial Affairs transfers within one year of the Petition Date of some or all of the shares of Kingdom and Western Avenue to three entities, being:

    a. Zephyr 2020, Inc.("**Zephyr**");
    b. Helmstetter Family Trust ("**Family Trust**")[2]; and
    c. Helmstetter Children's' Trust ("**Children's' Trust**") [3].

6. Trustee has investigated the alleged transfers of the Debtor's stock in Kingdom and Western Avenue and is therefore informed and reasonably believes based on the information provided to Trustee by Debtor's successor counsel and counsel for Kingdom and Western Avenue that there were no completed transfers of the stock of Kingdom and Western Avenue to any of the entities referenced in paragraph 5 above. Contemporaneously with this Motion, the Trustee is submitting a Motion to the Court for the Entry of an Agreed Order determining that the Trustee is the sole owner of the Debtor's shares of

---

[1] The original schedules [Doc. 31] were filed on November 5, 2019. Amended schedules [Doc. 47] were filed on March 17, 2020. All references made in this Motion refer to the Amended Schedules [doc. 47].
[2] Debtor was not married at the Petition Date but does have a relationship with a woman.
[3] Debtor has three adult children who have been service with a copy of this Motion and its notice. 20 shares of stock of Zephyr 2020 were intended to be issued to the Children's' Trust but the Debtor has produced only unsigned documents pertaining to said shares.

stock in Kingdom and any interest that the Debtor claims to own in Western Avenue.

7. Pursuant to an order of this Court granting the Trustee's Rule 2004 demand for production of documents, Debtor has not produced any documents evidencing a transfer of the stock of Kingdom and/or Western Avenue to Zephyr, the Family Trust and the Children's Trust.

8. Kingdom admits that Helmstetter is an owner of 33% of the stock of Kingdom but does not have in its stock registry or any evidence of a transfer of Helmstetter's stock to any other person or entity including Zephyr and the two trusts.

9. Western Avenue denies that Helmstetter owns or has a right to own any shares of the stock of Western Avenue and does not have any evidence of a transfer or attempted transfer by Helmstetter of its stock claimed to be owned by Helmstetter.

D. **SETTLEMENT OF OWNERSHIP INTERESTS IN KINGDOM, WESTERN AVENUE AND THE REINSURANCE COMPANIES AND RELATED MATTERS**

10. Prior to the filing of the instant case, extensive litigation in the Circuit Court of Cook County occurred between (a) the Debtor, (b) Kingdom and Western Avenue; and (c) Richard Ruscitti ("**Ruscitti**"), the majority owner of Kingdom, and Western Avenue. Mutual allegations of wrongdoing were exchanged, Helmstetter asserted to own more stock in Kingdom than the 33% to which Ruscitti and Kingdom admitted that Helmstetter did own 33% of Kingdom's shares, but Helmstetter's assertion of an ownership interest of Kingdom beyond 33% of the shares of Kingdom, any interest in Western Avenue and the Reinsurance Entities[4] were disputed by Ruscitti, Kingdom and Western ((collectively the "**Settling Parties**"). The Reinsurance Entities also dispute that the Debtor has any interest in the Reinsurance Entities.

11. The Settling Parties and the Trustee have entered into an agreement (the "**Settlement**

---

[4] The Settlement Agreement names the Reinsurance Entities as R&R Warranty Reinsurance Company, Ltd., RR&M Warranty Reinsurance Company, Ltd., Go Cubs Go Reinsurance Company, Ltd., Ruscitti Insurance Group Reinsurance Company, Ltd., Western Avenue Reinsurance Co., Kingdom Reinsurance Company, Ltd., and SideCars, Inc., SideCars

**Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A,** to settle the Circuit Court litigation and for the Trustee to transfer to Ruscitti and/or Kingdom any and all of his interest, whether real, apparent or disputed, of Helmstetter in the shares of Kingdom, Western Avenue and any interests in the Reinsurance Entities. In further detail, the Settlement Agreement provides as follows:

    A.    Kingdom or Ruscitti will pay the sum of $555,000.00 in good funds to the Trustee for the benefit of the Estate;

    B.    Mutual releases will be exchanged releasing the Settling Parties from the complaints commenced against them by Helmstetter in the Circuit Court litigation and releasing Helmstetter from the Counterclaim and actions commenced against him in the Circuit Court litigation;

    C.    The Trustee on behalf of the Estate will release all interest of the Estate in all shares of stock of Kingdom, Western Avenue, Kingdom Advertising (an unincorporated business, the Reinsurance Entities, the *Westernavenuenissan* ("**Western Dealership Domain Name**') and any other claims against the Settling Parties;

    D.    The Trustee will transfer pursuant to Section 363 of the Bankruptcy Code to Kingdom all of the Estate's right, title and interest in the shares of stock of Kingdom and Western Avenue, as well as transfer to Ruscitti the Western Dealership Domain Name and any interests in the Reinsurance Entities;

    E.    Stipulations to dismiss the Circuit Court litigation will be executed and filed, concluding all of that litigation; and

    F.    The Trustee will to the best of his ability but at no expense to the Estate will cooperate with Ruscitti in (i) executing all necessary documentation transferring all right, title and interest related to the Western Dealership Domain Name to Ruscitti, (ii) unlocking the Western Dealership Domain Name with the applicable registrar and (iii) providing to Ruscitti the transfer authorization code

---

Insurance Company, Ltd.

from the applicable registrar.

