B2030 (Form 2030) (12/15)

**United States Bankruptcy Court**
**Northern District of Illinois**

Adversary Case 19-01001
Nissan v. Helmstetter

In re   **Michael S. Helmstetter**
Debtor(s)

Case No.   **19-28687**
Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept                                    $       20,000.00
   Prior to the filing of this statement I have received                          $       20,000.00
   Balance Due                                                                    $            0.00

2. The source of the compensation paid to me was:

   ☐ Debtor   ■ Other (specify):   **Paul Helmstetter**

3. The source of compensation to be paid to me is:

   ■ Debtor   ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
   b. [Other provisions as needed]
      **see retainer agreement for details and clarification.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **This form is strictly for Adversary filed by Nissan under terms of written retainer being filed WITH THIS DISCLOSURE**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**October 6, 2020**
Date

/s/ Richard L. Hirsh
**Richard L. Hirsh**
*Signature of Attorney*
**Richard L. Hirsh, P.C.**
**1500 Eisenhower Lane**
**Suite 800**
**Lisle, IL 60532-2135**
**630.434.2600   Fax: 630.434.2626**
**richard@bankruptcy-dupage.com**
*Name of law firm*

*Law Offices*

# RICHARD L. HIRSH, P.C.
1500 Eisenhower Lane, Suite 800
Lisle, Illinois 60532-2135

Tel 630.434.2600                                                                                         Fax 630.434.2626
www.bankruptcy-dupage.com                                 richard@bankruptcy-dupage.com

April 27, 2020

VIA E-MAIL

Paul Helmstetter, **plhelmstetter@gmail.com**
Michael Helmstetter, **mikehelmstetter@hotmail.com**

      Re:    *Nissan North America, Inc., v. Michael S. Helmstetter*

Gentlemen:

      I am writing to discuss the terms of my engagement in the above captioned matter to represent Michael Helmstetter and also to set forth and describe what I understand to be the status of the proceedings and how we must undertake the representation in this case. The adversary proceeding referenced above is an action brought by Nissan North America, Inc., against Michael to have its claim of $1.3 million dollars declared non-dischargeable. That objection applies only to its claim and not the indebtedness or claims of any other creditor. The objections are all apparently brought under §523 of the Bankruptcy Code as I will delineate further below. First, I will address the legal sufficiency of the complaint and the status of the pleadings and then I will talk about the procedural status of the case; and finally terms of my engagement.





Finally, in Count III they allege what I would call classic fraud which is covered by §523(a)(2)(A) of the Bankruptcy Code and involves the classic elements of an intentional false statement with the intent that the creditor rely on the statement; that the creditor did, in fact, rely on that statement in making a loan or extending credit is some form. I would have attacked this Count probably because of its lack of specificity. As required under Rule 9(b).



2



[redacted]

Turning to the issue of my fees, I had proposed and I understand from Nick Tancredi that you have accepted my proposal to pay me $20,000 as a nonrefundable, flat fee for handling this case through trial. It would not include any appellate work, it would not include defending any other claims or adversary proceeding. I understand that in the underlying bankruptcy case there is supposed to be a Rule 2004 deposition however Mr. Benjamin is still counsel of record in that case and would represent Michael in that Rule 2004 Exam. I would be happy to give you some informal advice and talk to you about that so you are aware of what that entails.

So the flat fee for this representation would be $20,000 paid in advance, It would be a non-refundable fee for undertaking the representation through trial. In addition, Michael would be responsible for all costs incurred in this case. I gave you a ballpark estimate of likely $10,000 additional costs; it might be more, it might be less. Michael would be responsible to pay those costs. I would propose that Paul guarantee same if not paid by Michael. I would bill costs on a monthly basis and I expect to be paid within one month of the receipt of the bill. The most likely costs would be for depositions and transcripts. At this time I do not anticipate a need for expert witnesses. Other costs might include photocopying costs which are outside the ordinary routine costs, postage, messenger service, and a $70 charge for every telephonic court appearance I make which is what I get charged for calling into the court telephonically That is a mandatory fee and at this point in time we are not allowed to attend court in person.

In a recent e-mail Paul has suggested that he would wire the funds to my office. I can do that and my wire number is routing number 541210032 and account 199373260686. The name of the account is Richard L. Hirsh, P.C. and it goes to U.S. Bank. [redacted]

I would ask that each of you sign this document below so that you are acknowledging that you have read it and understand it. It binds Michael to the fee arrangement and to pay me the costs as billed. It also confirms that Paul is funding the retainer in this case and would guarantee payment of the costs if Michael does not. Notwithstanding that Paul is footing the bill, Michael is the only person who is my client. We have to be concerned about attorney client privilege.

If all the foregoing is correct and you have no questions, please sign and return. You may sign this in counterparts and each return a signed copy. If you have any questions we can talk and resolve same.

4

Very truly yours,

/s/ Richard L. Hirsh

Richard L. Hirsh

RLH/cmz

Accepted and approved:

_____  Date:_____
Michael Helmstetter

*Paul Helmstetter* (signature)  Date: 4/28/20

Paul Helmstetter

5

Very truly yours,

Richard L. Hirsh

RLH/cmz

Accepted and approved:

_____ Date: 4/29/2020
Michael Helmstetter

_____ Date:_____
Paul Helmstetter

5