IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## AMENDED NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on January 19, 2021, at 1:00 p.m., I shall appear before the Honorable Jacqueline P. Cox, or any other judge sitting in her stead and request a hearing on the Amended Chapter 7 Trustee's Attorneys First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Creditors**,** a copy of which is attached hereto and thereby served upon you.

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is 1612732896 and the password is 778135.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that I caused a copy of the foregoing AMENDED NOTICE OF MOTION and AMENDED MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 13th day of January, 2021.

s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

**SERVICE LIST**

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
77 West Washington Street, Suite 1400
Chicago, Illinois 60602

Richard L Hirsh
1500 Eisenhower Lane, Suite 800
Lisle, IL 60532

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**AMENDED ATTORNEYS' FIRST APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION, REIMBURSEMENT OF COSTS AND EXPENSES, AUTHORIZATION TO PAY ALLOWED ADMINISTRATIVE CLAIM AND TO LIMIT NOTICE TO TWENTY LARGEST UNSECURED CREDITORS**

Now comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler (the "Attorneys")[1], counsel for David R. Herzog, Chapter 7 Trustee, pursuant to §§ 330 and 331 of the United States Bankruptcy Code, and request that this Court enter an order allowing interim compensation of $162,416.00 for 328.50 hours of legal services provided to the Chapter 7 Trustee and $444.50 for reimbursement of costs and expenses and to limit notice to the twenty largest unsecured creditors, and in support thereof, state as follows:

1. On October 9, 2019, Michael S. Helmstetter (the "Debtor") caused a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code to be filed; and David R. Herzog (the "Trustee") was appointed as trustee in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. In accordance with Bankruptcy Rule 2002(a)(6), notice of this Application has been sent to the Debtor, his attorneys, the twenty largest unsecured creditors, the Chapter 7 Trustee, the United States Trustee and all parties in interest.

4. On or about December 4, 2019, the Court entered an Order authorizing the employment of

---

[1] The Attorneys are employed by Gregory K. Stern, P.C.

1

the Attorneys as counsel for the Trustee effective from November 27, 2019, with all compensation and reimbursement of costs subject to approval of Court.

5. The rates at which the Attorneys seek compensation are their usual and customary hourly rates charged for bankruptcy work of this nature performed for other clients. At all times relevant hereto, the Attorney's hourly services have been billed as follows: Gregory K. Stern and Dennis E. Quaid $500.00, Monica C. O'Brien $475.00 and Rachel S. Sandler $350.00.

6. The Attorneys have not previously sought interim compensation.

7. The Attorneys have expended 328.50 hours of professional services between November 27, 2019 and December 30, 2020, the reasonable value of which is $162,416.00, and have expended $444.50 for necessary costs, as are more fully set forth in the Time Sheets attached hereto and made a part hereof.

8. The professional services rendered from November 27, 2019 through December 30, 2020 have been separated into six (6) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Trustee and for the benefit of the estate. These service categories and the professional time spent within each category are as follows:

| | SERVICE CATEGORY | HOURS |
|---|---|---|
| A. | Case Administration & Investigation | 37.40 |
| B. | 2004 Examination/Production | 44.20 |
| C. | Creditor Claims | 10.60 |
| D. | Kingdom Matters | 199.80 |
| E. | Litigation Matters | 27.30 |
| F. | Professionals | 9.20 |
| | **TOTAL:** | **328.50** |

9. The professional services were rendered within the service categories as follows:

**A.    Case Administration & Investigation -** This service category involved 37.40 hours of services (Time Sheets pages at 1 – 7) that included:

**1)**    Meetings, teleconferences and correspondence with Trustee relating to investigation of

2

estate assets, strategies for recovery and liquidation of estate assets, communications with parties, examination of Debtor and miscellaneous matters;

**2)** Reviewing Debtor's Schedules, two sets of Amended Schedules, Statement of Financial Affairs, Amended Statement of Financial Affairs, other filings and materials;

**3)** Meetings, teleconferences and correspondence with Debtor's attorney relating to Trustee's investigation of estate assets, liquidation of estate assets, production of documents, communications with parties, examination of Debtor and miscellaneous matters;

**4)** Teleconferences and correspondence with creditors and creditors' attorneys related to case status, administration, inquiries and claims;

**5)** Representation of Trustee at Court hearings; and,

**6)** General case administration matters.

**B.** **2004 Examination/Production -** This service category involved 44.20 hours of services (Time Sheets pages at 8 – 15) for services rendered in the investigation and collection of Debtor's accounts receivable. The services rendered in this services category included:

**1)** Drafting Motion for 2004 Examination, Notice, Order, production requests;

**2)** Reviewing Debtor's document production to ascertain existence, location and value of estate assets, equity and business assets and Debtor's entitlement to a discharge;

