```
           IN THE UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION




Michael S. Helmstetter,         )   19 B 28687
                                )   Chicago, Illinois
                                )   1:00 p.m.
                      Debtor.   )   September 1, 2020




     TRANSCRIPT OF TELEPHONIC PROCEEDINGS BEFORE THE
              HONORABLE JACQUELINE P. COX




APPEARANCES:

For the Debtor:                  Mr. Richard Hirsh;

For the Chapter 7 trustee:       Mr. David Herzog;

For the trustee:                 Mr. Dennis Quaid;
                                 Mr. Gregory Stern;

For Kingdom Chevrolet,
Western Avenue Nissan,
and Richard Ruscitti:            Ms. Jamie Burns;
                                 Mr. Gary Blackman;

For Brown, Udell,
Pomerantz & Delrahim:            Mr. Bryan King;



Court Reporter:                  Jerri Estelle, CSR, RPR
                                 U.S. Courthouse
                                 219 South Dearborn
                                 Room 661
                                 Chicago, IL  60604.
```

1 THE CLERK: Michael Helmstetter.
2 MR. QUAID: Good afternoon, Your
3 Honor. Dennis Quaid, one of the attorneys with
4 Gregory Stern for David Herzog, the trustee.
5 The trustee has two motions before you
6 today.
7 THE COURT: Okay. Go ahead.
8 MS. BURNS: Good afternoon, Your
9 Honor. Jamie Burns, Harold Israel, and Gary Blackman
10 appearing on behalf of Western Avenue Nissan, Kingdom
11 Chevrolet, and Richard Ruscitti.
12 THE COURT: Okay. Let's start with
13 the motion at --
14 MR. STERN: Judge, I believe there are
15 other appearances.
16 THE COURT: Go ahead. Go ahead. Make
17 the other appearances.
18 (No response.)
19 THE COURT: All right. Let's --
20 MR. KING: Bryan King on --
21 THE COURT: Go ahead.
22 MR. KING: Bryan King on behalf of --
23 for Brown, Udell, Pomerantz & Delrahim.
24 THE COURT: All right. Any objection
25 to the motion to approve compromise?

                                                                    3

1                  MR. QUAID:  Yes, Your Honor.  There
2    have been two objections, one by Mr. Hirsh on behalf
3    of the debtor, Michael Helmstetter, and the second by
4    Mr. King, who is the law firm prosecuting in the
5    Circuit Court of Cook County the litigation which we
6    propose to settle.
7                  The basis of both of these objections,
8    they're insufficient and should be denied by the
9    court.  This has been very contentious litigation
10   between these parties, the two who are the two
11   objectors.  We have negotiated a settlement where the
12   estate will realize $555,000 in cash.  There is no
13   other cash in this estate.  The litigation has been
14   going on in one form or another for a long time,
15   since 2014.  It's still only in paper discovery and
16   will go on for -- as it continues in the circuit
17   court, it would take many more years.  And
18   Mr. Herzog, as trustee, his duty is to quickly turn
19   assets into cash to distribute to creditors.
20                 THE COURT:  Okay.  Let's hear --
21                 MR. QUAID:  His --
22                 THE COURT:  Let me hear the
23   objections.
24                 Are the objectors here?
25                 MR. STERN:  Judge, this is Gregory

1 Stern.
2     Mr. Hirsh appears on the dashboard,
3 but he hasn't yet stated his appearance.
4     The other gentleman who last stated
5 his appearance, Mr. King, is for the Brown, Udell
6 firm, and he is one of the objectors.
7     MR. HIRSH: If I --
8     (Simultaneous colloquy.)
9     MR. HIRSH: Could I be heard now?
10     Mr. Stern, could I be heard now?
11     THE COURT: Listen.
12     MR. STERN: Yeah. Yeah, for sure.
13     MR. HIRSH: I'm sorry, Your Honor.
14 Richard Hirsh for Michael Helmstetter, the debtor. I
15 guess you just didn't hear me before.
16     MR. STERN: No, we didn't.
17     THE COURT: What's your objection?
18     MR. HIRSH: Sorry.
19     So, Judge, if I could reply to
20 Mr. Quaid. Everything that he said I propose is
21 largely accurate. It's been pending a long time.
22 It's been hotly contested. But the basis of our
23 objection, the brunt of it is that this is such an
24 undervaluation of this claim that it's detrimental.
25 It will not permit any distribution to any unsecured

1 creditors.

