IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**TRUSTEE'S ATTORNEY REPLY TO DEBTOR'S RESPONSE**

Now comes Gregory K. Stern as counsel ("Counsel") to David R. Herzog, Trustee of the Estate ("Trustee") of Michael Helmstetter, Chapter 7 Debtor ("Debtor") and for his Reply to the Response of Debtor to Counsel's First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, states as follows:

1. The Response of Debtor to Counsel's First Application for Allowance of Interim Compensation (the "Response") wholly fails to identify any specific time entries that are objectionable. Instead, the Debtor requests that this Court deny Counsel fees in their entirety because he challenges the time expended related to the settlement with the Kingdom Entities. The Response sets forth impertinent grounds allegedly supporting his objection to the allowance of any compensation to Counsel. The baseless allegations raised by Debtor are insufficient and should be disregarded and overruled in their entirety.

2. The Response makes it clear that the Debtor has adopted an adverse litigation posture to the Trustee in objecting to the settlement between Debtor and the Kingdom Entities. On September 1, 2020, the Court entered an order approving the Trustee's settlement with the Kingdom entities, and Debtor has appealed that order to the United States District Court.

3. The Trustee has moved the District Court to dismiss the Debtor's appeal because of the Debtor's lack of standing to litigate any issues in the appeal. The Trustee contends that

because the Debtor does not have any pecuniary interest in the Chapter 7 estate, due to the absolute impossibility of a surplus bankruptcy estate in the instant Chapter 7 case, the Debtor lacks standing to contest September 1, 2020 order approving the Trustee's settlement with the Kingdom entities. The District Court has taken the Trustee's Motion to Dismiss under advisement.

3. On December 30, 2020, Counsel filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") seeking the allowance of interim compensation of $162,416.00 and reimbursement of expenses of $444.50. The First Application was entered and continued for further hearing on February 16, 2021.

4. Section 330 of the Bankruptcy Code allows a court to award professional fees to attorneys as "reasonable compensation for actual, necessary services rendered ..." 11 U.S.C. § 330(a)(1)(A). In reviewing fee applications, a court must consider "the nature, the extent and the value" of the legal services rendered and must take into account a variety of factors including the time spent, the rates charged, and the benefit to the estate of the work done. 11 U.S.C. § 330(a)(3).

5. The filing of requests for interim compensation, pursuant to Section 331 of the Bankruptcy Court, not more than once every 120 days, is intended to finance the administration of the estate. Grounds for allowing interim compensation are therefore more liberal than the standards used to award final compensation at the conclusion of the case. Consequently, allowances of interim compensation are always subject to further review when seeking final allowance of compensation and may either increase or decrease in amounts to conform to the final compensation awarded by the Court.

6. Counsel's employment to represent the Chapter 7 Trustee was approved by the Court pursuant to an order dated December 14, 2020, and Counsel has not previously sought the allowance of interim compensation in this case.

7. The Debtor fails to raise any proper arguments or objections relevant to the allowance of interim compensation. Rather the Debtor raises grounds that at best may be relevant to the allowance of final compensation. Therefore, the Debtor's objections should be overruled.

8. It appears that the principal basis of the Debtor's purported objections to the allowance of interim compensation is that professional services related to the settlement with the Kingdom Entities, to which the Debtor objected, were rendered. However, this Court approved the settlement between the Trustee and the Kingdom Entities, on the grounds, *inter alia*, that the settlement was beneficial to the estate. Consequently, that determination is the law of this case and defeats the objections advanced by the Debtor, despite the Debtor's lack of standing to assert the objections.

9. The Debtor is misguided in arguing for the disallowance of the entire request for compensation based on his objection to the settlement with the Kingdom Entities. While $96,789.00 of the $162,416.00 of interim compensation was devoted to the settlement with the Kingdom Entities, an additional sum of $65,627.00 of compensation was related to matters independent of the settlement with the Kingdom Entities, including (i) Administration of Estate, (ii) Examination of documents and the Debtor under Rule 2004, (iii) Analysis of claims against the estate, (iv) Review of Causes of Action of the Estate against Third Parties, and (v) Professional Matters of Employment and Compensation.

10. The Debtor's Response objecting to the allowance of interim compensation is an obvious tactic to disarm the Trustee and prohibit the estate from compensating its professionals. While the Debtor employs two separate attorneys and the alleged expert witness firm of BERO Group, the Debtor seeks to impede the Trustee from compensating his sole attorneys in this case. Such a tactic should not be condoned by this Court under any circumstances and, in particular,

when it is the Debtor employing those tactics. The Debtor's lack of any pecuniary interest in this estate deprives him of any right to participate in the administration of the estate and especially when the Debtor's purpose in such participation is to disarm and frustrate the Trustee's fulfillment of his fiduciary and statutory duties to administer the estate for the benefit of creditors.

11. The First Application provides sufficient detail and information to allow the Court to understand what services were provided and to determine that the fees requested are reasonable and the services rendered were actual and necessary. The First Application sets forth detailed statements of the services rendered, the time expended for the services, the fees requested for the service and a narrative explain the necessity of the services. *See,* Fed.R.Bankr.P.2016(a). "These detailed applications establish the 'actual,' while an accompanying narrative explanation of the 'how' and the 'why' establishes the 'necessary'" *In re Wildman*, 72 B.R. 700, 707 (Bankr.N.D.Ill.1987).

12. Counsel has met their burden under § 330 and 331 to establish their entitlement to the interim compensation requested in the First Application. Accordingly, Counsel requests that the Court deny and overrule the objections set forth in the Debtor's Response and allow compensation to Counsel as requested.

By: /s/ Gregory K. Stern
Gregory K. Stern, Attorney for Trustee

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558