UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re: ) BK No.:   19-28687
MICHAEL S. HELMSTETTER, )
)
) Chapter:  7
)
) Honorable Jacqueline Cox
)
) SELECT IF OUTLYING AREA
Debtor(s) )

**ORDER ALLOWING CHAPTER 7 TRUSTEE'S ATTORNEYS' FIRST APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION, REIMBURSEMENT OF COSTS AND EXPENSES, AUTHORIZATION TO PAY ALLOWED ADMINISTRATIVE CLAIM AND LIMIT NOTICE TO TWENTY LARGEST UNSECURED CREDITORS**

THIS CAUSE COMING ON TO BE HEARD on Gregory K. Stern, P.C.'s, Attorneys for David R. Herzog, Chapter Chapter 7 Trustee (the "Trustee"), First Application For Allowance Of Interim Compensation, Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Unsecured Creditors, due and proper notice having been served and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. Notice to creditors is limited to the Debtor's twenty largest unsecured creditors.

2. Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler pursuant to 11 U.S.C. §§ 330 and 331, are allowed interim compensation of $162,416.00 for services rendered, and reimbursement of costs and expenses of $444.50.

3. The Trustee is authorized to pay the unpaid balance of the allowed interim compensation and reimbursement of costs and expenses of $162,860.50 to Gregory K. Stern, P.C. as a priority cost of administration. The Debtor objects to the request for compensation, assuming that the Trustee failed to accept certain experts' valuation opinions about his assets/claims.  Even so, the objection, at page 6, admits that the Trustee consulted with others about the value of those assets.
The objection is overruled. The accompanying request for discovery is denied because the Debtor has not shown cause for obtaining such. In any event, this effort appears to be an effort to sue the Trustee without first obtaining leave to do so pursuant to the Barton doctrine where a court has to be shown that there is a prima facie case to challenge or pursue an action against a trustee. *Barton v. Barbour*, 104 U.S. 126, 136 (1881). A party seeking to sue a trustee "must make a prima facie case against the trustee, showing that its claim is not without foundation." *In re Morris Senior Living*, 504 B.R. 490, 491 (Bankr. N.D. Ill 2014).

Enter:  /s/ Jacqueline P. Cox
_____
United States Bankruptcy Judge

Dated: 02/16/2021

**Prepared by:**

Gregory K. Stern (Atty. ID #6183380)

Dennis E. Quaid (Atty. ID #02267012)

Monica C. O'Brien (Atty. ID #6216626)

Rachel S. Sandler (Atty. ID #6310248)

53 West Jackson Boulevard, Suite 1442

Chicago, Illinois 60604

(312) 427-1558

Rev: 20130104_bko