**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **MICHAEL HELMSTETTER,** | ) | Case No. 19-28687 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| **Debtor.** | ) | |
| | ) | |

**NOTICE OF FILING**

TO: See attached service list

    PLEASE TAKE NOTICE that on September 24th, 2021, I filed Santander Bank N.A.'s *Limited Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, a copy of which is attached hereto and served upon you.

Date: September 24, 2021     SANTANDER BANK, N.A.

                                                            By:     /s/ Debra Devassy Babu
                                                                     One of its Attorneys

Debra Devassy Babu
Darcy & Devassy PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611
(312) 784-2400 (t)
ddevassy@darcydevassy.com

## CERTIFICATE OF SERVICE

TO: See attached service list

  I, Debra Devassy Babu, hereby certify that on the 24th day of September, 2021, I electronically filed Santander Bank, N.A.'s *Limited Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, with the Clerk of Court using the CM/ECF system, and served copies onto the below mentioned parties by the Court's electronic notice or by First Class Mail by depositing the same in the U.S. Mail at 444 N. Michigan Avenue, Chicago, Illinois 60611.

Date:   September 24, 2021          s/Debra Devassy Babu

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **In re:** ) | Chapter 7 |
| ) | |
| **MICHAEL HELMSTETTER,** ) | Case No. 19-28687 |
| ) | |
| ) | Hon. Jacqueline P. Cox |
| Debtor. ) | |
| ) | |

**SANTANDER BANK, N.A.'S LIMITED OBJECTION TO
TRUSTEE'S MOTION REGARDING SALE**

NOW COMES Creditor SANTANDER BANK, N.A. ("Santander"), by and through its counsel, and for its Limited Objection (the "Limited Objection") to Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale Of Causes of Action Free And Clear Of Liens, Claims, And Other Interests, and (III) To Limit Notice [Docket No. 139] (the "Motion"), states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as the relief requested by the Trustee's Motion constitutes a proceeding arising under and related to Debtor's Chapter 7 bankruptcy proceeding, which is currently pending before this Court.

**BACKGROUND FACTS**

3.  On October 9, 2019, Michael Helmstetter (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.  David R. Herzog was appointed trustee ("Trustee") of the Debtor's estate.

5.  Debtor owned 51% of the stock of New City Historic Auto Row, Inc. ("New City"), a car dealership.

1

6.     Santander financed New City's motor vehicle inventory pursuant to a Floorplan Financing and Security Agreement (the "Floorplan Agreement"), in exchange for a blanket lien on New City's assets.  When New City defaulted under the Floorplan Agreement, Santander filed suit and eventually liquidated all of New City's assets.

7.     On September 14, 2021, the Trustee filed the Motion, proposing to sell certain causes of action (the "Causes of Action") asserted by the Debtor in his Schedules as Debtor's assets.

8.     Among the Causes of Action are two lawsuits involving Santander: (a) <u>Santander Bank, N.A. v. New City et al.</u>, Case No. 18-CV-201 in the United States District Court for the Northern District of Illinois, which previously was pending before Judge John Robert Blakey; and (b) <u>FCA USA LLC v. Santander Bank, N.A., et al.</u>, Case No. 19-CV-1516 in the United States District Court for the Northern District of Illinois, which previously was pending before Judge John Z. Lee.

9.     According to the Debtor's Schedules, Santander allegedly committed fraud, tortious interference, and breach of contract, among other alleged misconduct, against New City while providing the floor plan financing under the Floorplan Agreement.  The Debtor – apparently as a 51% shareholder of New City – asserts that Santander is liable to **him** in the amount of $7.9 million as a result of the alleged misconduct through the two cases referenced in Paragraph 8 above.

10.     As an initial matter, New City is not the Debtor.  Moreover, because New City has substantial debts, the Debtor's ownership interest in New City provides no value to the estate.  More importantly, the Causes of Action involving Santander have no value to any potential buyer.

2

11. In <u>Santander Bank, N.A. v. New City</u>, Case No. 18-CV-201, New City asserted Counterclaims against Santander for the alleged wrongdoing referenced in Paragraph 9 above. However, on November 1, 2019, Judge Blakey entered default judgment against New City and in favor of Santander in the amount of $5,028,740.87, for the balance owed under the Floorplan Agreement, as well as all of Santander's expenses, prejudgment interest, attorney's fees and costs (the "Default Judgment"). Judge Blakey further dismissed any pending Counterclaims of New City against Santander for want of prosecution. <u>See</u> Default Judgment, Exhibit 1 hereto. New City never appealed the Default Judgment, and the full balance of the Default Judgment remains unsatisfied.

12. In <u>FCA USA LLC v. Santander Bank, N.A., et al.</u>, Case No. 19-CV-1516, FCA USA LLC ("FCA") filed an interpleader action against Santander, New City and others, seeking guidance from Judge Lee as to the party entitled to payment of certain credits owed to New City by FCA. Among other arguments, New City claimed that Santander was not entitled to the FCA payment, because of Santander's alleged wrongdoing against New City. The Debtor was not a party to the FCA lawsuit.

13. Over New City's opposition, Judge Lee ruled in Santander's favor on FCA's interpleader claim and granted Santander summary judgment (the "Summary Judgment Order"). Judge Lee specifically found that New City was precluded from asserting Santander's alleged misconduct under judicial estoppel and collateral estoppel grounds, based on the Default Judgment entered by Judge Blakey. <u>See</u> Memorandum Opinion and Order on Summary Judgment Order, pp. 12-14, Exhibit 2 hereto.

14. New City appealed Judge Lee's decision to the Seventh Circuit, where it is currently pending. New City is represented by counsel in the appeal, and recently requested its

3

third extension of time to file its Appellate Brief, which was granted. New City's Appellate Brief is due on October 20, 2021.

## SANTANDER'S LIMITED OBJECTION

15. 11 U.S.C. § 363(f) provides in pertinent part that:

> (f) The trustee may sell property under section (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:
>
>> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>>
>> (2) such entity consents;
>>
>> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>>
>> (4) such interest is in bona fide dispute; or
>>
>> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16. Under 11 U.S.C. § 363(b), the Trustee may only sell "property of the estate."

17. With respect to the Causes of Action involving Santander, it is unclear **what** the Trustee is attempting to sell to a potential buyer.

18. Based on Judge Blakey's prior ruling in the Default Judgment, New City's Counterclaims against Santander were dismissed nearly two years ago. Under Judge Lee's decision in the Summary Judgment Order, New City is precluded from raising those same Counterclaims against Santander on judicial estoppel and collateral estoppel grounds. Thus, the sale of the Cause of Action involving the Default Judgment to a potential buyer would be utterly worthless.

19. Similarly, with respect to New City's pending appeal of the Summary Judgment Order, New City is represented by counsel in the Seventh Circuit, such that there is nothing for the Trustee to sell.

20. Thus, with respect to both Causes of Action involving Santander, there is no potential liability to the Debtor that a buyer can purchase.

21. Under 11 U.S. Code § 105, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S. Code § 105(a).

22. Accordingly, Santander respectfully requests that the Court rule that the Causes of Action involving Santander be excluded from the Trustee's sale.

WHEREFORE, SANTANDER BANK, N.A. respectfully requests that this Court:

(a) Sustain its Limited Objection; and

(b) Find that the Causes of Action involving Santander be excluded from the Trustee's sale proposed in the Motion.

SANTANDER BANK, N.A.

By:   /s/ Debra Devassy Babu

Debra Devassy Babu (ARDC #06282743)
Darcy & Devassy PC
444 North Michigan Avenue, Suite 3270
Chicago, IL  60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
ddevassy@darcydevassy.com
