**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **MICHAEL HELMSTETTER,** | ) | Case No. 19-28687 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| **Debtor.** | ) | |
| | ) | |

### NOTICE OF FILING

TO: See attached service list

    PLEASE TAKE NOTICE that on September 24th, 2021, I filed *Landlord's Limited Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, a copy of which is attached hereto and served upon you.

Date: September 24, 2021                                County Mayo Corp and
                                                                              2401 So. Michigan Building Corporation


                                                             By:    /s/ Whitman H. Brisky
Whitman H. Brisky                                           One of their Attorneys
Mauck & Baker, LLC
1 North LaSalle Street
Chicago, Illinois 60601
312-848-4734
WBrisky@MauckBaker.com

**CERTIFICATE OF SERVICE**

TO: See attached service list

    I, Whitman H. Brisky, hereby certify that on the 24th day of September, 2021, I caused to be electronically filed *Landlord's Limited Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, with the Clerk of Court using the CM/ECF system, and served copies thereof by the Court's electronic notice system.

Date:   September 24, 2021                                         s/Whitman H. Brisky

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | Chapter 7 |
| | ) | |
| **MICHAEL HELMSTETTER,** | ) | Case No. 19-28687 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| **Debtor.** | ) | |
| | ) | |

## LANDLORD'S LIMITED OBJECTION TO TRUSTEE'S MOTION REGARDING SALE

NOW COME Creditors County Mayo Corp and 2401 So. Michigan Building Corporation (collectively "Landlords"), by and through their counsel, and for their Limited Objection (the "Limited Objection") to Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale Of Causes of Action Free And Clear Of Liens, Claims, And Other Interests, and (III) To Limit Notice [Docket No. 139] (the "Motion"), state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as the relief requested by the Trustee's Motion constitutes a proceeding arising under and related to Debtor's Chapter 7 bankruptcy proceeding, which is currently pending before this Court.

## BACKGROUND FACTS

3. On October 9, 2019, Michael Helmstetter (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. David R. Herzog was appointed trustee ("Trustee") of the Debtor's estate.

5. Debtor owned 51% of the stock of New City Historic Auto Row, Inc. ("New City"), a car dealership which was the debtor in a now dismissed Chapter 11 proceeding before this Court, 18 B 20811.

1

6. Landlords were the landlords for the premises formerly occupied by New City and have substantial claims against New City for past unpaid rent and against the Debtor herein under personal guaranties of such rent.

7. On September 14, 2021, the Trustee filed the Motion, proposing to sell certain causes of action (the "Causes of Action") asserted by the Debtor in his Schedules as Debtor's assets. Among those causes of action are purported claims against the Landlords for fraud in connection with the negotiation of the leases for the premises occupied by New City which allegedly harmed New City's business. It is apparent that these claims, if they have any validity at all, are claims of New City, the tenant under those leases, and not claims of Debtor in these proceedings.

8. Permitting some third party to purchase such purported claims would, if such claims result in any recovery, result in a detriment to the creditors of New City who would not receive its benefit. Furthermore, Landlords obtained a judgment of eviction against New City from the Circuit Court of Cook County after a jury trial indicating that the claims have little validity even against New City.

## LANDLORD'S LIMITED OBJECTION

9. 11 U.S.C. § 363(f) provides in pertinent part that:

(f) The trustee may sell property under section (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:

(1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

2

    (4)    such interest is in bona fide dispute; or

    (5)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

10.    Under 11 U.S.C. § 363(b), the Trustee may only sell "property of the estate."

11.    Because the purported claims against the Landlords belong to New City and not to the Debtor, the Trustee in this proceeding has no "property of the estate" to sell.

12.    Under 11 U.S. Code § 105, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S. Code § 105(a).

13.    Accordingly, Landlords respectfully request that the Court rule that the Causes of Action involving them be excluded from the Trustee's sale.

WHEREFORE, Landlords respectfully request that this Court:

(a) Sustain its Limited Objection; and

(b) Find that the Causes of Action involving Landlords be excluded from the Trustee's sale proposed in the Motion.

                                        County Mayo Corp and
                                        2401 So. Michigan Building Corporation

                        By:    /s/Whitman H. Brisky

                                        Whitman H. Brisky
                                        Mauck & Baker, LLC
                                        1 North LaSalle Street
                                        Chicago, Illinois 60601
                                        312-848-4734
                                        WBrisky@MauckBaker.com