IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MICHAEL HELMSTETTER, ) | Case No. 19-28687 |
| ) | |
| Debtor. ) | Hon. Jacqueline P. Cox |

NOTICE OF FILING

TO:   See attached Service List

PLEASE TAKE NOTICE that on October 12, 2021, I caused to be filed with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois **BERKE'S LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE BIDDING PROCEDURES (AND FOR OTHER RELIEF)**, a copy of which is attached hereto and hereby served upon you.

/s/ Cindy M. Johnson

Cindy M. Johnson
Carleen L. Cignetto
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois 60603
(312)345-1306

**CERTIFICATE OF SERVICE**

I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 140 S. Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on October 12, 2021.

/s/  Cindy M. Johnson

<u>Service List</u>

**VIA CM/ECF**

- **Debra Devassy Babu**    ddevassy@askounisdarcy.com, zjohannsen@askounisdarcy.com

- **Theresa S. Benjamin**    theresa@benjaminlaw.com, firmecf@gmail.com;jkb@benjaminlaw.com;g5094@notify.cincompass.com;r54940@notify.bestcase.com

- **Whitman H. Brisky**    wbrisky@mauckbaker.com, WHBCourt@mauckbaker.com;raguilan@mauckbaker.com;sthomas@mauckbaker.com;awillis@mauckbaker.com

- **Jamie L Burns**    jburns@lplegal.com, ikropiewnicka@lplegal.com;rwilliamson@lplegal.com

- **Joseph D Frank**    jfrank@fgllp.com, jkleinman@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com;csmith@fgllp.com

- **Daniel S Hefter**    dhefter@hefter-law.com

- **David R Herzog**    drhlaw@mindspring.com, dherzoglaw@gmail.com;il59@ecfcbis.com;drh@trustesolutions.net

- **Richard L Hirsh**    richard@bankruptcy-dupage.com, rlhpc2@bankruptcy-dupage.com

- **Cindy M. Johnson**    cjohnson@jnlegal.net, KLindsey@jnlegal.net

- **Bryan D King**    bking@bupdlaw.com

- **Micah R Krohn**    mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com

- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov

- **Justin M Mertz**    jmmertz@michaelbest.com, jcalmes@michaelbest.com;courtmail@michaelbest.com;kmburns@michaelbest.com

- **Jeffrey K. Paulsen**    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

- **Dennis E. Quaid**    dquaid3@gmail.com

- **Christopher R Schmidgall**    bankruptcy@wshlegal.com, schmidgallwr70654@notify.bestcase.com

- **Gregory K Stern**    greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

- **Nicola S Tancredi**    ntancredilaw@gmail.com

- **Charles Tatelbaum**    cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

- **James M Yannakopoulos**    jyannako@kblegal.net, khand@kblegal.net

**VIA FIRST CLASS MAIL**

Michael Helmstetter
3939 Night Star Trail
Odessa, FL 33556-4468

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| MICHAEL HELMSTETTER, ) | Case No. 19-28687 |
| ) | |
| Debtor. ) | Hon. Jacqueline P. Cox |

**BERKE'S LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE BIDDING PROCEDURES (AND FOR OTHER RELIEF)**

NOW COMES, Benitta Berke (hereafter "Berke"), a creditor in this case and a potential litigation target listed on the schedules of Michael Helmstetter (hereafter "Debtor"), by her attorneys Cindy M Johnson, and Carleen L Cignetto of Johnson Legal Group, LLC, and, as her limited objection to the *Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale of Causes of Action Free and Clear of Liens, Claims, and Other Interests, and (III) To Limit Notice* (hereafter the "Motion to Sell") states as follows:

I. Causes of Action that Are not Properly Brought by Debtor

As other objectors have stated both in the objections filed before the initial presentation on the Motion to Sell and at the initial hearing on the motion, some of the causes of action are not properly owned by the estate, because Debtor has no right to bring them in his individual capacity. The cause of action listed in the Motion to Sell as against Berke is one such cause of action.

Debtor and Berke are two of three members of a, now dissolved, limited liability company, New City Historic Auto Row, LLC (hereafter the "LLC"). Trustee approached Berke regarding the allege claim against her by debtor regarding an alleged obligation of Berke to make a capital contribution to the LLC. In a response email (hereafter the "Defenses Email"), Berke advised several defenses to the claim, but the primary one was

that, according to the terms of the operating agreement, Debtor had no right to bring an individual cause of action for any alleged failure, but, only the LLC has the right to bring such an action. Thus, at most, Debtor had the right to bring a derivative action for the benefit of the LLC. The problem is that the bankruptcy estate only owns the membership interest in the LLC, and Trustee were to exercise the membership interest in the LLC to bring such an action, the action would have no benefit to the estate, because all funds would be assets of the LLC and would have to be used for LLC purposes before any distribution to a member (including the bankruptcy estate) could be made.

