**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **MICHAEL HELMSTETTER,** | ) | Case No. 19-28687 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |

## NOTICE OF FILING

TO: See attached service list

    PLEASE TAKE NOTICE that on October 15th, 2021, I filed Santander Bank N.A.'s *Amended Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, a copy of which is attached hereto and served upon you.


Date: October 15, 2021　　　　　　　　　　　SANTANDER BANK, N.A.


　　　　　　　　　　　　　　　　　　　By:　/s/ Debra Devassy Babu
Debra Devassy Babu　　　　　　　　　　　　　One of its Attorneys
Darcy & Devassy PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611
(312) 784-2400 (t)
ddevassy@darcydevassy.com

## **CERTIFICATE OF SERVICE**

TO: See attached service list

    I, Debra Devassy Babu, hereby certify that on the 15th day of October, 2021, I electronically filed Santander Bank, N.A.'s *Amended Objection to Trustee's Motion Regarding Sale,* in the above-captioned matter, with the Clerk of Court using the CM/ECF system, and served copies onto the below mentioned parties by the Court's electronic notice or by First Class Mail by depositing the same in the U.S. Mail at 444 N. Michigan Avenue, Chicago, Illinois 60611.

Date:   October 15, 2021                        <u>s/Debra Devassy Babu</u>

**Served via the Court's Electronic Notice:**

Patrick S. Layng
USTPRegion11.ES.ECF@usdoj.gov

David R. Herzog
drhlaw@mindspring.com,
dherzoglaw@gmail.com, il59@ecfcbis.com,
drh@trustesolutions.net,

Nicola Tancredi
ntancredilaw@gmail.com

Jamie L Burns
jburns@lplegal.com,
ikropiewnicka@lplegal.com,
rwilliamson@lplegal.com

Whitman H. Brisky
wbrisky@mauckbaker.com,
WHBCourt@mauckbaker.com,
raguilan@mauckbaker.com,
sthomas@mauckbaker.com
awillis@mauckbaker.com

Christopher R. Schmidgal
bankruptcy@wshlegal.com,
schmidgallwr70654@notify.bestcase.com

Charles Tatelbaum
cmt@trippscott.com,
hbb@trippscott.com
eservice@trippscott.com

James M. Yannakopoulos
jyannako@kblegal.net,
khand@kblegal.net

Bryan D King
bking@bupdlaw.com

Daniel S Hefter
dhefter@hefter-law.com

Justin M. Mertz
jmmertz@michaelbest.com

Cindy M. Johnson
cjohnson@jnlegal.net

**Served by U.S. Mail:**

Michael Helmstetter
3939 North Star Trail
Odessa, Florida 33556

ADG
Attn: William H. Kelly, Partner
5810 W. 78th Street, Suite 300
Minneapolis, MN 55439

Beerman LLP
161 N Clark Street
Suite 3000
Chicago, IL 60601

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

FCA, aka Fiat
c/o Quarles & Brady
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654

Ft. Worth Brothers Automotive LLC
c/o Burke Warren McKay Serritella
330 N. Wabash 21st Floor
Chicago, IL 60611

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

IRS
PO BOX 7346
Philadelphia, PA 19101-7346

Monroe Capital
311 South Wacker Drive, Suite 64
Chicago, Illinois 60606

Oak Group bba Warranty Sol'n Mngt Corp
7125 W. Jefferson Ave., Suite S-200
Denver, CO 80235

Oceantime LLC
3208 NE 10th Street
Pompano Beach, FL 33062-3908

O'Rourke & Moody
c/o Michael C. Moody
55 West Wacker Drive, Suite 1400
Chicago, Illinois 60601

Painted Sky/Adam Wimmer
1225 17th Street, Suite 2650
Denver, CO 80202

Pearl Capital Business Funding, LLC
525 Washington Blvd
22nd Floor
Jersey City, NJ 07310

Premium Business Solutions
8019 N. Himes
Tampa, Florida 33611

Reyna Capital Corporation
One Reynolds Way
Kettering, OH 45430

Ridgestone Bank
500 Elm Grove Road
Suite 102
Elm Grove, WI 53122

Ronald Richardson
329 W. 18th Street
Chicago, Illinois 60616

Ultegra Financial Partners, Inc.
1009 18th Street, Suite 2860
Denver, CO 80202
West Lake Financial Services
4751 Wilshire Blvd.
Suite 100
Los Angeles, CA 90010

World Business Lenders
c/o Thomas H. Griesta
105 West Madison Street, Suite 1500
Chicago, Illinois 60602

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| MICHAEL HELMSTETTER, ) | Case No. 19-28687 |
| ) | |
| ) | Hon. Jacqueline P. Cox |
| Debtor. ) | |
| ) | |

**SANTANDER BANK, N.A.'S AMENDED OBJECTION TO**
**TRUSTEE'S MOTION REGARDING SALE**

NOW COMES Creditor SANTANDER BANK, N.A. ("Santander"), by and through its counsel, and for its Amended Objection (the "Objection") to Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale Of Causes of Action Free And Clear Of Liens, Claims, And Other Interests, and (III) To Limit Notice [Docket No. 139] (the "Motion"), states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as the relief requested by the Trustee's Motion constitutes a proceeding arising under and related to Debtor's Chapter 7 bankruptcy proceeding, which is currently pending before this Court.

