**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 7** |
| **MICHAEL HELMSTETTER,** | **Case No. 19-28687** |
| Debtor. | **Honorable Jacqueline Cox** |

## NOTICE OF FILING

TO: See Attached Service List.

    **PLEASE TAKE NOTICE** that on **October 15, 2021**, the undersigned attorney filed **Landlord's Amended Limited Objection to Trustee's Motion Regarding Sale,** a copy of which is attached hereto and hereby served upon you.

Dated: October 15, 2021

Respectfully submitted,

**COUNTY MAYO CORPORATION** and
**2401 SO. MICHIGAN BUILDING CORPORATION**

By  /s/ Whitman. H. Brisky
    One of Their Attorneys

Whitman H. Brisky
**MAUCK & BAKER, LLC**
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602
Phone: (312) 848-4734
Fax: (866) 619-8661
wbrisky@mauckbaker.com

## CERTIFICATE OF SERVICE

I, Whitman H. Brisky, hereby certify that on October 15, 2021, I electronically filed **Landlord's Amended Limited Objection to Trustee's Motion Regarding Sale,** in the above-captioned matter, with the Clerk of the Court using the CM/ECF system and served copies thereof through the Court's electronic notice system.

/s/ Whitman H. Brisky

## SERVICE LIST

- Debra Devassy Babu on behalf of Creditor Santander Bank, N.A.
  ddevassy@askounisdarcy.com, zjohannsen@askounisdarcy.com

- Theresa S. Benjamin, Esq. on behalf of Debtor 1 Michael S. Helmstetter
  theresa@benjaminlaw.com,
  firmecf@gmail.com;jkb@benjaminlaw.com;g5094@notify.cincompass.com;r54940@notify.bestcase.com

- Jamie L Burns on behalf of Creditor Kingdom Chevrolet
  jburns@lplegal.com, ikropiewnicka@lplegal.com;rwilliamson@lplegal.com

- Joseph D Frank on behalf of Plaintiff Nissan North America, Inc.
  jfrank@fgllp.com,
  jkleinman@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com;csmith@fgllp.com

- Daniel S Hefter on behalf of Creditor Monte Merz
  dhefter@hefter-law.com

- David R Herzog
  drhlaw@mindspring.com,
  dherzoglaw@gmail.com;il59@ecfcbis.com;drh@trustesolutions.net

- Richard L Hirsh on behalf of Attorney Nick Tancredi
  richard@bankruptcy-dupage.com, rlhpc2@bankruptcy-dupage.com

- Cindy M. Johnson on behalf of Creditor Benitta Berke
  cjohnson@jnlegal.net, KLindsey@jnlegal.net

- Bryan D King on behalf of Creditor Brown, Udell, Pomerantz & Delrahim
  bking@bupdlaw.com

- Micah R Krohn on behalf of Plaintiff Nissan North America, Inc.
  mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com

- Patrick S Layng
  USTPRegion11.ES.ECF@usdoj.gov

- Justin M Mertz on behalf of Creditor Terry Gaouette
  jmmertz@michaelbest.com,
  jcalmes@michaelbest.com;courtmail@michaelbest.com;kmburns@michaelbest.com

- Jeffrey K. Paulsen on behalf of Creditor World Business Lenders LLC
  jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

- Dennis E. Quaid on behalf of Trustee David R Herzog
  dquaid3@gmail.com

- Christopher R Schmidgall on behalf of Creditor Kerri Fallon-Helmstetter
  bankruptcy@wshlegal.com, schmidgallwr70654@notify.bestcase.com

- Gregory K Stern on behalf of Trustee David R Herzog
  greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

- Nicola S Tancredi on behalf of Attorney Nick Tancredi
  ntancredilaw@gmail.com

- Charles Tatelbaum on behalf of Creditor Nissan North America, Inc.
  cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

- James M Yannakopoulos on behalf of Creditor Centier Bank
  jyannako@kblegal.net, khand@kblegal.net

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **MICHAEL HELMSTETTER,** | ) | Case No. 19-28687 |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |

### LANDLORD'S AMENDED LIMITED OBJECTION TO TRUSTEE'S MOTION REGARDING SALE

NOW COME Creditors County Mayo Corporation and 2401 So. Michigan Building Corporation (collectively "Landlords"), by and through their Counsel, and amending their Limited Objection to Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale of Causes of Action Free and Clear of Liens, Claims and Other Interests, and (III) to Limit Notice [Docket No. 139] ("Amended Objection"), state as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409, as the relief requested by the Trustee's Motion constitutes a proceeding arising under and related to Debtor's Chapter 7 bankruptcy proceeding, which is currently pending before this Court.

