**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**

In re:

MICHAEL HELMSTETTER,

Debtor.

Case No. 19-28687
Chapter 7

Hon. Jacqueline P. Cox

**NOTICE OF FILING**

TO:   See attached Service List

PLEASE TAKE NOTICE that on October 18, 2021, I caused to be filed with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois **TERRY GAOUETTE'S LIMITED OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE BIDDING PROCEDURES (AND FOR OTHER RELIEF)**, a copy of which is attached hereto and hereby served upon you.

Dated: October 18, 2021.

**MICHAEL BEST & FRIEDRICH LLP**

*By: s/ Justin M. Mertz*
Justin M. Mertz, Esq.
jmmertz@michaelbest.com
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.271.6560

*Attorneys for Terry Gaouette*

**CERTIFICATE OF SERVICE**

I, Justin M. Mertz, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid on October 18, 2021.

*By:     s/ Justin M. Mertz*

## Service List

### VIA CM/ECF

- **Debra Devassy Babu**     ddevassy@askounisdarcy.com, zjohannsen@askounisdarcy.com

- **Theresa S. Benjamin**     theresa@benjaminlaw.com,
firmecf@gmail.com;jkb@benjaminlaw.com;g5094@notify.cincompass.com;r54940@notify.best case.com

- **Whitman H. Brisky**     wbrisky@mauckbaker.com,
WHBCourt@mauckbaker.com;raguilan@mauckbaker.com;sthomas@mauckbaker.com;awillis@mauckbaker.com

- **Jamie L Burns**   jburns@lplegal.com, ikropiewnicka@lplegal.com;rwilliamson@lplegal.com

- **Joseph D Frank** jfrank@fgllp.com,
jkleinman@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com;csmith@fgllp.com

- **Daniel S Hefter** dhefter@hefter-law.com

- **David R Herzog**     drhlaw@mindspring.com,
dherzoglaw@gmail.com;il59@ecfcbis.com;drh@trustesolutions.net

- **Richard L Hirsh**     richard@bankruptcy-dupage.com, rlhpc2@bankruptcy-dupage.com

- **Cindy M. Johnson**     cjohnson@jnlegal.net, KLindsey@jnlegal.net

- **Bryan D King**   bking@bupdlaw.com

- **Micah R Krohn** mkrohn@fgllp.com, csmith@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com

- **Patrick S Layng** USTPRegion11.ES.ECF@usdoj.gov

- **Justin M Mertz** jmmertz@michaelbest.com,
jcalmes@michaelbest.com;courtmail@michaelbest.com;kmburns@michaelbest.com

- **Jeffrey K. Paulsen**     jpaulsen@wfactorlaw.com,
bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com

- **Dennis E. Quaid**     dquaid3@gmail.com

- **Christopher R Schmidgall**     bankruptcy@wshlegal.com,
schmidgallwr70654@notify.bestcase.com

- **Gregory K Stern**     greg@gregstern.com, steve_horvath@ilnb.uscourts.gov

- **Nicola S Tancredi**     ntancredilaw@gmail.com

- **Charles Tatelbaum**     cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com

- **James M Yannakopoulos**     jyannako@kblegal.net, khand@kblegal.net

2

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re:

MICHAEL HELMSTETTER,

Debtor.

Case No. 19-28687
Chapter 7

Hon. Jacqueline P. Cox

### OBJECTION BY TERRY GAOUETTE TO CHAPTER 7 TRUSTEE'S MOTION TO APPROVE BIDDING PROCEDURES (AND FOR OTHER RELIEF)

Now COMES Terry Gaouette ("**Gaouette**"), as an interested party in the above-captioned case of the Debtor, by his attorneys, and as for his objection to the *Chapter 7 Trustee's Motion to Approve (I) Bidding Procedures, (II) Sale of Causes of Action Free and Clear of Liens, Claims, and Other Interests, and (III) To Limit Notice* (hereafter the "**Sale Motion**") states as follows:

**Factual Background**

1.  Gaouette's accounting firm provided certain bookkeeping and tax filing services for certain non-debtor entities that were or are related to the Debtor. Such accounting services were provided pre-petition, and were upon belief, not performed individually for the Debtor.

