## EXHIBIT A

## BIDDING PROCEDURES

DAVID R. HERZOG, not individually, but solely in his capacity as the Chapter 7 Trustee ("**Seller**") of the bankruptcy estate of Michael Helmstetter (the "**Debtor**"), has sought authority from the United States Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**") to sell (the "**Sale**") the following assets:

Causes of Action

The entire and most expansive extent of the Trustee, Debtor and estate of the Debtor's right, title and interest, if any, that Michael Helmstetter has the right on his own behalf to prosecute in certain causes of actions against the following individuals and entities:

A. **Santander Bank, N.A. – Scheduled Damages of $7.9 Million**

B. **F.C.A., a/k/a Fiat – Scheduled Damages of $7.9 Million**

C. **2401 S. Michigan Building Corporation, County Mayo Corporation and Maureen Joyce – Scheduled Damages of $1.7 Million for wrongs** including without limitations, claims, if any, for fraudulent misrepresentation, bad faith and fraudulent inducement by omission of material facts in connection with the execution of the leases for New City premises, claims, if any, in contract and/or replevin for return of security deposits, claims, if any, for conversion of personal property located on the New City premises and claims, if any, for trespass and/or "self-help" in connection with entry on to New City premises.

D. **Nissan North America/Nissan Motor Acceptance Corporation – Scheduled Damages of $2 Million**

E. **Benitta Berke – Unknown Damages**

F. **Keri Fallon – Scheduled Damages of $91,000.00**

G. **Terry Gaouetter – Scheduled Damages of $3 Million**

H. **O'Rouke & Moody –Unknown Damages**

I. **World Business Lenders and Ultegra – Scheduled Damages of $1,500,000.00**

J. **Ronald Richardson – Scheduled Damages of $3.5 Million**

K. **Adam Wimmer & Painted Sky – Scheduled Damages of $1.5 Million**

L. **Monty Merz – Unknow Damages**

    M.    **Monroe Capital – Scheduled Damages of $50,000.00**

    N.    **Kevin Benjamin – Unknown Damages.**

(collectively referred to as "Causes of Actions" or individually as "Cause of Action")

Seller shall offer for sale each of the Causes of Action as individual lots. Seller will seek the entry of a final order approving the sale of the Causes of Action ("**Sale Order**") to the highest and best offer(s) in accordance with the following bidding and sale procedures:

### Due Diligence

1. To the extent available and within his possession and/or control, Seller will make available financial and such other information concerning the Causes of Action.

### Participation Requirements & Sales Process

#### Submission of Bids

2. In order to be a "Qualified Bidder," any such bidder shall be required to submit the following to the Seller, c/o Gregory K. Stern, P.C., 53 West Jackson Blvd., Suite 1442, Chicago, Illinois 60604, email greg@gregstern.com (Attn.: Greg Stern), on or before **5:00 p.m. (prevailing central time) on January 4, 2022,:** (a) its best and highest offer for the purchase of any individual Cause of Action, in writing (the **"Bid"**); and (b) a wire transfer or cashier's or certified check in the amount equal to 50% of the Bid ("**Deposit**"), payable to Seller (to be held in the Seller's Counsel's IOLTA account).

3. To the extent that Seller receives multiple Bids on any individual Cause of Action, an Auction, as more fully defined below, will be held related to that Cause of Action. In the event that the Seller receives only one Bid for any Cause of Action, such Bid will be recommended for approval as the best and highest Bid at the Sale Hearing.

#### Auction and Selection of Winning Bid

4. The Auction will be held via Zoom on **January 6, 2022** at the offices of Gregory K. Stern, PC, 53 W. Jackson Blvd, Suite 1442, Chicago, Illinois 60604 **at 11:00 a.m**. (Central). The only persons who will be permitted to bid at the Auction are those bidders who qualify as Qualified Bidders, as defined above. All bids shall be made as a matter of record and all upset bids must be in an amount at least 10% higher than the existing highest Bid for any individual Cause of Action.

