IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | U.S. Bankruptcy Judge |

NOTICE OF MOTION

TO:    Attached Service List

PLEASE TAKE NOTICE THAT on February 1, 2022, at 1:00 p.m., I shall appear before the Honorable Jacqueline Cox, or any other judge sitting in her stead and request a hearing on the Trustee's Objection to Claim No. 6-1 of Brown, Udell, Pomerantz & Delrahim, Ltd., a copy of which is attached hereto and thereby served upon you.

This motion will be presented and heard electronically using Zoom for Government. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

To appear by video, use this link: http://www.zoomgov.com/. Then enter the meeting ID.

To appear by telephone, call (669) 254-5252 or (646) 828-7666.  Appearing by telephone will require extra clearance before being allowed into the hearing.

Meeting ID and password. The meeting ID for this hearing is 161 273 2896 and the password is 778135.  The meeting ID and password can also be found on the judge's page on the court's website.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 17th day of December, 2021.

/s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

David R. Herzog
Law Offices of David R. Herzog
53 West Jackson Blvd
Suite 1442
Chicago, Illinois 60604

Nicola Tancredi
Law Offices of Nicola S. Tancredi
Two North TransAm Plaza Dr.
Suite 250
Oak Brook Terrace, Illinois 60181

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue
Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street
Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street
Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

Bryan D King
Brown Udell Pomerantz & Delrahim, Ltd.
225 W. Illinois, Suite 300
Chicago, IL 60654

Daniel S Hefter
Hefter Law, Ltd.
22 W. Washington, Suite 1500
Chicago, IL 60602

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn, Ste 1510
Chicago, IL 60603

Victor J. Allen
Justin Mertz
Michael, Best & Friedrich, LLP
790 N. Water St., Ste 2500
Milwaukee, WI 53202

Jeffrey Paulsen, Law Offices of Wm J. Factor, Ltd.
105 W. Madison, Ste 1500
Chicago, Il 60602

**Parties Served By United States Mail**

Michael Helmstetter
3939 North Star Trail
Odessa, Florida 33556

Bryan D King
Brown Udell Pomerantz & Delrahim, Ltd.
225 W. Illinois, Suite 300
Chicago, IL 60654

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER | ) | Case No. 19-28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | U.S. Bankruptcy Judge |
| | ) | **Hearing Date and Time:** |
| | ) | **February 1, 2022, at 1:00 p.m.** |

### TRUSTEE'S OBJECTION TO CLAIM NO. 6-1 OF BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.

Now comes, DAVID R. HERZOG, as the Chapter 7 Trustee ("**Trustee**") of the estate of Michael S. Helmstetter ("**Debtor**") and objects ("**Trustee's Objection**") pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") to Proof of Claim No. 6-1 filed by Brown, Udell, Pomerantz & Delrahim, Ltd., as follows:

**A.     Claim of BROWN, UDELL, POMERANTZ & DELRAHIM**

1. Brown, Udell, Pomerantz & Delrahim, Ltd. (the "**Claimant**") filed Claim No. 6-1 in the sum of $218,443.79 ("**BUPD Claim**") on June 15, 2020, as a partially secured claim in the sum of $166,621.52 and as a nonpriority general unsecured claim in the further sum of $51,822.27, a true and correct copy of BUPD Claim attached hereto as **Exhibit A** (with only attached "Ruscitti Retainer Agreement" as defined hereafter).

2. Claimant contends that the claim is based on two retainer agreements, including a retainer agreement ("**Ruscitti Retainer Agreement**") to perform specified legal services, in part, in litigation ("**Kingdom Litigation**") then pending in the Circuit Court of Cook County, Illinois ("**Circuit Court**") between Debtor and Richard Ruscitti ("**Ruscitti**"), Kingdom Chevrolet, Inc., ("**Kingdom**") and Western Avenue Nissan, Inc. ("**Western**"), and Ruscitti, Kingdom and Western are hereafter referred to as "**Kingdom Defendants**").

3. Pursuant to the Ruscitti Retainer Agreement, Claimant asserts entitlement to receive compensation from Debtor for services rendered in the Kingdom Litigation of the total of:

(i) an amount equal to 21% of the amount of any settlement with, or judgment of Debtor against, Kingdom Defendants, plus

(ii) the amount of compensation based on a discounted hourly rate of $250.00 per hour for the services rendered in the Kingdom Litigation but only if the amount of any settlement or judgment of Debtor against Kingdom Defendants exceeds the sum of $400,000.00.

       4.       The alleged partially secured portion of BUPD Claim of $166,621.52 appears to be based on the dollar amount of the settlement between the Trustee and the Defendants of $555,000.00 ("**Kingdom Settlement**") which would produce the amounts of $116,550.00 based on the 21% factor and $54,625.27 for the hourly fees[1]. The Kingdom Settlement has been consummated by the parties although the Kingdom Settlement remains subject to the Debtor's appeal to the U. S. Court of Appeals for the Seventh Circuit.

**B.**       **Trustee's Objection to Claim No. 6-1**

       5.       The Trustee objects to the amount of the secured portion of the BUPD Claim as being overstated in amount and that the alleged attorney's lien securing the secured portion of BUPD Claim is unenforceable against the estate of the Debtor for the reasons hereinafter.

