IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

## NOTICE OF MOTION

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on January 11, 2022, at 1:00 p.m.**,** I shall appear before the Honorable Jacqueline P. Cox, or any other judge sitting in her stead and request a hearing on the Chapter 7 Trustee's Attorneys Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Creditors**,** a copy of which is attached hereto and thereby served upon you.

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is 1612732896 and the password is 78135.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, this motion will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without a hearing.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 20th day of December, 2021.

                                                                                       s/ Gregory K. Stern
                                                                                          Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
53 West Jackson Blvd, Suite 1442
Chicago, Illinois 60604

Nicola Tancredi
Law Offices of Nicola S. Tancredi
Two North TransAm Plaza Drive, Suite 250
Oak Brook Terrace, Illinois 60181

Debra Devassy Babu
Darcy & Devassy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L. Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

Bryan D. King
Brown Udell Pomerantz Delrahim
225 W. Illinois, Suite 300
Chicago, IL 60654

Daniel S. Hefter
Hefter Law, Ltd.
22 West Washington, Suite 1500
Chicago, IL 60602

Thomas H. Griesta
105 West Madison Street, Suite 1500
Chicago, Illinois 60602

Cindy M. Johnson
140 South Dearborn Street, Suite 1510
Chicago, Illinois 60603

Justin M. Metz
790 N. Water Street, Suite 2500
Milwaukee, WI 53202

Jeffrey Paulson
FactorLaw
105 West Madison Street
Suite 1500
Chicago, IL 60602

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**TRUSTEE'S ATTORNEYS' SECOND APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION, REIMBURSEMENT OF COSTS AND EXPENSES; AUTHORIZATION TO PAY ALLOWED ADMINISTRATIVE CLAIM; AND TO LIMIT NOTICE TO TWENTY LARGEST UNSECURED CREDITORS**

Now comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler (the "Attorneys")[1], counsel for David R. Herzog, Chapter 7 Trustee ("Trustee"), pursuant to §§ 330 and 331 of the United States Bankruptcy Code, and request that this Court enter an order, as follows: (A) allowing interim compensation of $133,250.00 for 268.30 hours of legal services provided to the Chapter 7 Trustee and $1,634.07 for reimbursement of costs and expenses; B) authorizing payment by the estate of the allowed amount of compensation and reimbursement; and (C) limiting notice to the twenty largest unsecured creditors; and in support thereof, state as follows:

I.   **Introduction**

1.   On October 9, 2019, Michael S. Helmstetter (the "Debtor") filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code; and David R. Herzog was appointed as the Chapter 7 Trustee in this case and has continued as the acting Chapter 7 Trustee in this case.

2.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; venue is proper in this District as the bankruptcy is pending in this District; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); this Court has the Constitutional authority to hear and determine the merits of this Second Fee Application as a matter involving the administration of this estate.  The Attorneys consent to the entry

---

[1]   The Attorneys are employed by Gregory K. Stern, P.C.

1

by this Court of a final order determining the merits of this Second Fee Application.

3. In accordance with Bankruptcy Rule 2002(a)(6), notice of this Second Fee Application has been sent to (i) the Debtor, (ii) his attorney, (iii) all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants, (iv) the twenty largest unsecured creditors, (v) the Chapter 7 Trustee, (vi) the United States Trustee and (vii) all parties in interest.

4. On or about December 4, 2019, the Court entered an Order authorizing the employment of the Attorneys as counsel for the Trustee effective from November 27, 2019, with all compensation and reimbursement of costs subject to approval of Court (Docket No. 40) pursuant to the Application to Employ Attorneys presented on November 27, 2019 (Docket No. 36).

5. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature performed for other clients. At all times relevant hereto, the Attorney's hourly services have been billed as follows: $500.00 for services rendered by Gregory K. Stern and Dennis E. Quaid, $475.00 for services rendered by Monica C. O'Brien, and $350.00 for services rendered by Rachel S. Sandler.

