IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>MICHAEL S. HELMSTETTER,<br><br>Debtor. | Case No.:19-28687<br>Chapter 7<br>Hon. Jacqueline P. Cox |

### RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM NO. 6-1 OF BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.

Now comes, BROWN, UDELL, POMERANTZ & DELRAHIM, LTD. ("BUPD") and responds in opposition to the Trustee's Objection to Claim No. 6-1 filed by BUPD as follows:

### INTRODUCTION

The Trustee's Objection to Claim No. 6-1 (the "Objection"), purports to rely on Rule 3007 of the Bankruptcy Rules to argue that "the alleged attorney's lien securing the secured portion of BUPD Claim is unenforceable against the estate of the Debtor for the reasons hereinafter." (Doc. 175, ¶ 5.) An attack on the validity of a lien is, however, properly made in an adversary proceeding under Rule 7001(2), not in a claim objection, which is designed for determining the correct amount of a secured claim.

### ARGUMENT

BUPD represented the Debtor in pre-petition litigation which has resulted in a substantial settlement, and therefore asserted a claim for its work in the amount of $218,443.79 (the "BUPD Claim"). Of this amount, BUPD has a partially secured claim for $166,621.52, based on a statutory attorney's lien, and a general unsecured claim for $51,822.27.

In his Objection, the Trustee argued that BUPD's attorney lien is void and unenforceable because BUPD had not satisfied the requirements of the Illinois Attorney's Lien Act, 770 ILCS

5/1. (Objection, pages 5-7.) BUPD denies this claim, for a host of reasons that will be described in the appropriate pleading. The Trustee's Objection attached a proposed Order stating that "BUPD's secured claim is disallowed in its entirety," and that BUPD has only "an allowed general nonpriority, unsecured claim." (*Id.*) This relief is only available, however, in an adversary proceeding under Fed. R. Bankr. P 7001, where BUPD has the right to the due process protections such relief requires.

Rule 7001(2) of the United States Bankruptcy Rules states that, "[t]he following are adversary proceedings: . . . (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d)." The Editor's Comment to Rule 3012 states in part that, "If the purpose is to have the court determine the 'validity, priority, or extent of a lien' rather than value the creditor's interest in the estate's interest in collateral, a complaint must be filed under the rules of Part VII, Adversary Proceedings, instead of a motion under Rule 3012."

Additionally, a claim objection cannot include a challenge to a lien's validity, but a claim objection can be included in an adversary action. Rule 3007 provides that, "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding." *See In re Eads*, 417 B.R. 728, 739 (Bankr. E.D. Tex. 2009) (holding that, "if a debtor's objection to a secured claim is combined with a challenge to the lien, an adversary proceeding is required.").

These procedural rules are not mere technicalities, as "the purpose of establishing special adversary procedures for certain bankruptcy disputes arises from 'the need to invoke the due process solemnities indicative of the significance of the issues litigated.'" *In re Bechtel*, Case No.

08-31895, 2008 Bankr. LEXIS 4568 at *6 (Bankr. N.D. Ohio 2008), quoting *In re Futrell*, 69 B.R. 378, 381 (Bankr. W.D. La. 1987). As the court explained in *In re Eads*:

> Whether an adversary complaint must be filed to commence an adversary proceeding or whether a claims objection automatically morphs into an adversary proceeding by virtue of Bankruptcy Rule 3007, the parties are entitled to all the procedural safeguards set forth in Bankruptcy Rules 7001 - 7071. Part VII of the Bankruptcy Rules establishes a procedure for "adversary proceedings," much like the procedure applicable to trials under the Federal Rules of Civil Procedure. One of the underlying purposes of Bankruptcy Rule 7001(2), as incorporated into the claims objection process by Bankruptcy Rule 3007, is to afford the creditor sufficient notice that it may be deprived of an interest in property. *See, e.g., Hamlett v. Ocwen Federal Bank, FSB,* 286 B.R. 835, 838 (Bankr. W.D. Va. 2002) (due process requires notice sufficient to apprise interested parties of the pendency of an action and afford them an opportunity to object) (*citing Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir. 1993)).

417 B.R. at 740.

For this reason, courts have rejected motions and claim objections challenging the validity of liens because these challenges must be asserted in adversary proceedings. *See In re Eads,* 417 B.R. at 736 (holding that the court had erred in entering an order invalidating a lien on a claim objection because "the objection had not been properly served to the extent it sought to avoid the [creditor's] lien pursuant to § 506(d) of the Bankruptcy Code and Bankruptcy Rule 7001(2) and, therefore, should not have been granted."); *In re Bechtel*, 2008 Bankr. LEXIS 4568 at *6 (dismissing a motion filed by the debtor, and adopted by the Chapter 7 trustee, seeking an order avoiding a lien creditor claimed on debtor's property on the grounds that "Bankruptcy Rule 7001 requires that an action to avoid a lien must be brought in the form of an adversary proceeding."). Under the rules governing an adversary proceeding, the Trustee would have to file a complaint and BUPD would be given time to file an answer or other response.

In sum, the Trustee's Objection should be dismissed because it seeks an order invalidating BUPD's attorney's lien. If, however, the Court decides that the Trustee does not have to file an

-3-

adversary proceeding to make its arguments, BUPD requests thirty (30) days to submit a substantive response in opposition to the Objection and an opportunity for oral argument.

## CONCLUSION

For all the reasons set forth above, Brown, Udell, Pomerantz & Delrahim, Ltd. respectfully requests that this Court dismiss the Trustee's Objection to Claim No. 6-1, and for such other and further relief as the Court may deem just and proper.

Dated: January 25, 2022

Respectfully Submitted,

BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.

By: _/s/Shelley Smith_____
      One of Its Attorneys

Shelley Smith (#6208287)
Brown, Udell, Pomerantz & Delrahim, Ltd.
225 W. Illinois St., Suite 300
Chicago, IL 60654
Tel: (312) 475-9900
Fax: (312) 475-1188
ssmith@bupdlaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE

MICHAEL S. HELMSTETTER,
Debtor

) Case No.: 19-28687
) Chapter 7
) Hon. Jacqueline P. Cox
)

## CERTIFICATE OF SERVICE

I, Shelley Smith, an attorney, certify that a copy of this **RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM NO. 6-1 OF BROWN, UDELL, POMERANTZ & DELRAHIM, LTD**., was served upon the persons listed on the attached service list on January 25, 2022, via electronic notice by Pacer/ECF.

Michael S. Pomerantz (ARDC # 6205384)             */s/ Shelley Smith*
Shelley Smith (ARDC # 6208287)
Brown, Udell, Pomerantz & Delrahim, Ltd.
225 W. Illinois Street, Suite 300
Chicago, IL 60654
312-475-9900
mpomerantz@bupdlaw.com
ssmith@bupdlaw.com

-2-

## SERVICE LIST

Patrick S. Layng, U.S. Trustee

David R. Herzog, Herzog & Schwartz PC

Gregory K. Stern, Gregory K. Stern, P.C.

Richard L. Hirsh, Richard L. Hirsh, P.C.

Debra Devassy Babu, Askounis & Darcy, PC

Jamie L Burns, Levenfeld Pearlstein, LLC

Whitman H. Brisky, Mauck & Baker LLC

Christopher R. Schmidgall, Law Office of Garry A. Weiss, PC

Charles Tatelbaum, Tripp Scott PA

James M. Yannakopoulos, Koransky Bouwer & Poracky PC