IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER | ) | Case No. 19-28687 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| DAVID R. HERZOG, CHAPTER 7 TRUSTEE OF | ) | |
| THE ESTATE OF MICHAEL S. HELMSTETTER, | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Adv. Proc. _____ |
| | ) | |
| BROWN, UDELL, POMERANTZ & | ) | |
| DELRAHIM, LTD., | ) | |
| | ) | |
| DEFENDANT. | ) | |

**ADVERSARY COMPLAINT OF CHAPTER 7 TRUSTEE TO INVALIDATE THE SECURED CLAIM NO. 6-1 OF BROWN, UDELL, POMERANTZ & DELRAHIM, LTD.**

Now comes the Plaintiff, DAVID R. HERZOG, as the Chapter 7 Trustee ("**Trustee**") of the estate of Michael S. Helmstetter ("**Debtor**") and for his Adversary Complaint to Invalidate the Secured Claim No. 6-1 of Brown, Udell, Pomerantz & Delrahim, Ltd. ("**BUPD**" pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") and alleges as follows:

1. The Plaintiff, DAVID R. HERZOG is the duly appointed and acting trustee of the Chapter 7 estate of the Debtor, Michael S. Helmstetter.

**A.    Claim of BROWN, UDELL, POMERANTZ & DELRAHIM**

2. Brown, Udell, Pomerantz & Delrahim, Ltd. (the BUPD or "**Defendant**") filed with the Clerk of this Court Claim No. 6-1 in the sum of $218,443.79 ("**Claim No. 6-1**") on June 15, 2020, as a partially secured claim in the sum of $166,621.52  and as a nonpriority general unsecured claim

1

in the further sum of $51,822.27, a true and correct copy of Claim No. 6-1 is attached hereto as **Exhibit A** (with only the attached "Ruscitti Retainer Agreement" as an exhibit as defined hereafter).

3.  BUPD contends that the claim is based on two retainer agreements, including a retainer agreement ("**Ruscitti Retainer Agreement**") to perform specified legal services, in part, in litigation ("**Kingdom Litigation**") then pending in the Circuit Court of Cook County, Illinois ("**Circuit Court**") between Debtor and Richard Ruscitti ("**Ruscitti**"), Kingdom Chevrolet, Inc.("**Kingdom**"), and Western Avenue Nissan, Inc.("**Western**"), (Ruscitti, Kingdom and Western hereafter referred to as "**Kingdom Defendants**").

4.  BUPD alleged in Claim No. 6-1 that the Ruscitti Retainer Agreement entitles BUPD to receive compensation from Debtor for services rendered in the Kingdom Litigation of the total of: (i) an amount equal to 21% of the amount of any settlement with, or judgment of Debtor against, Kingdom Defendants, plus
(ii) the amount of compensation based on a discounted hourly rate of $250.00 per hour for the services rendered in the Kingdom Litigation if the amount of any settlement or judgment of Debtor against Defendants exceeds the sum of $400,000.00.

5.  The alleged partially secured portion of Claim No. 6-1 of $166,621.52 appears to be based on the dollar amount of the settlement between the Trustee and the Defendants of $555,000.00 ("**Kingdom Settlement**") which would produce the amounts of $116,550.00 based on the 21% factor and $51,822.27 for the hourly fees. However, the settlement remains subject to the Debtor's appeal o the Seventh Circuit although the Trustee has closed the settlement with the Kingdom Defendants.

**B.  Trustee's Objection to Claim No. 6-1**

6.  The Trustee objects to the amount of the secured portion of Claim No. 6-1 as being overstated in amount and that the alleged attorney's lien securing the secured portion of Claim No. 6-

2

1 is unenforceable against the estate of the Debtor for the reasons hereinafter.

7. On September 1, 2020, this Court entered its order ("**Settlement Order**") approving a settlement between the Trustee and the Kingdom Defendants whereby the Kingdom Defendants would pay the sum of $555,000.00 to the Chapter 7 Trustee and the entirety of the Kingdom Litigation would be dismissed with prejudice[1]. Debtor has taken an appeal from the Settlement Order to the United States District Court, which dismissed the appeal due to the absence of subject matter jurisdiction based on Debtor lacking standing to object to the settlement and to appeal from the Settlement Order. Thereafter, Debtor appealed to the United States Court of Appeals for the Seventh Circuit ("**Seventh Circuit**"). The Trustee filed a motion to dismiss Debtor's Seventh Circuit appeal due to the absence of subject matter jurisdiction based on a lack of standing as well as mootness caused by the closing of the settlement. Trustee's motion to dismiss is pending before the Seventh Circuit.

