```
 1              IN THE UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                        EASTERN DIVISION

 3
    IN RE:  MICHAEL S.            )  No.  19 B 28687
 4  HELMSTETTER,                  )  Chicago, Illinois
                                  )  February 15, 2022
 5                                )  1:30 p.m.
                    Debtor.       )
 6

 7
             TRANSCRIPT OF TELEPHONIC PROCEEDINGS
 8         BEFORE THE HONORABLE JACQUELINE P. COX

 9    APPEARANCES:

10
    For Mr. Michael          Mr. Nick Tancredi
11  Helmstetter

12  For Chapter 7 Trustee:   Mr. David Herzog and
                             Mr. Gregory Stern
13
    For Ms. Benitta Berke:   Ms. Cindy Johnson
14
    For Landlords:           Mr. Whitman Brisky
15
    For World Business       Mr. Jeffrey Paulsen
16  Lenders:

17  For Santander:           Ms. Debra Babu

18

19

20

21

22   Court Reporter:         Paula O'Driscoll, CSR
                             United States Courthouse
23                           219 South Dearborn Street,
                             Room 661
24                           Chicago, Illinois 60604

25
```

1              THE CLERK:  Taking up the 1:30 matters,
2    Michael Helmstetter.
3              MR. HERZOG:  Good afternoon, Your Honor.
4    David R. Herzog, Chapter 7 trustee.
5              MR. STERN: Good morning, Your Honor.
6    Gregory Stern on behalf of the Chapter 7 trustee.
7              MS. JOHNSON:  Good afternoon, Your
8    Honor. Cindy Johnson on behalf of Benitta Berke,
9    one of the debtors.
10             MR. BRISKY:  Good afternoon, Your Honor.
11   Whitman Brisky on behalf of the landlords.
12             MR. PAULSEN:  Good afternoon, Your
13   Honor.  Jeffrey Paulsen for World Business Lenders.
14             MR. TANCREDI:  Good afternoon, Your
15   Honor. Nick Tancredi on behalf of debtor.
16             MS. BABU:  Debra Babu, on behalf of
17   Santander.
18             THE COURT:  Where are we in this matter?
19             MR. STERN:  If you are not going to
20   accept the trustee's rejection of the two bids
21   which you have ordered the trustee to sell to
22   accept, then we are here for entry of an order.
23                  Trustee disagrees --
24             THE COURT:  One order or two orders?
25             MR STERN: One order, Judge.  We could

1  break it up into two.

2              The trustee filed a draft order.
3  That was docket number 189. I believe Mr. Paulsen
4  and Ms. Johnson filed another competing draft. I
5  am not sure what docket number that one is.

6              MS. JOHNSON: It is 192, Your Honor.
7  The order was not circulated to us before trustee
8  filed their draft, so we filed a competing draft
9  for what we thought was appropriate.

10             THE COURT: 192 you say?

11             MS. JOHNSON: That is correct.

12             THE COURT: I have seen 188 and 189.

13             MS. JOHNSON: It is docket 192. Your
14 clerk actually called me about it before the last
15 hearing, I believe.

16             THE COURT: I don't see it. Look at the
17 orders at 188 and 189. Maybe the numbers are mixed
18 up.

19             MS. JOHNSON: I don't think so.

20             MR STERN: 188 was an order that you have
21 already entered.

22             THE COURT: 188 is already entered? How
23 come it was not on the docket?

24             MR STERN: That was the sale of two
25 causes of action; one to Terry Gaouette, the

1   accountant, and the other one to 2401 South
2   Michigan.
3           THE COURT:  All right, but I don't see
4   this other docket.  Maybe it is somewhere else.
5           MR STERN: I am not looking at the
6   docket.  I have a copy of their competing draft.
7           THE COURT:  I don't see it.  Are you all
8   looking at the docket?  I am trying to --
9           MS. JOHNSON: I am trying to pull it up
10  right now, Your Honor.
11          THE COURT:  Do you remember what
12  happened to these orders?  I thought I signed 188.
13          MR STERN: You did.
14          THE COURT:  Do you have a copy of it?
15          MR STERN: Yes, I do.  It is docket
16  number 195.
17          THE COURT:  My docket only goes up to
18  189.  I will tell you what, let's pass it.  I am
19  looking at Helmstetter.
20          MR STERN: I have it right here as 195.
21          MS. JOHNSON: Your Honor, I am --
22          THE COURT:  Pass it and give me time to
23  figure out what is going on.
24          MS. JOHNSON: The docket does go up to
25  198, Your Honor.

