Case 19-28687   Doc 223   Filed 03/21/22   Entered 03/21/22 13:01:38   Desc Main
Document      Page 1 of 14

```
 1              IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3   NISSAN NORTH AMERICA,        )  No. 19 A 01001
     INC.,                        )
 4             Plaintiff,         )  Chicago, Illinois
          v.                      )  September 28, 2021
 5   MICHAEL S. HELMSTETTER,      )  1:00 p.m./1:30 p.m.
               Defendant.         )
 6   - - - - - - - - - - - - - -  )
     MICHAEL S. HELMSTETTER,      )
 7                                )  No. 19 B 28687
                Debtor.           )
 8

 9       TRANSCRIPT OF ZOOM VIDEOCONFERENCE PROCEEDINGS
          BEFORE THE HONORABLE JACQUELINE P. COX
10
       APPEARANCES:
11
     For the Debtor:        Mr. Nicola Tancredi;
12
     For Ch. 7 Trustee:     Mr. Dennis Quaid;
13                          Mr. Gregory Stern;

14   For the Landlords:     Mr. Whitman Brisky;

15   For World Business     Mr. David Lloyd;
     Lender:                Mr. Tom Griseta;
16
     For Nissan North
17   America, Inc.:         Mr. Charles Tatelbaum;

18   For Santander Bank:    Ms. Debbie Devassy Babu;

19   For Anita Burke:       Ms. Cindy Johnson;

20   For Kingdom
     Chevrolet, Western
21   Ave. Nissan and
     Richard Ruscitti:      Mr. Sean Williams.
22

23    Court Reporter:       MARY C. KELLY, CSR
                            United States Courthouse
24                          219 South Dearborn Street
                            Room 661
25                          Chicago, Illinois  60604
```

```
1                THE CLERK:  Michael Helmstetter.
2                MR. QUAID:  Good afternoon, Your Honor.
3    Dennis Quaid appearing for the trustee David
4    Herzog.
5                MR. BRISKY:  Good afternoon, Your Honor.
6    Whitman Brisky appearing on behalf of the
7    landlords.
8                MR. FACTOR:  Good afternoon, Your Honor.
9    William Factor and Tom Griseta on behalf of World
10   Business Lenders.
11               MR. TATELBAUM:  Good afternoon, Your
12   Honor.  Charles Tatelbaum appearing on behalf of
13   Nissan North America, Inc.
14               MS. BABU:  Good afternoon, Your Honor.
15   Debbie Devassy Babu appearing on behalf of
16   Santander Bank.
17               MS. JOHNSON:  Good afternoon, Your
18   Honor.  Cindy Johnson appearing on behalf of Anita
19   Burke (phonetic).
20               THE COURT:  Good afternoon.  Let's
21   proceed.
22               Oh, I'm sorry.
23               MR. TANCREDI:  Good afternoon, Your
24   Honor.  This is Nick Tancredi appearing on behalf
25   of debtor Michael Helmstetter.
```

1           MR. WILLIAMS:  Good afternoon, Your
2   Honor.  Sean Williams appearing on behalf of
3   Kingdom Chevrolet, Western Avenue Nissan and
4   Richard Ruscitti.
5           MR. STERN:  Good afternoon, Your Honor.
6   Gregory Stern appearing on behalf of the trustee.
7           THE COURT:  Let's proceed.
8           MR. QUAID:  Your Honor, this is the
9   trustee's motion to sell certain causes of action.
10  Certainly we exclude the prior causes of action
11  which were settled against Kingdom Chevrolet and
12  Mr. Ruscitti, but these are other causes of actions
13  which are detailed in the motion.
14          Today we are seeking approval of the
15  bidding procedures to allow the trustee to solicit
16  bids.  The bidding will be a one and done bidding
17  procedure.  People will submit one bid.  There will
18  be no auction of going back and forth.  We think
19  that will encourage the potential bidders to make
20  their best bid, and we think the bidding, since
21  we're dealing with lawsuits, that the bidding will
22  be really done by the defendants, potential
23  defendants who are also creditors, and/or Mr.
24  Helmstetter on his end.
25              We have $24 million of scheduled causes

Case 19-28687   Doc 223   Filed 03/21/22   Entered 03/21/22 13:01:38   Desc Main
Document    Page 4 of 14

4

1  of action.  The trustee needs to monetize those
2  actions one way or the other, either sell them or
3  otherwise deal with them.  The trustee has not
4  prosecuted these because he has doubts as to their
5  validity and didn't have the financial resources to
6  maintain such suits.
7          We have a number of objections.  I would
8  like time to respond orally today to those
9  objections, but perhaps the court should now turn
10 its attention to the objectors.
11         THE COURT:  Let's proceed.
12         MR. FACTOR:  Your Honor, this is William
13 Factor on behalf of World Business Lenders.
14         There's a lot of issues here, and this
15 is not a simple let's just have an auction.  We
16 think it's inappropriate to even sell these alleged
17 causes of action and certainly not appropriate to
18 do it in the manner that has been suggested.  We
19 would like to put our thoughts down on paper so
20 that the court has a full record as to what our
21 objection is.
22         But, just briefly, our objection gets to
23 the very integrity of the bankruptcy process and
24 the type of assets that are being sold here and
25 whether there's any legitimacy to those assets.  So