E. **STANDARDS FOR APPROVAL OF SETTLEMENT WITH THE SETTLING PARTIES**

12. Compromise and settlement have long been an inherent component of the bankruptcy process. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Rule 9019 provides:

> (a) COMPROMISE. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

13. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See, Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); <u>Fishell v. Soltow (In re Fishell)</u>, No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1982); *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Check Reporting Service, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Bartel v. Bar Harbor Airways. Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

14. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

      (a)    the probability of success in litigation;
      (b)    the difficulty in collecting any judgment that may be obtained;
      (c)    the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and,
      (d)    the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See In re Patel*, 43 B.R. at 504-05; *Protective Comm. for Indep. Stock holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Pennsylvania Truck Lines. Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assoc's.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

    15.    The decision to approve a settlement or compromise is within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See, TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. *Neshaminy Office*, 62 B.R. at 803.

    16.    The paramount question in approving a bankruptcy settlement is whether the compromise is in the best interests of the estate. *E.g., In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). The "linchpin" of this examination is "a comparison of the value of the settlement with the probable costs and benefits of litigating. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Factors that the Court should consider include "the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (internal quotations omitted).

    17.    In conducting such an analysis, "a precise determination of likely outcomes is not

required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Coop, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989)). Instead, the court must determine if the "settlement falls within the reasonable range of possible litigation outcomes." *Doctors Hosp.*, 474 F.3d at 426. The standard is not met "only if a settlement falls below the low end of possible litigation outcomes." *Id.*

18.   The Trustee believes that the proposed compromise and settlement in the Settlement Agreement is reasonable and equitable in light of all of the relevant factors. In reaching the terms of the settlement, the Trustee compared the value of the agreement with the costs, effort and risks associated with continuing the litigation in the Circuit Court of Cook County against the Settling Parties. The Trustee believes that settlement is in the best interest of the Bankruptcy Estate. The Trustee asks the Court to exercise its authority and discretion and, based on the standards for the approval of compromises under Rule 9019, approve the settlement between the Trustee and the Settling Parties.

19.   The Settlement Agreement conforms to the standards required for approval by this Court of a compromise and settlement for one or more of the following reasons:

   a)   The litigation proposed to be settled has been bitterly prosecuted by both sides since December 2014, without any meaningful settlement negotiations occurring between the parties and will therefore in all likelihood continued to be litigated for several additional years in the absence of the approval of the instant settlement, which is especially true in light of the litigation remaining in the stage of paper discovery without the commencement of depositions or expert testimony;

   b)   Helmstetter's Counsel in the Circuit Court litigation is the second counsel employed and is subject to a disqualification motion prosecuted by Ruscitti citing a possible conflict

due to Counsel's representation of Ruscitti several years earlier;

c)  Counsel for Helmstetter asserts through a Proof of Claim filed in this Bankruptcy Case a secured claim of $166,621.52 for a hybrid engagement agreement based on an hourly rate plus 21% of any recovery in excess of $400,000.00, with the basis of the security being an attorney's lien[5];

d)  The Debtor has recommended another lawyer to take over and prosecute the Circuit Court litigation on behalf of the Estate on a contingent fee basis at 50% of any recovery, which, together with the asserted attorney's lien of Helmstetter's Counsel, would equal 71% or more of any recovery from the Circuit Court litigation;

e)  The Trustee has not collected any funds of the Debtor nor discovered any other assets to liquidate, thereby leaving the Estate with no funds to pay the legal expenses of other counsel for the continued prosecution of the Circuit Court litigation against the Settling Parties;

f)  The merits of the Circuit Court litigation are complicated involving claims of fraud, conflicts, mismanagement and other wrongdoing on the part of all of the litigants, leaving the final result to be extremely difficult to determine and therefore, uncertain;

g)  The ability of the Trustee to prevail in the prosecution of the Circuit Court litigation is highly dependent on the testimony and continued cooperation of the Debtor over the next several years which is speculative due to the facts that the Debtor has relocated his residence to Florida and will not financially benefit from any recovery realized from the Circuit Court litigation;

h)  Collection of any judgment realized several years in the future is an unknown fact based on then future financial condition of the Settling Parties, all of whom are involved in the retail sales of automobiles in the Chicago market, with financial uncertainties and difficulties caused

---

[5] The Trustee has not accepted as valid the secured claim asserted by Counsel and reserves all rights to object to the validity of the nature, extent and perfection of the alleged lien and the correct amount of the claim.

by the current COVID-19 pandemic adversely effecting the retail sales of automobiles and the future transformation of automobiles from internal combustion power to electric power and from driver operated vehicles to autonomous operated vehicles; and

        i)       Collection of any judgment would also require the Trustee to sell in the future the highly illiquid shares (see below) of the Kingdom stock and to the extent he has an interest in, the shares of the Western Avenue stock, the rights in the Reinsurance Entities, Kingdom Advertising and the Western Dealership Domain Name, all of which are being accomplished through the Settlement Agreement at the present time.