**3)** Communications with Debtor's attorney negotiating and enforcing the 2004 production and oral examination of Debtor;

**4)** Communications with Trustee regarding 2004 examination and production;

**5)** Communications with Debtor's former accountant relating to existence, validity and value of Debtor's scheduled causes of action, tax returns and accounts receivable as well as obtaining copies of the records relating to same;

**6)** Conducting 2004 oral examination of Debtor; and,

    **7)**      Representation of Trustee at Court hearings.

    **C.**      **Creditor Claims -** This service category involved 10.60 hours of services (Time Sheets at pages 16– 19) related to the Chapter 7 Trustee's review of creditor claims and resolution of claims and generally included services as follows:

    **1)**      Reviewing USBC Claims Register and proof(s) of claim and attachments filed by non-priority and priority unsecured creditors;

    **2)**      Reviewing secured claims, claim addendums, attachments relating to Pomerantz lien claim;

    **3)**      Analyzing the guaranty claims of the landlords for the 2401 S. Michigan Avenue building and adjacent lot of Debtor's auto dealership to ascertain whether said claims had been mitigated by re-leasing of said properties or attempts to re-lease said properties; and

    **4)**      Review the claim of Merz filed after the bar date but by a creditor prosecuting a suit against the Debtor after the Petition Date due to a lack of notice and knowledge by said creditor of the existence of the bankruptcy case.

    **D.**      **Kingdom Matters -** This service category involved 199.80 hours of services (Time Sheets at pages 20 – 57) related to the resolution and settlement of Kingdom claims and disputes and included services as follows:

    **1)**      Investigation of the existence and value of the Kingdom Chevrolet and Western Avenue Nissan stock, Debtor's causes of action against the majority owner of said dealerships, Richard Ruscitti and the two dealerships and the adverse causes of action of those parties against the Debtor;

    **2)**      Interviewing Michael Pomerantz, litigation counsel of Debtor prosecuting those causes of action against the Kingdom Parties in the Circuit Court of Cook County as to the status of the suits pending since 2014, the fee arrangement for handling same on a contingent fee basis, the probability of success on the litigation, the chances of an unsuccessful result of the adverse fraud claims against Debtor,

the settlement value of all of the litigation on a global basis and the strategy for future prosecution of the litigation in the Circuit Court;

**3)** Negotiations with counsel for the Kingdom Parties to achieve a global settlement of all of the Debtor's causes of action as well as the adverse claims of the Kingdom Parties against the Debtor, resulting in a settlement and sale agreement with the Kingdom Parties;

**4)** Discussions and negotiations with Nicola Tancredi as special litigation counsel for Debtor, relating to opinion of Tancredi and BERO Group as to the validity and value of the causes of action of the Debtor against the Kingdom Parties and distinguishing between causes of action owned by the Debtor, individually, and those owned by different business corporations of the Debtor, which corporations had filed bankruptcy and/or were insolvent, leaving no possibility of a return to the Trustee as a shareholder of the insolvent corporations after the payment of any recoveries to the creditors of the insolvent corporations;

**5)** Negotiations with Nicola Tancredi concerning the Trustee's proposal of sale of the estate's causes of action against the Kingdom Parties to the Debtor or other third parties, including a price and terms of sale, as an alternative to a settlement with the Kingdom Parties;

**6)** Drafting settlement and sale agreement with the Kingdom Parties requiring extensive negotiations and numerous drafts;

**7)** Drafting a motion, draft order and notice for approval of the settlement and sale to the Kingdom Parties;

**8)** Negotiations with counsel for the Kingdom Parties and counsel for the Debtor relating to an Agreed Order determining that the Trustee owns all rights of the Debtor, if any, in and to the Debtor's stock ownership in Kingdom Chevrolet and Western Avenue Nissan and related assets of Reinsurance Companies and domain names;

**9)** Representation of Trustee at Court hearings for the approval and entry of the Agreed Order

determining ownership of the stock of Kingdom Chevrolet and Western Avenue Nissan and approval of the settlement with and sale to the Kingdom Parties;

**10)** Analyzing the Debtor and Michael Pomerantz' objections to the Trustee's motion to approve the settlement with and sale to the Kingdom Parties;

**11)** Reviewing the Debtor's notice of appeal from the order approving the settlement and sale with the Kingdom Parties, drafting a counter designation of the record and issues on appeal, and ascertaining the procedures required in defending the Debtor's appeal; and,

**12)** In the Debtor's appeal, (A) drafting objection to an extension of time for Debtor to file his opening brief; (B) drafting a Motion to Dismiss the Debtor's appeal for a lack of standing on the part of the Debtor as a hopelessly insolvent debtor and briefs relating to same; and (C) drafting briefs opposing Tancredi's motion to conduct discovery in the appeal on the question of the Debtor's insolvency.