2 Mr. Helmstetter, at his own expense,
3 has engaged a forensic accounting firm and additional
4 counsel outside the bankruptcy to do an analysis of
5 this claim. We have filed our written objection. It
6 sets forth the findings of the forensic accounting
7 firm that indicates these claims are worth millions
8 of dollars because Mr. Helmstetter was a -- in one
9 case 25 percent, in the other 33 percent owner of two
10 different successful auto dealerships. I recognize
11 that this is only one claim in the estate, but it is
12 a significant amount of money.

13 In addition, we have provided the
14 trustee with our -- with our amended schedules, which
15 were recently filed, documentation regarding numerous
16 other third-party claims, which if realized upon
17 would probably -- would make -- leave a substantial
18 dividend to the general unsecured creditors and even
19 possibly a surplus.

20 I understand that the estate's in need
21 of cash to cover its administrative expenses, but I
22 don't think the bankruptcy court is in the business
23 of funding the administrative expenses. Its goal is
24 to obtain and return to the general unsecureds --
25 THE COURT: Expenses only, but go

1 ahead.
2       MR. HIRSH: So I think that this is a
3 disservice to settle this this fast, although --
4 again, it's a substantial amount of money, but not
5 nearly what could be realized.
6       I think Mr. Pomerantz's firm
7 representative will have a similar view on it because
8 he's the attorney who is closest to this litigation.
9 But we have submitted documentation which is -- and
10 offered to give them the backup detail of all the
11 financials, which would demonstrate this.
12       THE COURT: Okay.
13       MR. STERN: Gregory Stern on --
14       MR. BLACKMAN: This is -- this is Gary
15 Blackman. I'm representing the settling -- the
16 hopefully settling defendants in the litigation.
17       Could I be heard for one moment?
18       THE COURT: Go ahead.
19       MR. BLACKMAN: So I've been -- I've
20 been representing Kingdom and Western and
21 Mr. Ruscitti in claims by Mr. Helmstetter that have
22 been pending in the circuit court since 2014. We're
23 now in year six of that. The case has been dismissed
24 at least two or three times. And Mr. Pomerantz, the
25 current lawyer, is I believe the third law firm that

1 Mr. Helmstetter has retained to try to resolve this
2 dispute.
3 There's also a pending motion to
4 disqualify Mr. Pomerantz that, you know, was still
5 pending when this bankruptcy was filed.
6 The other thing, which I think,
7 counsel, there's just three quick points I want to
8 make that is not referenced in this motion.
9 Number one is that there's a
10 counterclaim pending for between 750,000 and a
11 million dollars for embezzlement by Mr. Helmstetter
12 of monies from Kingdom in conjunction with a vendor
13 who is currently in jail for stealing money from
14 Kingdom. And that's a pending counterclaim that's
15 going to be 750 to a million dollars.
16 Number two, the counsel who is asking
17 now to be a fourth counsel who has filed this motion
18 states in paragraph 8 that he has four applications
19 for litigation financing pending, which means he
20 doesn't even have the money to pursue this claim even
21 if this court grants the motion and allows him to
22 be -- or the trustee allows him to be hired. So
23 paragraph 8 is -- he said applications to get money
24 to pursue this, so that's going to be yet now the
25 fourth lawyer.

1           And, lastly, the -- the $550,000
2  settlement is coming in cash now.  The declaratory
3  judgment case has been filed -- it's been pending for
4  six years -- basically asks that the court declare
5  that he is a percentage owner.  That doesn't mean he
6  gets the money.  It just means that five years from
7  now some judge is going to say that Mr. Helmstetter
8  owns 25 percent of one of these entities, which means
9  then someone's going to have to buy it or it's going
10 to have to be dissolved -- it's an operating
11 business -- before the trustee could get any money
12 out.
13          And then, lastly, and I think the
14 trustee may have neglected to mention this, I don't
15 know that Mr. Helmstetter has standing to file this
16 objection.
17          THE COURT:  Because now the assets --
18 his interests are part of the bankruptcy estate,
19 which the trustee has to administer.
20          MR. QUAID:  Well, that's correct, Your
21 Honor.  And as to the standing issue --
22          MR. STERN:  Gregory Stern --
23          MR. QUAID:  -- Judge, I just want to
24 point out one fact, that Mr. Hirsh in his objection,
25 he uses the BERO Group analysis to say that the