Additionally, the Defenses Email pointed out that the LLC is dissolved, and, under Illinois law a dissolved LLC cannot bring litigation, hence a derivative suit could not be brought to benefit the LLC either as the suit is nominally brough by the LLC through a member.

Since Debtor has no individual cause of action, and since any derivative action cannot be brought with the LLC dissolved, Trustee cannot sell either such non-existent cause of action.

And Trustee cannot sell the power of the member to reinstate the LLC in order to bring a derivative action for the benefit of the LLC without selling the membership interest itself, which he does not propose to do.

## II.   What the Trustee Can Sell

Trustee can sell the rights to an "alleged claim that Debtor has against Berke" but only "as is, where is, with no representation that said claim even legally exists". This is different than saying "no representation of whether the claim has merit." It's akin to the difference between saying Trustee seeks to sell "a antique lamp that a debtor claims

he owns, even if such a lamp does not exist" as compared to selling "an antique lamp that debtor claims he owns, that may or may not be an antique after all."

So long as Trustee advertises that he is selling al alleged cause of action that Debtor scheduled, one that Debtor may not have any right to bring, then the trustee can sell "an alleged cause of action, even if it is not a real cause of action."

### III.   Disclosures Under Due Diligence

But, as to the pre-bidding process, Berke also believes that this Court should require Trustee to provide any potential bidder with all information he has obtained about the alleged causes of action.  In Berke's case, that would be the Defense Email and any documents provided to Trustee's counsel that support the Defense Email In all instances, bidders need to know that what they are buying my (a) be nothing at all legally, and (b) have defenses even if the buyer can come up with some way of arguing that what they bought was the right to bring some litigation.

### IV.   The Bid Procedures are not Fair to Bidders

Although paragraph 8 of the Motion to Sell states that Trustee seeks to sell each individual action for cash to be paid at the closing of the sale of each action, in paragraph 21(a) of the Motion to Sell, Trustee is seeking sealed bids for the purchase of "any individual cause of action or all of the Causes of Action" as one bid amount.  And in paragraph 21(b), Trustee proposes that he and his representatives will determine in their collective best judgment, the higher or "otherwise best" offer.

This procedure has three problems.

One of the problems is that it lets a bid for more than one cause of action be tied together as a total bid number only if the bid  if it is for *all* of the causes of action. Anyone wanting to bid, on, say, two causes of action, and who only wants them if the

3

bidder can have both of them, cannot make such a bid. The bidder would have to make two separate bids for the two, and the Trustee could accept one and not the other. But a bidder with enough money can bid on all the causes of action and accomplish the same purpose of getting the two together.

The second problem is that it is likely that only entities who happen to be embroiled in active litigation as per an of the causes of action named in the Motion to Sell are going to have any incentive to make a bid for all causes of action. If the Trustee receives one such bid, and then receives other bids for only some of the other causes of action, individually, leaving others unsold, Trustee is going to be inclined to take the bid for the whole rather than having some unsold, abandoned, causes of action. That leaves parties against whom there are alleged unfiled and suspect causes of action—that they might want to purchase—subject to being effectively frozen out of the sale process.

The final problem is that Trustee and his representatives are not saying that they will take the highest collar bid for each cause of action, but that they have sole discretion to accept the highest or "otherwise best" offer. Besides leading to the effect of the second problem above, it also means that the trustee has no parameters on what is an "otherwise best" offer. Trustee could decide, for instance, that it would be better to sell the cause of action against Berke to the third member of the LLC, even if Berke made the same dollar offer. For any reason, whatsoever, without needing to disclose the reason, Trustee could decide that this was an "otherwise best" offer.

## Conclusion

The only fair bidding process to sell the existing and alleged causes of action named in the Motion to Settle is to require:

(a) that Trustee disclose that he is selling alleged causes of action, whether or not

4

they exist, with no warranty as to whether they exist or, if they do exist, with no warranty that they have any legal validity,

(b) that Trustee be required to provide any potential bidder trying to do due diligence, all information Trustee has regarding any such alleged cause of action,

(c) that any bidder wishing to bid on more than one cause of action send in separate bids for each,

(d) that Trustee accept the highest dollar bid for each cause of action, and

(e) that all bids Trustee received be set forth in a Report of Sale filed by the Trustee, to ensure that this Court can review the process to determine that Trustee actually accepted the highest bid for each cause of action.

        Respectfully submitted,
        Benitta Berke,

        /s/   Cindy M. Johnson
        One of her Attorneys

Cindy M. Johnson
Carleen L Cignetto
Johnson Legal Group, LLC
140 S. Dearborn Street, Suite 1510
Chicago, Illinois  60603
(312) 345-1306

5