**BACKGROUND FACTS**

3. On October 9, 2019, Michael Helmstetter (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. David R. Herzog was appointed trustee ("Trustee") of the Debtor's estate.

5. Debtor was one of three members of New City Historic Auto Row LLC ("New City"), a car dealership. New City was involuntarily dissolved in February 2021.

1

A. **New City's Bankruptcy Filing**

6. Santander financed New City's motor vehicle inventory pursuant to a Floorplan Financing and Security Agreement (the "Floorplan Agreement"), in exchange for a blanket lien on New City's assets (the "Collateral").

7. When New City defaulted under the Floorplan Agreement, Santander filed suit against New City and the Debtor, who personally guaranteed the Floorplan Agreement, in January 2018 in the United States District Court for the Northern District of Illinois in Santander Bank, N.A. v. New City et al., Case No. 18-CV-201, which was pending before Judge John Robert Blakey.

8. On July 25, 2018, on the eve of Santander's initial UCC sale of the Collateral, New City filed for Chapter 11 bankruptcy protection in this Court as Case No. 18-20811 (the "New City Bankruptcy Case"). See Docket No. 1 in the New City Bankruptcy Case.

9. On July 27, 2018, Santander filed its Motion for Order Modifying the Automatic Stay to Permit Sale of Collateral and Liquidation of Deficiency Claim (the "Motion for Relief from Stay"). See Motion for Relief from Stay, Docket No. 5 in the New City Bankruptcy Case. On September 19, 2018, after several hearings on the matter, including two evidentiary hearings, this Court granted Santander's Motion for Relief from Stay, and allowed Santander to proceed with its case before Judge Blakey. See Docket Nos. 16, 17, 45, 72 and 78 in the New City Bankruptcy Case.

10. Santander noticed a second UCC sale and eventually liquidated substantially all of the Collateral on November 16, 2018.

11. On January 29, 2019, this Court granted the United States Trustee's Motion to Dismiss or Convert Case Pursuant to 11 U.S.C. 1112(b) and dismissed the New City Bankruptcy Case. See Docket Nos. 99 and 109 in the New City Bankruptcy Case.

**B. Debtor's Bankruptcy Filing and the Causes of Action**

12. On October 9, 2019, the Debtor filed for Chapter 7 bankruptcy protection.

13. On July 17, 2020, Santander filed a Proof of Claim in the amount of $5,028,740.87, for the Debtor's guarantee of New City's obligations to Santander under the Floorplan Agreement. See Proof of Claim No. 12.

14. In his Schedules, the Debtor listed various causes of action as the Debtor's assets, including two lawsuits that involve Santander (the "Causes of Action").

15. The Causes of Action are the following two lawsuits: (a) Santander Bank, N.A. v. New City et al., Case No. 18-CV-201 in the United States District Court for the Northern District of Illinois, which previously was pending before Judge Blakey (described in Paragraph 7 above); and (b) FCA USA LLC v. Santander Bank, N.A., et al., Case No. 19-CV-1516 in the United States District Court for the Northern District of Illinois, which previously was pending before Judge John Z. Lee.

16. According to the Debtor's Schedules, Santander allegedly committed fraud, tortious interference, and breach of contract, among other alleged misconduct, against **New City** while providing the floorplan financing under the Floorplan Agreement. The Debtor – apparently as a member of New City – asserts that Santander is liable to **him** in the amount of $7.9 million as a result of the alleged misconduct through the two cases referenced in Paragraph 15 above.

17. In Santander Bank, N.A. v. New City, Case No. 18-CV-201, New City asserted Counterclaims against Santander for the alleged wrongdoing referenced in Paragraph 16 above.

3

However, on November 1, 2019, Judge Blakey entered default judgment against New City and in favor of Santander in the amount of $5,028,740.87, for the balance owed under the Floorplan Agreement, as well as all of Santander's expenses, prejudgment interest, attorney's fees and costs (the "Default Judgment"). Judge Blakey further dismissed any pending Counterclaims of New City against Santander for want of prosecution. See Default Judgment, Exhibit 1 hereto. **Notably, the Debtor never raised any Counterclaims against Santander; only New City brought Counterclaims against Santander.** New City never appealed the Default Judgment, and the full balance of the Default Judgment remains unsatisfied. The amount of the Default Judgment is the basis for Santander's Proof of Claim against the Debtor. See Proof of Claim No. 12.