### BACKGROUND FACTS

3. On October 9, 2019, Michael Helmstetter (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

1

4. David R. Herzog was appointed trustee ("Trustee") of the Debtor's estate.

5. Trustee filed a Motion on September 14, 2021, requesting approval of 1) the Bidding Procedures, 2) Sale of the Causes of Action Free and Clear of Liens, Claims, Encumbrances, and Other Interests, and 3) Limited Notice ("Trustee's Motion").

6. The Debtor owned 51% of the stock of New City Historic Auto Row, Inc. ("New City"), a car dealership, which was the debtor in a now dismissed Chapter 11 proceeding before this Court, 18 B 20811.

7. Landlords were New City's landlords and have substantial claims, in the amount of approximately $370,776.00, for unpaid rent of $55,000 per month and against Debtor herein under personal guaranties of said rent.

8. During a Cook County eviction case, New City filed certain unsubstantiated and meritless Counterclaims ("Eviction Counterclaims") against Landlords for: Replevin, Conversion, Trespass, and Self-Help.

9. Upon Landlords prevailing in a jury trial, an Eviction Order was entered on August 28, 2019, mandating immediate possession to Landlords of property leased by New City.

10. Although Landlords maintain that the Eviction Counterclaims are meritless, they have not yet been finally resolved and, to the extent that this estate might assert these claims against Landlords, they should have been scheduled by the Debtor and should be included in the sale of causes of action by the Trustee.

11. In Debtor's Schedule A/B for Property, Debtor has alleged additional meritless claims against Landlords for Bad Faith ("Bad Faith") in entering the lease and that the property was not properly zoned to operate a car dealership when it was actually "grandfathered" into the proper zoning and had operated as a car dealership for 30 years. [Docket No. 26, p. 9 of 73]. Any

2

potential cause of action would be weak and easily defeated by the evidence.

12.     Debtor amended his Schedule A/B for property and listed additional potential claims against Maureen Joyce, owner of 2401 So. Michigan Building Corporation and County Mayo Corporation, for fraudulent inducement to contract ("Fraudulent Inducement"), fraudulent mispresentation by omission of material facts ("Fraudulent Misrepresentation") for allegedly knowing about zoning and road construction and not disclosing it to Debtor prior to entering the lease agreement, and theft ("Theft"). [Docket No. 63, Ex. 1] These potential claims will likely be dismissed if pursued as there is no evidence to support them. Moreover, the Theft claim is unsupported by any description in Debtor's amended Schedule A/B and by the evidence.

13.     While Landlords maintain that any and all potential claims against Landlords, including but not limited to Eviction Counterclaims, Bad Faith, Fraudulent Inducement, Fraudulent Misrepresentation, and Theft are property of New City, because Debtor was 51% shareholder of New City, the Trustee asserts that said claims are "property of the Estate" and subject to being sold by the Trustee.

14.     Landlord's believe that it is unlikely that any party other than themselves and possibly Debtor or someone affiliated with Debtor will likely bid on the claims. But if the causes of action are not sold they will be abandoned to the Debtor. Although such causes of action have no merit, the existence of those causes of action will permit the Debtor to further harass creditors, including Landlords, and bring meritless lawsuits against them. Landlords believe that the best way to bring these causes of action to a conclusion, as well as aid in the administration of this estate, is for these causes of action to be sold.

15.     Provided the Eviction Counterclaims are sold along with the other causes of action, Landlords withdraw their Limited Objection to Trustee's Motion Regarding Sale and

3

pursuant to 11 U.S.C. § 363(f), consent to the Trustee selling the aforementioned claims against Landlords free and clear of any liens, claims, encumbrances, and other interests using the Bidding Procedures outlined in the Trustee's Motion.

16. Further, Landlords agree with the Bidding Procedures and Limited Notice as outlined in Trustee's Motion. [Docket No. 139]

WHEREFORE, Landlords respectfully request that the Court enter an Order:

(a) Permitting the Trustee to proceed with the sale of all causes of action that could be asserted against Landlords by Debtor, including the Eviction Counterclaims, under the Bidding Procedures and other terms and conditions set forth in the Trustee's Motion.

Dated: October 15, 2021                    Respectfully Submitted,

**County Mayo Corp and**
**2401 So. Michigan Building Corporation**

By:    /s/Whitman H. Brisky

Whitman H. Brisky
Mauck & Baker, LLC
1 North LaSalle Street
Chicago, Illinois 60601
312-848-4734
wbrisky@mauckbaker.com