2.  The Debtor filed this case on October 9, 2019 and David Herzog has been appointed as the trustee ("**Trustee**") to administer the Debtor's estate.

3

3. The Debtor lists numerous third-party causes of action as part of his bankruptcy schedules, including speculative claims (the "**Alleged Claims**") against Gaouette for "$1M+" related to "breach of contract; fraudulent inducement; misrepresentation; fraud; civil RICO; predatory lending; tax malpractice." (*See* Docket No. 63-1, at p. 4.)[1]

4. The Debtor also asserts that the Alleged Claims "*may* be personal to debtor or derivative as a shareholder of member of New City Auto Group or New City Historic Row, Inc." (Docket No. 63, at p. 9.)

5. On September 14, 2021, the Trustee filed the Sale Motion, proposing to sell the Alleged Claims, among many other speculative litigation matters and causes of action listed against third-parties in his Schedules.

**Objection**

6. Like other creditors, Gaouette asserts that not only are the Alleged Claims highly speculative and perhaps frivolously listed within the Schedules, but also that the Alleged Claims, if any, are not property of the Debtor's estate at all.

7. Gaouette asserts that any such Alleged Claims are not claims that would somehow be held by the Debtor individually, and therefore are not property of the estate that could be sold pursuant to 11 U.S.C. § 363. Because any Alleged Claims are not

---

[1] The Debtor also lists similar claims against "Gaouetter & Associates" (sic) and "Terry Gaouetter" (sic) for $3,000,000 as indicated on Docket No. 63 at p. 9. Gaouette is treating these as part of the Alleged Claims.

4

individual causes of action held by the Debtor, the Trustee cannot sell such "assets" because they do not exist.

8. The entire premise of selling the Alleged Claims is misleading and an abuse of the system. Although Gaouette understands that the Trustee can sell whatever interest the Debtor might have in a particular asset—the Motion to Sell essentially admits that the Alleged Claims are meritless.

9. Yet, by spending the estate's resources to sell the Alleged Claims, the Trustee inherently validates this distorted process. How can the Trustee seek to sell something that he, in good faith, does not believe has any merit or value? In doing this, the Trustee (whether purposefully or not) seeks to extract sums of money from each of the third parties to buy off the Alleged Claims against them. If Gaouette does not pay in, he runs the risk of someone else buying these Alleged Claims or having them revert to the Debtor by way of § 554.

10. In the event that the Court is willing to allow the Sale Motion to go forward, the Court should require disclosures, disclaimers, and protections (including bidding mechanics) to protect Gaouette and other similarly situated third parties.

11. It is entirely unclear what the auction process could look like, including whether certain Alleged Claims will (or won't) be lumped together with other third-party claims. If claims against Gaouette are lumped together with others, Gaouette will have no way to protect himself if he is indeed forced to pay the Trustee off to protect his interests.

**Conclusion**

For the reasons stated herein, Gaouette respectfully requests that the Court deny the Sale Motion as to the Alleged Claims against Gaouette because they are not property of the Debtor's estate, or are otherwise frivolous and should be disregarded by the Trustee. Alternatively, if the Court allows any sale of the Alleged Claims to go forward, Gaouette respectfully requests that the Court disallow the auction procedures are drafted, unless and until the Court is satisfied that the interests of third parties are protected through the process.

Dated: October 18, 2021.

**MICHAEL BEST & FRIEDRICH LLP**

By:  s/ Justin M. Mertz
Justin M. Mertz, Esq.
jmmertz@michaelbest.com
790 N. Water Street, Suite 2500
Milwaukee, WI 53202
Phone: 414.271.6560

*Attorneys for Terry Gaouette*