5. After January 6, 2022, the Seller and his representatives will engage in an analysis of the Bids to determine which Qualified Bid(s) is, in their collective best judgment, the highest and best offer(s) (each a "**Winning Bid(s)**"). A Qualified Bidder(s) making a Winning Bid(s) is hereinafter referred to as a "**Winning Bidder(s)**." A Qualified Bidder making the second highest and best offer (the "**Back-Up Bid(s)**") is referred to as the "**Back-Up Bidder(s)**." At the conclusion of the Bid Analysis, Seller will ask the Court to enter an order ("**Sale Order**") at the

Sale Hearing (defined below) authorizing Seller to consummate the sale of the Causes of Action or any individual Cause of Action upon the terms of a Winning Bid(s), with a Winning Bidder(s) (and the terms of a Back-Up Bidder(s) if a Winning Bidder(s) does not close), and to execute such additional documentation as is reasonably necessary to close such sale upon the terms of a Winning Bid(s) and a Back-Up Bid(s).

6. In order to participate at the Auction, and in addition to such other requirements set forth herein, all Qualified Bidders shall be deemed to have agreed to keep their bid(s) open and in full force and effect through and including the Sale Hearing (as hereinafter defined).

### Sale Hearing

7. A final hearing ("Sale Hearing") to obtain authorization to accept and approval of the Winning Bid(s) and Back-Up Bid(s) through the entry of the Sale Order, shall commence on **January 11, 2022 at 1:30 p.m. (prevailing central time)** before the Honorable Jacqueline P. Cox via Zoom for government. The Sale Hearing may be continued from time to time without further notice other than by announcement in open court.

8. A Winning Bid(s) shall have been accepted by Seller only upon entry of the Sale Order approving the Sale to the Winning Bidder(s) and Seller will not be obligated to take any action related to the sale of the Causes of Action unless and until the Court enters the Sale Order, which must be in form and substance reasonably satisfactory to Seller. Seller's presentation to the Court for approval of a Winning Bid(s) does not constitute Seller's acceptance thereof.

9. Upon the Court's entry of the Sale Order, a Winning Bidder(s) shall become a "**Purchaser(s)**."

### Other Material Terms and Conditions

10. In the event that a Winning Bidder(s) defaults in the performance of its obligation to purchase the Causes of Action pursuant to a Winning Bid(s), that Qualified Bidder's Deposit shall be forfeited and shall be immediately transferred to Seller. Notwithstanding the foregoing, such forfeiture shall not be in full satisfaction of any damages caused to any person by a Winning Bidder's default as described herein. Any Qualified Bidder(s) making a Deposit who is not a Winning Bidder(s) or a Back-Up Bidder(s) (as the Winning Bidder(s) is specified in the Sale Order) shall have its Deposit returned within two (2) business days after a Winning Bidder(s) closes the sale of the Causes of Action or any individual cause of action.

11. The remaining balance of the Bid shall be due and payable to the Seller at the closing of the sale of the Causes of Action or any individual cause of action, which shall take place on the fifteenth (15th) day after the entry of the Sale Order.

12. In the event that a Winning Bidder(s) defaults in the performance of its obligations to purchase the Causes of Action pursuant to a Winning Bid(s), then Back-Up Bidder(s) shall be required to proceed as a Winning Bidder(s) with its Back-Up Bid(s). Consequently, a Back-Up Bid(s) will be treated as a Winning Bid(s), without further notice, hearing or entry of any additional order by the Court.

13. The offers of all Qualified Bidders shall be irrevocable until the earlier of (a) the closing of the sale of the Causes of Action or any individual cause of action, or (b) the withdrawal by Seller of the Causes of Action or any individual cause of action from the sale.

14. Any sale of the Causes of Action or any individual cause of action pursuant to the Sale Order shall be free and clear of all claims, liens and interests (collectively, "**Interests**") (unless otherwise agreed to by such Winning Bidder(s) and Seller), with such Interests attaching to the proceeds of the Sale (the "**Sale Proceeds**") in the same nature, extent and priority as those Interests enjoyed prior to the sale.

15. Seller may determine, in exercise of his business judgment, which Bid(s), if any, is the highest or otherwise best offer after considering all relevant factors, including, without limitation, any applicable fees and their impact on the net recovery to the estate; and he may reject at any time before entry of a Court order approving a Qualified Bid(s), any bid that, in Seller's sole discretion, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bidding Procedures or the terms and conditions of sale, or (iii) contrary to the best interests of Debtor's bankruptcy estate, and its creditors. Each Qualified Bidder shall be deemed to have irrevocably and unconditionally submits to the exclusive, *in personam*, jurisdiction of the Bankruptcy Court in connection with any dispute, claim, controversy, suit, action or proceeding arising out of or relating to the Auction or the Bidding Procedures.