       6.       On September 1, 2020, this Court entered its order ("**Settlement Order**") approving a settlement between the Trustee and the Kingdom Defendants whereby the Kingdom Defendants would pay the sum of $555,000.00 to the Chapter 7 Trustee and the entirety of the Kingdom Litigation would be dismissed with prejudice. Debtor has taken an appeal from the Settlement Order to the United States District Court, which dismissed the appeal for an absence of subject matter jurisdiction based on Debtor lacking standing to both object to the Kingdom Settlement and to appeal from the Settlement Order. Thereafter, Debtor appealed to the United States Court of Appeals for the Seventh Circuit ("**Seventh Circuit**"). The Trustee filed a motion to dismiss Debtor's Seventh Circuit appeal due to the absence of subject matter jurisdiction based on a lack of standing as well as mootness caused by the closing of the settlement which remains pending before the Seventh Circuit.

---

[1] The Pomerantz Claim contains a mathematical error as the total of $116,550.00 + $54,625.27 = $171,175.27 as opposed to $166,621.52.

(1)     Claimant is Limited to a *Quantum Meruit* Recovery.

7.     The Ruscitti Retainer Agreement as attached to BUPD Claim was rejected as an executory contract pursuant to Section 365 (d)(2) of the Bankruptcy Code, 11 U.S.C. §365(d)(2), on December 9, 2019, being sixty (60) days after the Order for Relief of October 9, 2019, due to the lack of assumption of the Ruscitti Retainer Agreement by the Trustee. *In re Sydmark*, Case No. 06-41218 (Bankr. Kan. 2008) at 24-25; *In re Western Real Estate Fund, Inc.*, 922 F.2d 592 (10th Cir. 1990) at 595.

8.     Upon rejection of the Ruscitti Retainer Agreement, Claimant is entitled only to compensation based on a *quantum meruit* basis pursuant to the applicable law of the State of Illinois as opposed to the amount of $166,621.52[2] as the secured portion of the Claim based on (i) a stated percentage of 21% of any recovery against the Kingdom Defendants plus (ii) the hourly fees at a discounted amount of Claimant devoted to the Kingdom Litigation. *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill.2d 217, 227-28, 35 Ill.Dec. 680, 399 N.E.2d 969; *In Re Estate of Callahan*, 578 N.E.2d 985, 144 Ill.2d 32, 161 Ill.Dec. 339 (Ill. 1991).

9.     Claimant is therefore not entitled to the contractual dollar amount of compensation as stated in the Ruscitti Retainer Agreement and has failed to meet its burden of pleading and proving the *quantum meruit* amount of the BUPD Claim.

(2)     Claimant Cannot Enforce its Alleged Statutory Attorney's Lien

10.    Paragraph 9 of BUPD Claim states that the claim is secured by a statutory attorney (sic) lien.

11.    The notice of attorney's lien attached to the BUPD Claim, a copy of which is attached hereto as **Exhibit B,** fails to comply with the Illinois Attorney's Lien Act, 770 ILCS 5/1, for not "stating therein the interest they have in such suits, claims, demands or causes of action." Claimant's notice of attorney's lien, Exhibit B hereto, only states that the Debtor:

> "has entered into a retainer agreement to compensate us for services rendered and to be rendered in connection with this matter from any amount that may be recovered by way of suit, settlement, or otherwise."

---

[2] Or $171,175.27, whichever is the correct amount.

12. The Illinois Attorney's Lien Act (hereafter the "**Act**") is strictly construed and attorneys who fail to comply with its terms forfeit any lien rights. *People v. Philip Morris, Inc.*, 198 Ill.2d 87, 95, 759 N.E.2d 906, 912 (2001). Strict compliance with the terms of the Act is necessary for enforcing the lien against the attorney's client as well as the adversarial party. *Scott v. NY, C @ St. L. R. Co.*, 159 F.2d 618, 620 (7th Cir. 1947). Claimant's description of its interest as "a retainer agreement to compensate us" fails to even attempt to adequate describe a dollar amount, percentage of recovery or lien interest and its lack of specificity as to the amount of Claimant's compensation secured by the attorney's lien is therefore void.

13. The description used in the notice of attorney's lien of Claimant states the intent that compensation to the Claimant as attorneys will be forthcoming from the client as opposed to the attorney's receiving compensation directly from the *res* of the recovery. Such an agreement defeats any attorney's lien or equitable assignment of an interest in Debtor's Kingdom Litigation. *Lewsader v. Wal-Mart Stores, Inc.*, 694 N.E.2d 191, 296 Ill.App.3d 169 (Ill. App. 1998) at 198; *Department of Public Works v. Exchange National Bank*, 93 Ill.App.3d 390, 394, 49 Ill.Dec. 218, 221-22, 417 N.E.2d 1045, 1048-49 (1981).

WHEREFORE, David R. Herzog, as the Chapter 7 Trustee prays for the entry of an order of reducing BUPD Claim of BROWN, UDELL, POMERANTZ & DELRAHIM, LTD. to an allowed nonpriority, unsecured claim in a reasonable amount determined by this Court; and, for such other relief to which Trustee may be entitled.

Dated: December 17, 2021                DAVID R. HERZOG, CHAPTER 7 TRUSTEE

By: __/s/Gregory K. Stern_____
One of His Attorneys

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #02267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558