II. **First Fee Application**

6. On December 30, 2020, the Attorneys presented their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Unsecured Creditors (the "First Fee Application")(Docket No. 110) seeking allowance of interim compensation of $162,416.00 for 328.50 hours of services rendered from November 28, 2019 through December 30, 2020 and reimbursement of costs of $444.50 and an Amended Application filed on January 13, 2021 (Docket 112).

7. On February 16, 2021, the Court entered an Order Allowing Chapter 7 Trustee's Attorneys' First Application Compensation, Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and Limit Notice to Twenty Largest Unsecured Creditors (the

"First Fee Order") (Docket No. 126) allowing the Attorneys compensation of $162,416.00 for 328.50 hours of services rendered from November 28, 2019, through December 30, 2020, and reimbursement of costs of $444.50, which has been paid in full.

III. **Second Fee Application**

7. The Attorneys have expended an additional 268.30 hours of professional services from December 31, 2020 through November 30, 2021, the reasonable value of which is $133,250.00, and have expended $1,634.07 for necessary costs, as are more fully set forth in the Time Sheets attached hereto and made a part hereof.

    A. **Summary**

8. The professional services rendered from December 31, 2020, through November 30, 2021, have been separated into six (6) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Trustee and for the benefit of the estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | | HOURS |
|---|---|---|
| A. | Case Administration & Investigation | 3.80 |
| B. | 2004 Examination/Production | 2.00 |
| C. | Creditor Claims | 7.20 |
| D. | Kingdom Matters | 162.30 |
| E. | Litigation Matters | 74.30 |
| F. | Professionals | 18.70 |
| | **TOTAL:** | **268.30** |

    B. **Description of Services Rendered as described in Second Fee Application**

9. The professional services were rendered within the service categories as follows:

**A.** **Case Administration & Investigation -** This service category involved 3.80 hours of services (Time Sheets pages at 1 – 2) that included:

1) Meetings, teleconferences and correspondence with Trustee relating to investigation of estate assets and possible concealed assets of Debtor, strategies for recovery and liquidation of estate

3

assets, communications with parties, examination of Debtor and miscellaneous matters;

2) Reviewing Debtor's Schedules, two sets of Amended Schedules, Statement of Financial Affairs, Amended Statement of Financial Affairs, other filings and materials, to determine the reason for the large increase in valuation by Debtor of the causes of action which comprise the majority of his assets;

3) Meetings, teleconferences and correspondence with Debtor's attorney relating to Trustee's investigation of estate assets, liquidation of estate assets, production of documents, communications with parties, examination of Debtor and miscellaneous matters;

4) Teleconferences and correspondence with creditors and creditors' attorneys related to case status, possible hidden assets of the Debtor, case administration, inquiries and claims;

5) Representation of Trustee at Court hearings;

6) General case administration matters;

7) Evaluation of settlement possibilities with Debtor in return for dismissal of appeal from order approving settlement between Trustee and Kingdom Entities; and,

8) Analysis of strength of possible complaint to deny discharge of Debtor for exaggerating the value of his assets.

**B.    2004 Examination/Production -** This service category involved 2.0 hours of services (Time Sheets pages at 3 – 4) for services rendered in the investigation and collection of Debtor's accounts receivable. The services rendered in this services category included:

1) Reviewing Debtor's document production to ascertain existence, location and value of estate assets, equity and business assets and Debtor's entitlement to a discharge;

2) Evaluate testimony of Debtor at 12/29/20 examination pursuant to Rule 2004 as to strength of causes of action for prosecution by Trustee, grounds for objection under Section 727 to Debtor's discharge and administration of assets of the estate;

3) Evaluate need for addition production of documents from Debtor as to validity of causes of

action based on his testimony given at Rule 2004 examination; and,

4) Communications with R. Hirsh, Debtor's attorney, repeatedly requesting production of additional documents identified in Rule 2004 examination of Debtor, pertaining to viability of Debtor's scheduled causes of action.