(1) Claimant is Limited to a *Quantum Meruit* Recovery.

8. The Ruscitti Retainer Agreement as attached to Claim No. 6-1 was rejected as an executory contract pursuant to Section 365 (d)(2) of the Bankruptcy Code, 11 U.S.C. §365(d)(2), on December 9, 2019, being sixty (60) days after the Order for Relief of October 9, 2019, due to the lack of assumption of the Ruscitti Retainer Agreement by the Trustee. *In re Sydmark*, Case No. 06-41218 (Bankr. Kan. 2008) at 24-25; *In re Western Real Estate Fund, Inc.*, 922 F.2d 592 (10th Cir. 1990) at 595.

9. Upon rejection of the Ruscitti Retainer Agreement, Claimant is entitled only to compensation based on a *quantum meruit* basis pursuant to the applicable law of the State of Illinois as opposed to the amount of $166,621.52 as the secured portion of the Claim based on (i) a stated

---

[1] The Kingdom Litigation has been dismissed with prejudice pursuant to the terms of the Kingdom Settlement.

percentage of 21% of any recovery against the Defendants plus (ii) the hourly fees at a discounted amount of Claimant devoted to the Kingdom Litigation. *Rhoades v. Norfolk & Western Ry. Co.* (1979), 78 Ill.2d 217, 227-28, 35 Ill.Dec. 680, 399 N.E.2d 969; *In Re Estate of Callahan*, 578 N.E.2d 985, 144 Ill.2d 32, 161 Ill.Dec. 339 (Ill. 1991).

10. Claimant is therefore not entitled to the contractual dollar amount of compensation as stated in the Ruscitti Retainer Agreement and has failed to meet in Claim No. 6-1 its burden of pleading and proving the value of its *quantum meruit* amount of Claim No. 6-1.

(2) <u>Claimant Does Not Hold a Valid Statutory Attorney's Lien</u>

11. Paragraph 9 of Claim No. 6-1 states that the claim is secured by a statutory attorney (sic) lien.

12. The notice of attorney's lien attached to Claim No. 6-1, a copy of which is attached hereto as **Exhibit B,** fails to comply with the Illinois Attorneys Lien Act, 770 ILCS 5/1 by not "stating therein the interest they have in such suits, claims, demands or causes of action." Claimant's notice of attorney's lien, Exhibit B hereto, only states that the Debtor:

> "has entered into a retainer agreement to compensate us for services rendered and to be rendered in connection with this matter from any amount that may be recovered by way of suit, settlement, or otherwise."

13. The Illinois Attorney's Lien Act is strictly construed and attorneys who fail to comply with its terms lose any lien rights. *People v. Philip Morris, Inc.*, 198 Ill.2d 87, 95, 759 N.E.2d 906, 912 (2001). Strict compliance with the terms of the Act is necessary for enforcing the lien against the the attorney's client as well as the adversarial party. *Scott v. NY, C @ St. L. R. Co.*, 159 F.2d 618, 620 (7th Cir. 1947). BUPD's description of its interest as "a retainer agreement to compensate us" fails to even attempt to adequate describe a lien interest and its lack of specificity as to the amount of BUPD's compensation secured by the attorney's lien is therefore void.

14. The description used in the notice of attorney's lien of BUPD as compensating the

4

attorneys as opposed to the attorney's receiving compensation directly from the *res* of the recovery defeats any attorney's lien or equitable assignment of an interest in Debtor's Kingdom Litigation. *Lewsader v. Wal-Mart Stores, Inc.*, 694 N.E.2d 191, 296 Ill.App.3d 169 (Ill. App. 1998) at 198; *Department of Public Works v. Exchange National Bank*, 93 Ill.App.3d 390, 394, 49 Ill.Dec. 218, 221-22, 417 N.E.2d 1045, 1048-49 (1981).

WHEREFORE, the Plaintiff, David R. Herzog, as the Chapter 7 Trustee prays for the entry of an order of invalidating and denying Claim No. 6-1 of Defendant, BROWN, UDELL, POMERANTZ & DELRAHIM, LTD., and, for such other relief to which Trustee may be entitled.

Dated:  February 3, 2022

                                          PLAINTIFF, DAVID R. HERZOG,
                                          CHAPTER 7 TRUSTEE

                                          By:   /s/Gregory K. Stern
                                               One of His Attorneys

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #02267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558