1          THE COURT:  There is something going on.
2   Maybe I will refresh and figure it out.  I don't
3   know.
4          MR STERN: We will wait.
5          THE COURT:  I will get back to you all
6   once I figure out what the problem is.
7                  (Whereupon, a short recess was
8                  taken)
9          THE CLERK:  Recalling line 31, Michael
10  Helmstetter.
11         THE COURT:  Appearances on the record
12  again.  I am sorry.
13         MS. JOHNSON: Good afternoon, Your Honor.
14  Cindy Johnson on behalf of Benitta Berke.
15         THE COURT:  All right.
16         MR. STERN:  Gregory Stern on behalf of
17  the Chapter 7 trustee who is with us here today,
18  David Herzog.
19         MR. TANCREDI:  Nick Tancredi on behalf
20  of debtor, Your Honor.
21         MR. BRISKY:  Whitman Brisky on behalf of
22  the landlord.
23         THE COURT:  Okay, I see the order at
24  docket, I think it is, 195.  The sale of the 2401
25  South Michigan building and Terry Gaouette; is that

1    correct?

2             MR. STERN:  No, no, no.

3             THE COURT:  I am sorry?

4             MR. STERN:  I am sorry, what number did

5    you say, Judge?

6             THE COURT:  Just a second.  195.

7             MR. STERN:  Yes, that is correct.

8             THE COURT:  So what other orders do we

9    need today?

10            MR. STERN:  We need to reconcile whether

11   you are going to hear 188 or 192.

12            THE COURT:  What is 188?

13            MR. STERN:  I am sorry, 189.  If the

14   order -- 189 is the order approving the sale of

15   designated causes of action of the debtor's estate

16   against Benitta Berke and World Business Lenders

17   free and clear of interest and incumbrances

18   pursuant to 11 USC 363(F) that I drafted and filed.

19            THE COURT:  Right.  Is there a competing

20   order?

21            MR. STERN:  There is.  It is Ms.

22   Johnson's same title of the order.  It is docket

23   number 192, I believe.

24            THE COURT:  It is 198 or 192.

25            MS. JOHNSON: No, Your Honor.  I filed a

1   docket entry with 190 because I had the wrong

2   amount in there for Mr. Paulsen's client.  I copied

3   it from the trustee which had his bid amount wrong.

4            THE COURT:  Ms. Johnson, you are asking

5   me to sign 192?

6            MS. JOHNSON:  That is correct, Your

7   Honor.

8            THE COURT:  All right.   Mr. Stern?

9            MR. STERN:  Okay.  We are asking Your

10  Honor to sign 189.  The trustee could agree to

11  paragraph 1 of the competing order.  However, he

12  has severe -- he doesn't believe that the

13  subsection E or I of the introductory paragraph is

14  appropriate for inclusion in this order.

15           THE COURT:  What exactly are you

16  objection to?

17           MR. STERN:  We are objecting to sub E

18  which says:  Several arguments were made in

19  response to the objections, and specifically

20  trustee stated that trustee was not to determine

21  the high bidder but to make recommendations to this

22  Court which would then decide the winning bidder.

23  We don't believe that that is appropriate; and we

24  believe that if anything should be included, it

25  should be that the record speaks for itself rather

1   than us trying to impose our recollection and --

2              THE COURT:  What about just saying

3   several arguments were made in response to the

4   objection and then deleting "and specifically" all

5   the way up to F?

6              MR. STERN:  The trustee could live with

7   that too.