1    this is not just a simple let's just throw
2    something up and try to get some money for it.
3    This is quite different.
4             These are assets that the trustee has
5    almost acknowledged they don't want to administer
6    because of concerns about Rule 11, and so the court
7    should not be selling assets -- or litigation
8    assets that aren't really assets.  They're more
9    efforts to try to harass potential defendants and
10   pave some type of dispute when there is really no
11   justification for doing that.
12            Having said that, I would like to put
13   something in writing because I think there needs to
14   be much more careful consideration here.
15            MR. QUAID:  Your Honor, if I could just
16   briefly respond.
17            We're only seeking today to set the
18   bidding procedures.  The hearing on a sale we
19   propose would be held on October 26th, and
20   Mr. Factor can file his papers between now and
21   then.
22            MR. FACTOR:  Well, Your Honor, I do
23   think that there is a problem with the bidding
24   procedures as well, and the bidding procedures go
25   hand and glove with what I perceive to be an

1   improper use of this court's jurisdiction.  They're
2   trying to keep this secret bidding in an effort to
3   try to further their scheme of harassing
4   defendants.
5           If there is bidding procedures, they
6   should be open and consistent with the bankruptcy
7   court's role as a transparent entity.  So people
8   should know what the opening bids are.  People
9   should know whether there have been any bids, and
10  people should have an opportunity to increase a bid
11  knowing that somebody else is out there.
12          I think Mr. Quaid, again, is trying to
13  run this thing through quickly ignoring exactly
14  what is happening here from a 5,000-foot level or a
15  2,000-foot level.  It's not proper to use this type
16  of procedure or this court's jurisdiction to
17  essentially do what we believe is close to a
18  shakedown of creditors.
19          And that also gets to the legitimacy of
20  what the trustee is doing because he's doing this
21  to his constituents in an effort -- I'm not sure
22  what the effort is for.  So there's a lot more here
23  than Mr. Quaid is presenting to the court, and he
24  has not indicated why we cannot have an opportunity
25  to put something in writing.

1           MR. QUAID:  Your Honor, this case is two
2    years old.  We've had to fight Mr. Helmstetter
3    throughout the case.  We need to deal with these
4    $24 million of scheduled assets.  Whether they're
5    good, bad or indifferent will be proven at the
6    hearing to approve any sale.
7           And there's no shakedown by the trustee.
8    I've not asked if the trustee --
9           THE COURT:  I have something to say.  I
10   have something to say.
11          I'm not so sure it's a shakedown,
12   Mr. Factor.  You have to remember that if the
13   trustee abandons all of these claims, who do they
14   go back to?  They go back to the debtor.  And I'm
15   not saying that that's dispositive.  It just
16   mitigates a little bit against some of what you're
17   saying.
18          At this point, Mr. Factor or anyone else
19   may file a formal response to the request on or
20   before how about October 19th.
21          MR. FACTOR:  That sounds fine, Your
22   Honor.  I appreciate that.
23          THE COURT:  All right.
24          And then, Mr. Quaid, as to all of these
25   responses, you may file a written reply on or

1    before how about -- I'll make sure you have enough
2    time -- how about November 9.  I don't think it
3    makes sense to start setting up bidding procedures
4    before we're entirely clear about what is being
5    sold.
6              And to be honest with you, I didn't
7    really have a clear grasp of all of these claims
8    until I read Judge Pallmeyer's decision.  I can't
9    say unless they're in front of me and I have to
10   rule on them, I don't always realize what is going
11   on out there.  I entered a two paragraph order.
12   She overruled the debtor's whatever it was in a
13   29-page opinion.  That was the first time I felt
14   that the reviewing court knew more than me.
15             But, in any event, that will be my
16   order.  I'll put an order on the docket.
17             MR. QUAID:  Judge?
18             THE COURT:  Just a second.
19             I'll have a status hearing, not a
20   contested hearing.  We'll have a status hearing to
21   see where we are on -- let's see.  The reply is on
22   the 9th.  We'll have a status hearing on
23   November 16th at 1:30 p.m.  I'll put together an
24   order.
25             MR. FACTOR:  Thank you, Your Honor.