F.      **Section 363 Transaction.**

20.      Section 363 of the Bankruptcy Code provides that the trustee, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the Estate." 11 U.S.C. § 363(b).

21.      To approve the use, sale or lease of property outside the ordinary course of business, the trustee must essentially satisfy the "business judgment rule" and illustrate his decision to sell is made on an informed basis, in good faith, and in an honest belief that the transaction is in the estate's best interest. *In re Shipman*, 344 B.R. 493,495 (Bankr. N.D.W.Va. 2006). The Trustee must show that there is a sound business purpose for the sale, the consideration is fair, he has provided adequate and reasonable notice, and the purchaser has acted in good faith.

22.      The Trustee submits that the consideration set forth in the Settlement Agreement satisfies the requirements of the business judgment rule based on the following facts:

        A.      The Debtor's admitted ownership of 33% of the shares of Kingdom and his disputed ownership of 25% Western Avenue constitute minority interests in business subject to the direction of a shareholder holding a majority amount of shares in both businesses that affords to Ruscitti

the right to exercise dominant power in managing the businesses;

   B. Sales of a minority equity position of a closely held business corporation offers a depressed market price due to the lack of any management rights associated with the ownership of said minority position and the need for the shareholders to maintain a cooperative basis of operating the business in order to achieve financial success;

   C. The Estate is realizing value from the transfer of the highly disputed ownership interests of the Debtor and therefore, the Estate in Western Avenue, Kingdom Advertising, the Reinsurance Companies and the Western Dealership Domain Name, all of which could be lost in a depressed market for automobile dealerships and in the Circuit Court litigation;

   D. The business climate for the retail sale of automobiles in the Chicago market and therefore, for the value of dealerships is depressed by the COVID-19 pandemic and of an uncertain price due to an absence of regularly traded markets or prices for the sale and purchase of shares of stock in closely held corporations; and.

   E. The consideration to be realized by the Estate under the Settlement Agreement represents a certain return to the Estate for the assets being sold and will provide sufficient funds to permit the Estate to pay a dividend to creditors.

  23. The Trustee believes in the exercise of his business judgment that the consideration set forth in the Settlement Agreement represents a fair value to the Estate for the transfer of the described in the Settlement Agreement.

  24. When applying the "business judgment" rule to a trustee's transfer of estate assets, the trustee's business judgment is subject to great judicial deference, and the trustee's decisions will not be disturbed unless it is shown that he acted in an irrational, arbitrary, or capricious manner, clearly contrary and not justified by the evidence. *In re Murphy*, 288 B.R. 1, 5 (D. Me. 2002). Therefore, the relief

requested in this Motion should be granted based on the Trustee demonstrate of the sound business justification stated hereinabove.

25.  Prior to the presentment of the Settlement Agreement to the Court, the Trustee has conducted efforts to solicit offers to purchase some or all of the assets being sold and transferred pursuant to the Settlement Agreement. Those efforts failed to attract any offers. Therefore, the Trustee believes that the transaction described in the Settlement Agreement will represent the most efficacious means to dispose of the Estate's interests in such assets (if any) and recommends that the Court waive advertising and efforts to solicit competitive bids, although the Trustee will in the exercise of his fiduciary duties consider acceptance of any third party offers at a higher or better consideration to the Estate.

G.  **Limiting Notice to Twenty Largest Creditors and Parties Entitled to Receive Notice**

26.  The Debtor has a multitude of creditors, which would make it unduly burdensome for the Trustee to send notice to all of the Debtor's creditors. Rather, the Trustee seek to limit notice to the following parties: (i) the Debtor, (ii) United States Trustee; (iii) twenty largest creditors; and (iv) all parties entitled to receive notice.

H.  **PRAYER FOR RELIEF**

WHEREFORE, the DAVID R. HERZOG, Chapter 7 Trustee prays for the entry of an order in the form of attached hereto granting the following relief to the Trustee pursuant to the present Motion:

A.  Granting this Motion on the terms and conditions provided herein;

B.  Approving the Settlement between the Trustee with Settling Parties on the terms of the Settlement Agreement and authorizing the Trustee to perform the undertakings provided in the Settlement Agreement to be performed by the Trustee on behalf of the Estate;

C.  Authorizing and directing Kingdom and/or Ruscitti to pay in good funds the sum of $555,000.00 upon the terms and conditions stated in the Settlement Agreement;

     D.     Approving and authorizing the Trustee to transfer to Kingdom and Ruscitti the assets described in the Settlement Agreement with said transfer being free and clear of all liens, claims and interests of all third parties;

     E.     Limiting notice to the parties stated in paragraph 25 hereinabove;

     F.     Waiving advertising and further efforts to solicit competitive bids to purchase the assets described in the Settlement Agreement; and

     G.     And for such other further relief as this Court deems just.

                                      DAVID R. HERZOG, Chapter 7 Trustee

                                      /s/ Gregory K. Stern
                                      Gregory K. Stern, Attorney For Trustee

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558