**E.** **Litigation Matters -** This service category involved 27.30 hours of services (Time Sheets at pages 58 – 67) related to the many causes of action of the Debtor scheduled against third parties, the several bankruptcy cases of the business corporations of the Debtor pending in different state and federal courts and generally included services as follows:

**1)** Analysis of the status and chance for a recovering of assets from the liquidating Chapter 11 case of Debtor's company, New Car Auto pending in the Northern District of Indiana and the status of the adversary cases pending therein of (i) Nissan against New Car and Helmstetter and (ii) the New Car adversary against the shareholders and officers of New Car, including Helmstetter;

**2)** Review of extensive documentation provided by the two counsel for Debtor in his case, as to the 10 to 15 causes of action against every party with whom the Debtor dealt, both as creditors and partners, as scheduled or referenced in the three sets of Schedules of the Debtor, all to determine the asset value of said causes of action and whether the Trustee should undertake prosecution of same;

**3)** Analyze the pending actions in the district court for the Northern District of Illinois of (A)

Santander versus New Car Auto Historic Row, a business of Debtor, resulting in the dismissal of Helmstetter's counterclaims against Santander and the entry of a judgment against New City and a default against Helmstetter, and (B) Fiat versus New City Auto Historic Row, Santander, Helmstetter and other creditors as an interpleader action relating to $440,000.00 of credits due from Fiat to New City or any other party having superior rights to the funds, including Tancredi's brief in opposition to Santander's motion for summary judgment seeking receipt of the $440,000.00; and,

**4)** Discussions and negotiations with counsel Tancredi pertaining to the prosecution by him and BERO Group on behalf of the Trustee of all of these causes of action on a contingent fee of 50% of the recovery and the basis of the Trustee's rejection of Tancredi's proposal and counterclaim that Tancredi purchase all causes of action (excluding the causes of action against and stock of Kingdom Chevrolet and Western Avenue Nissan) for $1,000,000.00 at a bankruptcy auction.

**F.** **Professionals** - This service category involved 9.20 hours of professional services (Time Sheets page at 68) that included:

**1)** Drafting Application(s) to Employ Attorneys and Accountants, Notices, Orders and Affidavits;

**2)** Communications with Trustee regarding employment of attorneys, and accountants; **3)** Communications with accountant regarding employment by Trustee;

**4)** Reviewing and revising drafts of Attorneys' time sheets; and,

**5)** Drafting Attorneys' First Application for Allowance of Interim Compensation, Reimbursement of Costs and Expenses, and Authorization to Pay Allowed Administrative Claim; and,

**6)** Representation at Court hearings relating to employment of attorneys, and accountants.

10. The professional services rendered by the Attorneys have assisted the Trustee in his investigation of estate assets, claims, recovery of estate assets and transfers and case administration and were actual and necessary for the proper representation of the Trustee; and, as such, all of the services

7

rendered were authorized pursuant to the Court's December 4, 2019, Order Authorizing Employment of Attorneys. No time has been included for services in the nature of clerical work. The Attorneys further stating that there has been no duplication of services by Dennis E. Quaid, Monica C. O'Brien, Rachel S. Sandler or Gregory K. Stern.

11. The value of the professional services rendered by the Attorneys, as calculated at their hourly rates in effect from time to time, is $162,416.00.

12. Actual and necessary costs in the amount of $444.50 have been expended by the Attorneys as detailed on the Time Sheets (page 7) attached to this Application. Costs include but are not limited to filing fees, postage, pacer fees, UCC search fees and copying charges at the rate of ten cents (.10) per copy.

13. The Debtor has a multitude of creditors, which would make it unduly burdensome for the Trustee to send notice to all of the Debtor's creditors. Rather, the Trustee seek to limit notice to the following parties: (i) the Debtor, (ii) United States Trustee; (iii) twenty largest creditors; and (iv) all parties entitled to receive notice.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, Monica C. O'Brien and Rachel S. Sandler pray for entry of an Order, pursuant to §§ 330 and 331 of the Bankruptcy Code, as follows:

**a)** Allowing Gregory K. Stern, P.C. interim compensation in the amount of $162,416.00 for actual and necessary professional services rendered and reimbursement in the amount of $444.50 for actual and necessary costs and expenses incurred;

**b)** Authorizing the Trustee to pay Gregory K. Stern, P.C.'s allowed administrative priority claim of allowed compensation and reimbursement of costs totaling $162,860.50;

**c)** Limiting notice to the Debtor's twenty largest unsecured creditors; and

**d)** For such other relief as this Court deems just.

/s/ Gregory K. Stern
Gregory K. Stern, Attorney

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

9