1 causes of action are worth over $16 million.
2 Well, number one, there's no real
3 support for that other than Mr. Helmstetter's
4 opinion. And we know that debtors always have an
5 exaggerated opinion as to the value.
6 Also, he doesn't advise you that the
7 $16 million of value will only come if we change
8 horses, get rid of Mr. King and Mr. Pomerantz's
9 counsel, and hire the lawyer that Mr. Helmstetter now
10 wants to use who wants a 50 percent contingent fee.
11 We would also owe Mr. Pomerantz and
12 Mr. King money for their prior services. And,
13 therefore, you could see that any $16 million will
14 come down to something like $4 million. And this
15 case has $20 million of claims against it at least
16 per the schedules.
17 The debtor has no standing in this
18 case, which the court should disregard Mr. Hirsh's
19 objection on that basis and that basis alone.
20 THE COURT: Okay. I think --
21 MR. HIRSH: Judge if I --
22 (Simultaneous colloquy.)
23 MR. HIRSH: One other comment, Your
24 Honor.
25 THE COURT: Just a second, I have

Case 19-28687   Doc 119   Filed 02/04/21   Entered 02/04/21 14:49:13   Desc Main
          Document      Page 10 of 16

10

1  something to say.
2             I see that the two objections that
3  were filed recently, very recently, are at docket 73
4  and 74; is that correct?
5             MR. HIRSH:  I believe so, Judge.
6             THE COURT:  All right.
7             MR. QUAID:  They were filed yesterday.
8             THE COURT:  Anybody else on these
9  objections?
10            MR. HERZOG:  Your Honor, this is David
11 R. Herzog, the Chapter 7 trustee.  Good afternoon.
12            If I may, Your Honor?
13            THE COURT:  Go ahead.  Go ahead.
14            MR. HERZOG:  Based upon advice of
15 counsel in reviewing this, it's my best business
16 judgment that this offer be accepted.
17            The objectors here want to tie me into
18 protracted litigation, litigation that's gone on for
19 over five years.  And --
20            THE COURT:  Who is the state court
21 judge?  Who is the state court judge hearing this
22 matter?
23            MR. HERZOG:  I can't speak to that,
24 Your Honor.
25            MR. STERN:  Mr. Blackman and Ms. Burns

1 would have to speak to that.
2            MR. BLACKMAN:  The state court judge
3 is --
4            MR. STERN:  Or Mr. King.
5            MR. BLACKMAN:  The state court judge
6 is Judge Flynn, who has just, as I understand it,
7 recently retired.
8            THE COURT:  Yeah, Judge Flynn retired.
9            MR. BLACKMAN:  Yeah.  So he had the
10 case for --
11            THE COURT:  I think it's May or June I
12 think Judge Flynn retired.
13            MR. BLACKMAN:  That's correct.  So --
14 so I think it was in the process of being reassigned
15 when --
16            THE COURT:  Okay.  Just --
17            MR. BLACKMAN:  -- Mr. Helmstetter --
18            THE COURT:  All right.  Anything else
19 on these objections?
20            MR. HIRSH:  Richard Hirsh for --
21            THE COURT:  Go ahead, Mr. Hirsh.  Very
22 quickly.
23            MR. HIRSH:  Yes, very quickly.
24            One point Mr. Quaid made that I take
25 great exception to is the suggestion that this was

1  based just on Mr. Helmstetter's opinion.  That is not
2  the case.  We've provided him with lots of
3  documentation from the forensic accountant.  So he's
4  kind of giving it short shrift there.
5              And in so far as standing, I recognize
6  the point, Your Honor, but we believe that this, in
7  conjunction with numerous other claims, third-party
8  claims that are outstanding, would put this case very
9  possibly in a surplus situation --
10             THE COURT:  All right.  Anything --
11             MR. HIRSH:  -- and, therefore, the
12  debtor would have standing.
13             THE COURT:  Okay.  Anything --
14             MR. STERN:  Gregory --
15             THE COURT:  -- else on the objections?
16             MR. STERN:  Yes.
17             THE COURT:  Mr. King?
18             Anything else?
19                 (No response.)
20             THE COURT:  The motion to approve will
21  be taken under advisement.  I'll get an order out as
22  soon as possible.
23             Thank you all very much.
24             MR. STERN:  Judge, Gregory Stern for
25  the trustee.  There are two motions up.  One of