18. In FCA USA LLC v. Santander Bank, N.A., et al., Case No. 19-CV-1516, FCA USA LLC ("FCA") filed an interpleader action against Santander, New City and others, seeking guidance from Judge Lee as to the party entitled to payment of certain credits owed to New City by FCA. Among other arguments, New City claimed that Santander was not entitled to the FCA payment, because of Santander's alleged wrongdoing against New City. The Debtor was not a party to the FCA lawsuit.

19. Over New City's opposition, Judge Lee ruled in Santander's favor on FCA's interpleader claim and granted Santander summary judgment (the "Summary Judgment Order"). Judge Lee specifically found that New City was precluded from asserting Santander's alleged misconduct under judicial estoppel and collateral estoppel grounds, based on the Default Judgment entered by Judge Blakey. See Memorandum Opinion and Order on Summary Judgment Order, pp. 12-14, Exhibit 2 hereto.

20. New City appealed Judge Lee's decision to the Seventh Circuit, where it is currently pending. New City is represented by counsel in the appeal, and recently requested its

4

third extension of time to file its Appellate Brief, which was granted. New City's Appellate Brief is due on October 20, 2021.

21. On September 14, 2021, the Trustee filed the Motion, proposing to sell the Causes of Action, among other litigation and claims listed by the Debtor in his Schedules.

22. For the reasons set forth below, Santander objects to the Trustee's Motion. As an initial matter, New City is not the debtor. Moreover, because New City has substantial debts, the Debtor's ownership interest in New City provides no value to the estate. More importantly, the Causes of Action involving Santander have no value to any potential buyer. Finally, Santander objects to the bidding procedures.

## SANTANDER'S OBJECTIONS

23. 11 U.S.C. § 363(f) provides in pertinent part that:

> (f) The trustee may sell property under section (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:
>
> > (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> >
> > (2) such entity consents;
> >
> > (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> >
> > (4) such interest is in bona fide dispute; or
> >
> > (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

24. Under 11 U.S.C. § 363(b), the Trustee may only sell "property of the estate."

25. New City is not the debtor. Instead, the Debtor allegedly held a majority interest in New City, which is now dissolved. Santander has an unpaid judgment in the amount of

5

$5,028,740.87 against New City, such that the Debtor's ownership interest in New City provides no value to the estate.

26. With respect to the Causes of Action involving Santander, it is unclear **what** the Trustee is attempting to sell to a potential buyer.

27. The Debtor never raised Counterclaims against Santander in the case before Judge Blakey. Based on Judge Blakey's prior ruling in the Default Judgment, New City's Counterclaims against Santander were dismissed nearly two years ago. Under Judge Lee's decision in the Summary Judgment Order, New City is precluded from raising those same Counterclaims against Santander on judicial estoppel and collateral estoppel grounds. Thus, the sale of the Causes of Action involving the Default Judgment to a potential buyer would be utterly worthless.

28. Similarly, with respect to New City's pending appeal of the Summary Judgment Order, New City is represented by counsel in the Seventh Circuit, such that there is nothing for the Trustee to sell. To be clear, the Debtor is not a party to this pending appeal, and the Debtor's only potential interest in the case is as owner of New City. The Trustee's Motion does not seek approval to sell the Debtor's interest in New City. The Trustee has failed to explain how he has authority to sell a cause of action involving a non-debtor.

29. Thus, with respect to both Causes of Action involving Santander, there is no potential liability to the Debtor that a buyer can purchase.

30. The Trustee "has a statutory duty to collect and liquidate the property of the estate. 11 U.S.C. § 704(1). He is accountable for all property received, 11 U.S.C. § 704(2), and he owes a fiduciary duty to the creditors." Matter of Salzer, 52 F.3d 708, 712 (7th Cir. 1995). See also McGarry & McGarry, LLC v. Bankr. Mgmt. Sols., Inc., 937 F.3d 1056, 1066 (7th Cir. 2019) ("a trustee in bankruptcy owes a fiduciary duty to an estate's creditors"). The Trustee must also

"investigate the financial affairs of the debtor." See 11 U.S.C. §§ 704(4); Matter of Vance, 165 F.3d 34 (7th Cir. 1998).