**C. Creditor Claims -** This service category involved 7.20 hours of services (Time Sheets at pages 5) related to the Chapter 7 Trustee's review of creditor claims and resolution of claims and generally included services as follows:

1) Reviewing USBC Claims Register and proof(s) of claim and attachments filed by secured, priority and non-priority general unsecured creditors;

2) Evaluation of secured claims, claim addendums, attachments relating to Pomerantz firm lien claim; and,

3) Research possible defects in secured claim of Pomerantz firm including defective service of notice of attorney's lien, rejection of retainer agreement of Pomerantz firm constituting a discharge of employment of Pomerantz firm, leaving a claim for quantum meruit instead of contract amount and failure of lien due to defective service.

**D. Kingdom Matters -** This service category involved 162.30 hours of services (Time Sheets at pages 6 – 25) related to the resolution and settlement of Kingdom claims and disputes and included services as follows:

1) Discussions and negotiations with Nicola Tancredi as special litigation counsel for Debtor, relating to opinion of Tancredi and BERO Group as to the validity and value of the causes of action of the Debtor against the Kingdom Parties and distinguishing between causes of action owned by the Debtor, individually, and those owned by different business corporations of the Debtor, which corporations had filed bankruptcy and/or were insolvent, leaving no possibility of a return to the Trustee as a shareholder of the insolvent corporations after the payment of any recoveries to the creditors of the insolvent

corporations;

2) Investigate failure of Debtor to file for three weeks after due date his opening brief in his appeal to District Court Judge Pallmeyer from order approving the settlement between the Trustee and the Kingdom Entities;

3) Draft motion to dismiss Debtor's appeal to District Court for failure to file his opening brief;

4) Negotiations with Kingdom Entities to close the settlement/sale;

5) In the Debtor's appeal, (A) draft objection to an extension of time for Debtor to file his opening brief; (B) draft a Motion to Dismiss the Debtor's appeal for a lack of standing on the part of the Debtor as a hopelessly insolvent debtor and briefs relating to same; and (C) draft briefs opposing Tancredi's motion to conduct discovery in the appeal on the question of the Debtor's insolvency;

6) Consider proper response to opposing counsel's *ex parte* letter to Judge Pallmeyer requesting another extension of time to file his brief;

7) Analyze arguments stated in Debtor's opening late filed brief and review cases cited by Debtor in his brief, and outline arguments in opposition to Debtor's opening brief to use in Trustee's Responsive brief;

8) Research in support of Trustee's arguments, exceptions to need for findings under Rule 52, standard of review and use of abuse of discretion standard as invalidating Debtor's Rule 52 argument;

9) Draft statement of facts;

10) Review District Court's order dismissing Debtor's appeal based on Trustee's motion to dismiss arguing a lack of standing;

11) Review Debtor's notice of appeal to the Court of Appeals for the Seventh Circuit;

12) Research procedures before Seventh Circuit, Seventh Circuit cases on lack of standing for motion to dismiss, doctrine of mootness as additional basis for dismissing appeal, doctrine of prudential

6

standing and precedent from SCOTUS on same;

13) Review Debtor's Docketing Statement and related papers;

14) Prepare for and participate in mediation procedures with Seventh Circuit mediator Joel Shapiro, and attorney Tancredi for Debtor, and involving counsel for the Kingdom Entities, which mediation efforts were not successful; and,

15) Draft Trustee's Motion to Dismiss the Debtor's Seventh Circuit appeal.

**E.     Litigation Matters -** This service category involved 74.30 hours of services (Time Sheets at pages 26 – 39) related to the causes of action scheduled by the Debtor against third parties, the cases and bankruptcy cases of the business corporations of the Debtor pending in different state and federal courts and generally included services as follows:

1) Review of extensive documentation provided by the attorneys for Debtor as to the 10 to 15 causes of action against every party with whom the Debtor dealt, both as creditors and partners, as scheduled or referenced in the three sets of Schedules of the Debtor, all to determine the asset value of said causes of action and whether the Trustee should undertake prosecution of same;