8              THE COURT:  Any objection to that, Ms.

9   Johnson?

10             MS. JOHNSON: Well, no, but that isn't

11  really our recollection.  That is what is in their

12  brief, actually, is what they stated in response to

13  my written objection, but I suppose if --

14             THE COURT:  I think an order should be

15  as simple as possible but hold on.  Okay, that is

16  what I am going to do.

17                  Go ahead.  What else did you

18  have?

19             MR. STERN:  Sub I, Judge --

20             THE COURT:  Hold on.  The computer is

21  not letting me change what I want to change.

22             MR. STERN:  I could circulate an order

23  updating everything and submit it to Your Honor.

24             THE COURT:  It is Ms. Johnson's order. I

25  could probably have her do it but hold on.

1                What else did you suggest, Mr.
2    Stern?
3                MR. STERN:  I suggest that we strike I
4    and J.
5                THE COURT:  Does I reflect what
6    happened?
7                MR. STERNO:  Well, I is okay.  J should
8    be stricken.
9                THE COURT:  Why should J be stricken?
10               MR. STERN:  Well, I am not sure that
11   that was your oral statement.
12               THE COURT:  I kind of remember asking
13   that.  Maybe I didn't make a finding.
14               MR. STERN:  You are overruling the
15   trustee's rejection.  I don't disagree with that,
16   but I think that J should be stricken.
17               THE COURT:  Ms. Johnson --
18               MR. STERN:  The record speaks for
19   itself, Your Honor.
20               THE COURT:  Anything further on that,
21   Ms. Johnson?
22               MS. JOHNSON:  Yes, Your Honor.  It is
23   not saying that the Court found anything.  It is
24   just saying that the Court made an oral statement,
25   and then the trustee -- and therefore, you told

1   them they couldn't reject the bids.  I think that
2   is what you said.
3           THE COURT:  Mr. Stern, that is what I
4   remember.  I don't have the transcript.  I think I
5   ordered the transcript.  I don't know.  I don't
6   have -- I am going to overrule your objection, Mr.
7   Stern.  I will leave J in.
8                   Anything else, Mr. Stern?
9           MR. STERN:  Yes.  In paragraphs 2 and 4
10  I would like -- the trustee would like you to say:
11  If ordered and directed to sell.
12          MS. JOHNSON:  No objection.
13          THE COURT:  What else?
14          MR. STERN:  That is all the trustee's
15  comments.
16          THE COURT:  Any objection to those two
17  changes, Ms. Johnson?
18          MS. JOHNSON:  No, and this is Mr.
19  Paulsen's order as well.  I suppose he could weigh
20  in if he has a problem with it.
21          THE COURT:  I just realized I had not
22  called on Mr. Paulsen.
23                  Anything further, Mr. Paulsen?
24          MR. PAULSEN:  No, Your Honor.
25          THE COURT:  All right, how soon can you

1  make these changes, Ms. Johnson or should I do
2  them?
3          MS. JOHNSON:  I can do them right after
4  court and send them around.  I just want to make
5  sure they are correct.
6              We are taking out in E:  After
7  several arguments were made in response to the
8  objection all the way through the beginning of F
9  and then --
10         THE COURT:  You are taking out "and" all
11 the way up to F.
12         MS. JOHNSON:  We are leaving I and J in?
13         THE COURT:  I and J are fine.
14         MS. JOHNSON:  Numbers 2 and 4 we are
15 just adding the words "and directed" after
16 "ordered"?
17         THE COURT:  Exactly.  Why don't I take a
18 ten minute break.  Ms. Johnson, see if you can make
19 those changes and get it on the docket.  I will see
20 if I can get it signed.
21         MS. JOHNSON:  I will do it right now.
22         THE COURT:  Let's try and get this
23 settled today.  We will take a ten minute break.
24             (Whereupon, a short recess was
25             taken)