1              MR. BRISKY:  Thank you, Your Honor.
2              THE COURT:  There's a lot going on.  It
3    seems I'm about to learn more about my case after
4    an appeal than I do before, I guess, because what
5    happened before me didn't require a lot -- it
6    wasn't contested and with evidence and all.
7              I'll see you all then.
8              MR. TATELBAUM:  Your Honor, this is
9    Charles Tatelbaum.
10             Mr. Tancredi and I have a related matter
11   on this case, Number 35 on the 1:30 docket.  Do you
12   want to hear it now or at 1:30?
13             THE COURT:  Just a second.  Hold on.
14             Is everybody here on that one?
15             MR. TATELBAUM:  Yes, Your Honor.  It's
16   an adversary, and Mr. Tancredi and I are the two
17   parties.
18             THE COURT:  Go ahead.
19             MR. TANCREDI:  Your Honor, may I address
20   the court before we proceed to that?  This is Nick
21   Tancredi on behalf of the debtor Michael
22   Helmstetter.
23             THE COURT:  Go ahead.
24             MR. TANCREDI:  Thank you, Your Honor.
25             I share my colleague's respect for the

1  efficient and effective use of the court and the
2  court's time.
3       I would like to put on the record, from
4  the debtor's standpoint, we believe that for a
5  number of reasons the appropriate disposition here
6  would just be to abandon the claims back to the
7  debtor and then let him face the other parties
8  rather than put this court in the middle of it.
9  We're perfectly willing, Your Honor, to take back
10 all the claims, and if we elect to prosecute it,
11 face the consequences.
12      MR. STERN:  And that's the problem that
13 we have here, Judge.  Mr. Helmstetter would like
14 the trustee to abandon these causes of action, and
15 he --
16      THE COURT:  Put your name on the record
17 first.  Identify yourself.
18      MR. STERN:  Gregory Stern.
19      THE COURT:  All right.
20      Go ahead.
21      MR. STERN:  You have Mr. Tancredi who
22 has advanced arguments and caused certain
23 valuations to be filed with the court indicating --
24 within the schedules indicating that there is
25 substantial value to these causes of action.  As

1   such, the trustee has an absolute duty to
2   administer it.  And I'm rather shocked at
3   Mr. Factor's comments given that this is a regular
4   practice that we see from him and his office all
5   the time.  So I would suggest, like Your Honor did,
6   that you discount those comments.
7          There's value to these causes of action.
8   Someone needs to step up and make a bid for them.
9   The trustee does not have the financial resources
10  or has not been able to enter into any agreement
11  with any attorney to prosecute them on a
12  contingency basis for the benefit of the estate.
13  Consequently, the trustee, who is present here on
14  this court call, Mr. Herzog, has instructed us to
15  monetize these as best as we can.  There is no
16  other way to do that other than to sell them.
17         Now, certainly if Mr. Factor objects to
18  little portions of the bidding procedures and wants
19  time to increase offers or make competitive bid, we
20  can certainly take that into account and
21  accommodate those considerations.
22         THE COURT:  All right.
23         Let's go to Number 35 on the call.
24         MR. STERN:  Yes, ma'am.  Thank you.
25         MR. TATELBAUM:  Your Honor, this is

1  Charles Tatelbaum on behalf of Nissan North
2  American, Inc.
3        This is an adversary proceeding
4  objecting to the dischargeability of Mr.
5  Helmstetter.  If you recall, Mr. Hirsh withdrew as
6  counsel for the debtor as a result of his
7  retirement.  Mr. Tancredi is the remaining
8  attorney.  And we would like the court, since this
9  is quite old, to enter a scheduling order.  I have
10 some suggested dates if the court is interested on
11 your standard scheduling order so that we can move
12 forward with this adversary proceeding.
13       THE COURT:  What do you suggest?
14       MR. TANCREDI:  Your Honor, for the --
15       MR. TATELBAUM:  Your Honor, for the Part
16 A, that the parties are to comply with Rule 26 by
17 October 29.  Nonexpert discovery completed by
18 December 30.  The plaintiff shall disclose trial
19 experts by November 12th.  The plaintiff's trial
20 experts must be deposed on or before December 15th.
21 Defendant's trial experts must be disclosed on or
22 before November 20.  Defendants's trial experts
23 must be deposed on or before December 15.  Motion
24 for summary judgment filed by January 14th next
25 year.

1    MR. TANCREDI: Your Honor --
2    THE COURT: All right. I'll keep those
3 dates in mind. And I'll get an order out before
4 the day is over, and, of course, I'll give the
5 matter either a trial date or future status date.
6 I'll look at it all later today.
7    MR. TATELBAUM: Thank you, Your Honor.
8    MR. TANCREDI: Your Honor? May I
9 respond, please, Your Honor?
10    THE COURT: Go right ahead.
11    MR. TANCREDI: Because I have not filed
12 an appearance in this adversary.
13    It's my understanding from my notes from
14 Mr. Hirsh before he retired that the parties aren't
15 even at issue, that there has been no effective
16 responsive pleading filed and that Mr. Tatelbaum is
17 under orders from this court to provide us with
18 additional documentation. That
19 documentation according to --
20    THE COURT: You said you do not have an
21 appearance on file. I think it's improper for me
22 to let you say anything else about the adversary.
23    Thank you all very much.
24    MR. TATELBAUM: Thank you, Your Honor.
25    (Which were all the proceedings had

1                   in the above-entitled cause,

2                   September 28, 2021, 1:00 p.m./1:30

3           p.m.)

4

5   I, MARY C. KELLY, CSR, DO HEREBY CERTIFY THAT THE
    FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
    PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE./S/

6   (f)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25