1  them --
2             THE COURT:  Yes.
3             MR. STERN:  -- the motion --
4             THE COURT:  Yeah, two motions.
5             MR. STERN:  Yes.
6             THE COURT:  Go ahead.
7             MR. STERN:  The other motion is not
8  contested, and that's for entry of an agreed order
9  determining the ownership of the Kingdom Chevrolet
10 stock.  And it's been signed by the trustee,
11 Mr. Helmstetter, and I believe the -- or the
12 underlying corporation.  So we would ask that Your
13 Honor enter that order now.
14            THE COURT:  Anything further on that
15 motion?
16            MR. HIRSH:  No, Judge.
17            THE COURT:  That motion will be
18 granted.  I will enter the -- let me just check.
19 Hold on.  Hold on.
20            MR. STERN:  That's docket number 58,
21 Judge, I believe.
22            THE COURT:  Yeah, I just want to check
23 something.  I just want to make sure I signed the
24 right order --
25            MR. STERN:  Yes, ma'am.

1                THE COURT:  -- that's why I constantly
2    ask questions.
3                All right.  The motion will be
4    granted.
5                MR. STERN:  With respect to the motion
6    that you're taking under advisement, I just would
7    like to add that it is really the trustee's business
8    judgment, which we are -- and he has extensively
9    studied all these matters, not only Mr. Helmstetter's
10   opinion, but the Tancredi documents, the BERO
11   documents.  We have known about all of these things
12   for many -- many weeks.
13               And I would note that these objections
14   are upon information and belief, and purely the
15   debtor's opinion, and we don't believe that they're
16   really correct, obviously.  That's why we're asking
17   Your Honor to enter an order approving the compromise
18   and settlement.
19               Thank you.
20               THE COURT:  The order determining --
21   the agreed order on determining ownership, that
22   motion has been granted.
23               MR. STERN:  Yes, ma'am.
24               MR. QUAID:  Thank you.
25               THE COURT:  Let me make sure I sign

1 the right order.  There we go.  All right.
2                 MR. HIRSH:  Thank you, Your Honor.
3                 MR. KING:  I'm sorry, Your Honor.
4 This is Bryan King.  I was having an internet
5 connection issue when I was admitted.
6                 I just wanted to point out that in
7 terms of the notice of objection that was filed by
8 Brown, Udell, that we had raised two issues.
9                 One was the amount of the settlement,
10 which I think Mr. Hirsh has already spoken to.  The
11 other was in terms of the claim -- the proof of claim
12 that we filed, a portion of which is a secured claim
13 based on an attorney's lien relating to the matter
14 that is being proposed to be settled.  And we just
15 wanted to ensure that that issue was sufficiently
16 protected.
17                 And I understand that since we first
18 raised our objection, the trustee has indicated in a
19 proposed order that the proceeds of the settlement
20 would still -- that any security interest we have
21 would still attach to those proceeds.  And I just
22 wanted to make sure because multiple versions of a
23 proposed order were filed.  I wanted to make sure
24 that the court was aware of that issue.
25                 MR. STERN:  Judge, Gregory Stern for

1  the trustee.
2              THE COURT:  Go ahead, Mr. Stern.  Go
3  ahead.
4              MR. STERN:  Certainly when Your Honor
5  enters an order approving the settlement and
6  compromise, we will provide in that draft order and
7  have that their liens would attach to proceeds
8  pending further order of court.
9              THE COURT:  Is that in the proposed
10 order?
11             MR. QUAID:  Yes, it is, Your Honor.
12             THE COURT:  All right.
13             MR. QUAID:  Dennis Quaid speaking.
14             THE COURT:  Thank you all very much.
15 The motion to approve settlement is taken under
16 advisement.  Have a good afternoon.
17             MR. STERN:  Yes, ma'am.  Thank you.
18             MR. HIRSH:  Thank you, Judge.
19             MR. KING:  Thank you.
20             THE COURT:  Good luck.
21             (Which were all the proceedings had in
22             the above-entitled cause, September 1,
23             2020, 1:00 p.m.)
24 I, JERRI ESTELLE, CSR, RPR, DO HEREBY CERTIFY
   THAT THE FOREGOING IS A TRUE AND ACCURATE
25 TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-
   ENTITLED CAUSE.  /S/