> 31. The Trustee implicitly acknowledges that the Causes of Action are meritless:
>
> The Trustee has investigated the Causes of Action and has decided in the exercise of his business discretion to refrain from prosecuting any of the Causes of Action enumerated hereinafter due to uncertainties regarding the viability of the Causes of Action, the ability to procure evidence and witnesses to support the Causes of Action and an insufficiency of fiscal resources of the estate to finance the prosecution[.] . . .
>
> The alternative to a sale of the Causes of Actions is the prosecution of those actions by the Trustee as a substituted party for the Debtor. The Trustee is informed and reasonably believes that the Causes of Action would extend over a time period of several years due to the hostile relations existing between the parties and the efforts expended to date. Furthermore, there is no certainty of success in prosecuting the Causes of Action due to a number of factors, including but not limited to, (i) the speculative and contingent nature of all of the causes of action, (ii) the manner in which the Debtor has conducted his business operations, (iii) the uncertainty of the Debtor's cooperation in prosecuting the Causes of Action for the benefit of the Estate as opposed to his personal benefit, and (iv) the history and track record of the Debtor's litigation to date. To succeed in collecting the Causes of Action, the Trustee would depend upon the cooperation and testimony of the Debtor, which is not assured and may prove to be unreliable. The Trustee also lacks funds to pay substantial costs and/or legal expenses needed to prosecute the Actions.

See Motion, Paragraphs 5 and 17.

> 32. Though the Trustee tacitly admits that he would be constrained to pursue the Causes

of Action in good faith under Bankruptcy Rule 9011, he inexplicably attempts to sell these

meritless claims, which is impermissible:

> Under applicable case law and public policy concerns, the sale of these claims that the Trustee determined to be meritless and has not sought to prosecute in the State Court Action or even allege in the Rosenberg-Zelinger Adversary Proceeding is impermissible. *See Milazzo*, 450 B.R. at 380 ("In this Court's view permitting prosecution or continued prosecution of causes of action without merit, is against public policy. ... Reasonable settlements should be encouraged. Pursuing claims without merit should not." (internal citation omitted)); *In re Boyer*, 354 B.R. 14, 35 (Bankr. D. Conn. 2006), as amended (Nov. 20, 2006), *aff'd*, 372 B.R. 102 (D. Conn. 2007), *aff'd*, 328 F. App'x 711 (2d Cir. 2009) ("[T]he court notes that permitting a trustee to sell causes of action which he would not litigate himself under any

7

circumstances would encourage trustees to traffic in causes of action with no litigation value. That would foment useless litigation and is against public policy."); *Metro. Elec.,* 295 B.R. at 11 (noting that the trustee refused to bring the claims himself and refused to be a co-plaintiff on those claims and, as such, his consent to assignment thereof was "half-hearted" at best and was merely given to bring money into the estate)[.] . . . Accordingly, for these reasons, it would be improper under *Boyer*, *Milazzo*, and *Metro. Elec.* to allow a trustee to sell causes of action that he or she has investigated and declined to bring, not because the claims lack "substantial value," but rather because they are meritless and thus without *any* value. To permit a trustee to extract some value by selling meritless claims would foment frivolous litigation and potentially create a cottage industry whereby a trustee will seek to monetize claims that have been carefully vetted and determined to lack merit. The Court refuses to sanction monetizing worthless claims in such fashion.

In re Gershon Barkany, No. 8-14-72941-LAS, 2021 WL 4272589, at *13, *15 (Bankr. E.D.N.Y. Sept. 20, 2021), attached hereto as Exhibit 3. Accordingly, the Trustee should not be permitted to sell the Causes of Action against Santander.

33. Finally, Santander objects to the bidding procedures. Because of the frivolous nature of the Causes of Action against Santander (and based on the Objections of other creditors, the meritless nature of the other claims to be sold by the Trustee), the only likely bidders will be the creditors themselves or a close friend or family member of the Debtor whose interests are aligned with the Debtor. The Trustee's proposed sale of the Causes of Action is unlikely to attract an arm's length buyer.

34. Santander and the other creditors are in an unenviable position. While the Causes of Action are meritless, Santander may be forced to bid on the Causes of Action, to avoid another party from prosecuting frivolous claims, all while being owed over $5 million by the Debtor. The Trustee's Motion essentially forces the creditors to pay the estate for meritless claims, little of which is to be expected to be distributed to creditors.

35. Moreover, the blind nature of the bidding process and the Trustee's discretion to accept the highest or "otherwise best offer" is problematic, as a bidder has little transparency into the bidding process and how the Trustee selects the winning bid.

36. Under 11 U.S.C. § 105, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

37. Accordingly, Santander respectfully requests that the Court rule that the Causes of Action involving Santander be excluded from the Trustee's sale.

WHEREFORE, SANTANDER BANK, N.A. respectfully requests that this Court:

(a) Sustain its Amended Objection; and

(b) Find that the Causes of Action involving Santander be excluded from the Trustee's sale proposed in the Motion.

SANTANDER BANK, N.A.

By:    /s/ Debra Devassy Babu

Debra Devassy Babu (ARDC #06282743)
Darcy & Devassy PC
444 North Michigan Avenue, Suite 3270
Chicago, IL  60611
(312) 784-2400 Telephone
(312) 784-2410 Facsimile
ddevassy@darcydevassy.com

9