2) Demand payment from alleged parties obligated to Debtor of scheduled causes of action, including (i) Nissan, (ii) Santander, (iii) Benitta Berke, (iv) Terry Gaouette, accountant, (v) landlords, 2401 South Michigan Building and County Mayo Corp., (vi) Kevin Benjamin, first counsel who filed Chapter 7 case, (vii) World Business Lenders, (viii) Monty Merz, (ix) Debtor's ex-wife, (x) R. Rosenbaum, and (xi) Pomerantz law firm, all totaling $27 Million and extensive telephonic and correspondence with their respective counsel regarding the strength of the Debtor's causes of action, together with analysis of their respective documentation seeking to rebut any valid cause of action against them;

3) Consultation with Trustee to advise of strategy for seeking payment from target parties and alternative courses of action available;

7

4) Draft motion to sell the scheduled causes of action as alternative to prosecuting same;

5) Review new amendment by debtor to his schedules to list a cause of action for malpractice against his first counsel, Kevin Benjamin, and consider cost/benefit of prosecuting same;

6) Analyze cause of action scheduled against M. Pomerantz and make demand for payment; extensive correspondence to and from Pomerantz regarding same;

7) Negotiations with debtor's attorney, N. Tancredi, for a purchase by Debtor or his family of all of the scheduled causes of action;

8) Court appearance to present Motion to Sell Causes of Action and argument in support of same;

9) Receive and analyze the objections to the Motion to Sell filed by World Business Lender, Santander, B. Berke, ex-wife, Gaouette (two days late) and the statement of the landlords (County Mayo and 2401 S. Michigan) in support of the sale;

10) Draft omnibus response of Trustee to all objections to Trustee's Motion to Sell the scheduled causes of action; and,

11) Draft revise bidding procedures.

**F.** **Professionals** - This service category involved 18.70 hours of professional services (Time Sheets page at 40 - 41) that included:

1) 5.5 hours of services rendered in January and February of 2021, relating to the First Fee Application, including but not limited to communications with Debtor's attorney and representation at Court hearings on the First Fee Application; and,

2) Drafting Attorneys' Second Application for Allowance of Interim Compensation, Reimbursement of Costs and Expenses, and Authorization to Pay Allowed Administrative Claim; and,

10. The professional services rendered by the Attorneys have assisted the Trustee in his investigation of estate assets, claims, recovery of estate assets and transfers and case administration and

8

were actual and necessary for the proper representation of the Trustee; and, as such, all of the services rendered were authorized pursuant to the Court's December 4, 2019, Order Authorizing Employment of Attorneys. No time has been included for services in the nature of clerical work. The Attorneys further stating that there has been no duplication of services by Dennis E. Quaid, Monica C. O'Brien, Rachel S. Sandler or Gregory K. Stern.

      C.    **Argument**

11. The value of the professional services rendered by the Attorneys, as calculated at their hourly rates in effect from time to time, is $133,250.00.

12. Actual and necessary costs in the amount of $1,634.07 have been expended by the Attorneys as detailed on the Time Sheets (page 2) attached to this Second Fee Application. Costs include but are not limited to filing fees, court reporter and examination transcript fees, postage, pacer fees, UCC search fees and copying charges at the rate of ten cents (.10) per copy.

      D.    **Notice**

13. The Debtor has a multitude of creditors, which would make it unduly burdensome for the Trustee to send notice to all of the Debtor's creditors. Rather, the Trustee seek to limit notice to the following parties: (i) the Debtor, (ii) United States Trustee; (iii) twenty largest creditors; and (iv) all parties entitled to receive notice.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, Monica C. O'Brien and Rachel S. Sandler pray for entry of an Order, pursuant to §§ 330 and 331 of the Bankruptcy Code, as follows:

    **a)**    Allowing Gregory K. Stern, P.C. interim compensation in the amount of $133,250.00 for actual and necessary professional services rendered and reimbursement in the amount of $1,634.07 for actual and necessary costs and expenses incurred;

    **b)**    Authorizing the Trustee to pay Gregory K. Stern, P.C.'s allowed administrative priority

claim of allowed compensation and reimbursement of costs totaling $134,884.07;

    **c)**    Limiting notice to the Debtor's twenty largest unsecured creditors; and

    **d)**    For such other relief as this Court deems just.

                                                               /s/ Gregory K. Stern
                                                                Gregory K. Stern, Attorney

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558