1                THE CLERK:  We are continuing with the
2    matter of Michael Helmstetter.
3                MS. JOHNSON:  Good afternoon again, Your
4    Honor.  Cindy Johnson on behalf of Benitta Berke.
5                MR. STERN:  Gregory Stern again on
6    behalf of the trustee.  Mr. Herzog is not -- I
7    don't believe he is signing in.
8                THE COURT:  All right, do we have the
9    order?
10               MS. JOHNSON:  This is docket 199.
11               THE COURT:  Let's see.  Can you pull it
12   off?  Maybe I should refresh.  I see it.  Can you
13   print it?
14                    Anything further, Mr. Stern?
15               MR STERN: No, ma'am.
16               THE COURT:  All right.
17                    What else do we have coming up in
18   Helmstetter?
19               MR STERN: What else do we have coming
20   up?
21               THE COURT:  Any other court hearings?
22               MR STERN: Can you give me just a second,
23   Judge?
24               THE COURT:  While I have you all here --
25               MR. TANCREDI:  Your Honor, this is Nick

1  Tancredi on behalf debtor.  We have a status
2  hearing, I believe, on the 22nd on the adversary
3  action involving Nissan.  That is next week on the
4  22nd, Your Honor.
5          THE COURT:  All right.  The order at
6  docket 199 has been entered over the objection of
7  the trustee.
8          MR STERN: Judge, in terms of the case,
9  we have the status on the Pomerantz claim objection
10 and the Pomerantz adversary complaint on the 15th
11 of March.
12         THE COURT:  Hold on.  Let me just make
13 sure all of this stuff is on the docket.
14         MS. JOHNSON: Your Honor, may I --
15         THE COURT:  Hold on.  Let me just check.
16 I see the Pomerantz adversary on, I think that is,
17 April -- I mean, March 15th.
18         MR STERN: Yes, ma'am.
19         THE COURT:  All right. Go ahead.  That
20 is an adversary.
21         MR STERN: Okay.  That is the only other
22 date that is scheduled before Your Honor.
23         THE COURT:  Mr. Tancredi has something
24 on February 22nd.
25         MR STERN: He might.

```
1                 MR. TANCREDI:  That is a status.
2                 THE COURT:  The docket is acting a
3     little wobbly every now and then.  Hold on.
4                       Yes, we have adversary 191001.
5     It is up next Tuesday to set a trial date, and then
6     we also have -- Is that what we have, Mr. Tancredi?
7                 MR. TANCREDI:  I know it was a status,
8     Your Honor.
9                 THE COURT: Yes, it is a status.  Okay,
10    I will see you all next Tuesday.
11                MR STERN: Do you want to know about the
12    balance of the case, Judge?
13                THE COURT:  I am willing to hear
14    anything you have to say about this case.  Go
15    ahead.
16                MR STERN: Well, the only other thing
17    that is really pending is the appeal before the 7th
18    Circuit is Judge Pallmeyer's district court
19    decision upholding Your Honor's ruling in a
20    settlement.
21                      The trustee's brief was due to be
22    filed, I believe, tomorrow.  We have requested a
23    two-week extension because of unforeseen events in
24    the office.
25                      Mr. Tancredi has, I believe --
```

1            THE COURT:  I hope everybody is okay in
2    your office.
3            MR STERN: Mr. Quaid is indisposed at the
4    moment.
5            THE COURT:  Sorry to hear that.
6            MR STERN: We are waiting for him -- He
7    was the primary author of the brief, and he is not
8    available to us now since last Friday, so we are
9    working on it.
10                Mr. Tancredi, I believe,
11    acknowledged our plight and agreed to the
12    extension.
13            MR. TANCREDI:  That is correct.
14            THE COURT:  All right.
15            MR. STERN:  I think that is pretty much
16    all of this case.
17            THE COURT:  I think so.  Thank you all
18    very much.
19            MR STERN: Yes, ma'am.
20                (Which were all the proceedings had
21                 in the above-entitled cause,
22                 February 15, 2022, 1:30 p.m.)
23
     I, PAULA O'DRISCOLL, CSR, DO HEREBY CERTIFY THAT
24   THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
     PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.)(s/s)
25