IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER | ) | Case No. 19-28687 |
| | ) | |
| Debtor, | ) | |
| | ) | |
| DAVID R. HERZOG, CHAPTER 7 TRUSTEE OF THE ESTATE OF MICHAEL S. HELMSTETTER, | ) ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | Adv. Proc. 22-00019 |
| | ) | |
| BROWN, UDELL, POMERANTZ & DELRAHIM, LTD., | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS ADVERSARY COMPLAINT**

Now comes Plaintiff, David R. Herzog, as the Chapter 7 Trustee ("**Trustee**") of the Estate of Michael S. Helmstetter, ("**Debtor**") and for his Response in Opposition to Motion to Dismiss[1] Adversary Complaint, states as follows:

**A.    INTRODUCTION.**

1.    Brown, Udell, Pomerantz & Delrahim, Ltd ("**BUPD**" or "**Defendant**") filed claim 6-1 against Debtor's estate in the sum of $218,443.79 as a partially secured claim, consisting of a secured claim of $166,621.52 and an unsecured claim of $51,822.27.

2.    BUPD's claim was for services rendered by BUPD as counsel for the Debtor in several litigation matters. The subject matter of this Adversary Complaint deals with the alleged

---

[1] The Motion to Dismiss was not filed in Adv. Proc. 22-00019 but rather filed in the main bankruptcy case and appears on the docket of 19-28687.

1

secured claim of $166,621.52.

3. There is no dispute between the parties hereto that the secured portion of $166,621.52 was incurred as a result of services rendered by BUPD on behalf of the Debtor in prosecuting a complaint for declaratory relief and other relief in the Circuit Court of Cook County, Illinois (the "**Circuit Court Litigation**") against Richard Ruscitti ("**Ruscitti**"), Kingdom Chevrolet, Inc., ("**Kingdom**") and Western Avenue Nissan ("**Western Avenue**") (Ruscitti, Kingdom and Western may be collectively referred to as the "**Kingdom Entities**").

4. The essential subject of the Trustee's Adversary Complaint and BUPD's Motion to Dismiss pertains to the invalidity of the attorney's lien purportedly created by BUPD's service of a Notice of Attorney's Lien on the Kingdom Entities as the defendants in the Circuit Court Litigation.

5. The Trustee contends that the attorney's lien of BUPD is invalid for two reasons, being (i) the defect in the language of the BUPD's Notice of Attorney's Lien ("**Notice**") as failing to comply with Illinois law and (ii) the effect of the rejection in this bankruptcy case of the retainer agreement ("**Retainer Agreement**") between BUPD and Debtor.  In summary, the Trustee states that the language of the Notice failed to contain a required disclosure of the amount of compensation that BUPD would be entitled to receive as a lien claim, leaving all parties without the information necessary to support a lien on any recovery obtained from the Kingdom Entities.  Further, the Trustee states that the effect of the rejection of the executory retainer agreement was to discharge BUPD as counsel in the Circuit Court Litigation, thereby leaving BUPD with only a right to compensation on a *quantum meruit* basis instead of the contractual fee stated in the Retainer Agreement.  BUPD contends that the language of the Notice was sufficient under Illinois law and that rejection in bankruptcy of the Retainer Agreement only constitutes a breach of contract by the Debtor causing damages to BUPD in the contractual fee stated in the Retainer Agreement.

**B.     SUMMARY.**

The Trustee's Complaint states a claim for relief to invalidate the alleged Attorney's Lien of BUPD. Bankruptcy Code Section 365 rejects BUPD's Retainer Agreement due to the absence of an assumption by the Trustee of that Retainer Agreement. Upon rejection, BUPD became a discharged attorney entitled to receive only reasonable compensation on a *quantum meruit* basis. More significantly, BUPD failed to perfect its Attorney's Lien by not complying with the Attorney's Lien Act of Illinois. That statute requires the Notice of Attorney's Lien to state the amount and nature of the attorney's interest in the litigation, which Notice is served on the opposing party, being the Kingdom Entities. The specific information allows the opposing parties to avoid liability to an attorney by paying the attorney its share of the recovery. BUPD's Notice did not state any amount or the nature of its "interest" in any recovery and therefore failed to perfect a lien. Finally, Section 502(b)(4) of the Bankruptcy Code limits BUPD to reasonable compensation for the services it rendered.

**C.     BUPD'S MOTION IS DEFICIENT TO SUPPORT ITS REQUESTED RELIEF.**

6.     The Motion to Dismiss filed by BUPD is deficient in two respects. Consequently, BUPD is not entitled to the relief that it seeks. BUPD inserts into its argument additional facts not contained in the Trustee's complaint, which the Court is not entitled to consider. If the Court were to hear additional facts it would convert the Motion to Dismiss from a test of the legal sufficiency of the Trustee's complaint into a motion for summary judgment. The second defect is the failure of BUPD to cite to the Court even one case in support of the Motion wherein it seeks a dismissal of the Trustee's complaint with prejudice.

7.     On a summary judgment contest, discovery and contested facts from both parties would need to be presented to the Court. As BUPD does not propose such a procedure, the additional

facts interjected by BUPD may not be considered. The additional facts are the following:

   A. Paragraph 1 of BUPD's Motion states that "[t]his litigation resulted in a significant settlement payment to the Debtor which represents the only asset in this bankruptcy." This sentence adds a fact being the causative element of the litigation handled by BUPD producing the settlement consummated by the Trustee with the Kingdom Entities. Such fact is neither contained in the Trustee's complaint nor is it factually true. BUPD failed in five years of handling the Circuit Court Litigation to complete paper discovery and generated a large amount of animosity between the parties which precluded any settlement. Before the onset of the COVID suspension of litigation in the Circuit Court, BUPD was defending a motion to disqualify the firm for holding a conflict of interest[2] based on a prior representation of Ruscitti or another of his businesses. Consequently, it cannot be true that BUPD's work caused the settlement to be consummated. Obviously, the Trustee was able to negotiate and consummate a settlement when BUPD failed to achieve that result. Further, the settlement does not represent a payment to "the Debtor" as stated by BUPD but rather to the benefit of the creditors of the estate who are the real parties in interest in this Chapter 7 Case.

   B. Paragraph 11 of BUPD's Motion states that BUPD's objection to the settlement achieved by the Trustee was for a sum that was "less than half of the amount pf a previous settlement offer made to the Debtor." The amount of the Kingdom Settlement is not an issue in the Trustee's complaint and the allegation in paragraph 11 is irrelevant. The allegation is also not supported by any factual basis. The Retainer Agreement upon which BUPD relies to support its secured claim references a prior (and unaccepted) settlement amount of $400,000.00. *See*, BUPD Motion, Par. 5. There is no evidence of a larger settlement offer. If same happened, the Debtor should

---

[2] The motion was not determined by the Circuit Court but a violation of ethical requirements defeats an Attorney's right to compensation and Attorney's Lien. *Neuberg v. Michael Reese Hosp. Foundation*, 123 F3d 951 (7th Cir. 1997).

have accepted it rather than filing his Chapter 7 Case.

8. BUPD's Motion is also deficient in failing to cite any caselaw supporting its requested relief. While BUPD seeks to distinguish the cases cited by the Trustee in support of his complaint, BUPD fails to cite a single case independent of the Trustee's authorities. The failure to offer even a single case in support of its Motion to Dismiss with prejudice demonstrates the paucity of legal support for its position.

**D. BUPD MISCONSTRUES THE EFFECT OF REJECTION OF THE RETAINER AGREEMENT PURSUANT TO SECTION 365**.

9. In Section II of its Motion, BUPD argues that rejection created a right to damages for BUPD and that those damages are the contractual fee of 21 percent (21%) of any recovery PLUS the hourly billing of BUPD rather than the remedy provided under Illinois law of a *quantum meruit* measure of damages based on a reasonable amount of compensation as asserted by the Trustee. This contention by BUPD is incorrect and misunderstands the nature of rejection of an executory contract and the measure of damages flowing from the rejection.

10. The entire argument of BUPD in this section of its Motion is premised on its attempt to distinguish the Trustee's case law to support the Trustee's argument. The Trustee disagrees with BUPD, as will be stated more fully hereinafter. However, BUPD has failed to cite a single case of its own to support its requested relief of dismissal with prejudice. The Trustee's complaint to invalidate the defect attorney's lien of BUPD is intended to benefit all of the unsecured creditors of the estate and can not be defeated without case law supporting its position.

11. An attorney's retainer agreement like BULP's retainer agreement constitutes an executory contract. *In re Western Real Estate Fund, Inc*., 922 F.2d 592, 595 (10th Cir. 1990). Pursuant to Section 365 (d)(2), such an executory contract is rejected in a Chapter 7 case if it is not assumed by the trustee with the approval of the court. There is no doubt in the present case

5

that the Trustee did not assume the BUPD Retainer Agreement. Upon rejection, that agreement can no longer be enforced against the estate or the Trustee. Rejection of the Retainer Agreement also discharges BUPD as counsel and ends its services in the litigation. *In re Western Real Estate Fund, Inc.*, 922 F.2d 592, 595 (10th Cir. 1990).

12. BUPD argues that *Western Real Estate Fund* supports its position. However, such a view is a misreading of the case. *Western Real Estate Fund* establishes the legal basis for the Trustee's position, contrary to BUPD's erroneous position of dismissing the case entirely. The key differences that led to the 10th Circuit reversing the lower courts' ruling were (i) the proper perfection of the attorney's lien[3] and (ii) a difference in the law between Oklahoma and Illinois which provides a limitation of a discharged attorney to reasonable compensation based on a *quantum meruit* basis. A further difference exists between *Western Real Estate Fund* and the present case. The attorney in the Oklahoma case procured a settlement offer which was the basis of his right to a contingent fee. BUPD has not procured any offer and therefore cannot claim that they are entitled to a contingent fee on the basis of the Trustee's settlement after rejection of the executory contract.

13. Illinois law limits a discharged lawyer to reasonable compensation under *quantum meruit*. *Rhoades v. Norfolk And Western Railway Company*, 399 N.E.2d 969, 974, (Ill. 1979); See, *Fracasse v. Brent*, 6 Cal. 3d 784,, 100 Cal. Rptr. 385, 494 P.2d 9 (1972). BUPD has not presented any evidence of the reasonable value of its services. The only support offered by BUPD is its time sheets of services rendered at a discounted hourly rate based on the hybrid fee agreement including the stated contingent fee of 21% of any recovery. BUPD has offered to make such a presentation and should be required to do so at trial.

---

[3] As stated hereafter, BUPD failed to properly perfect the attorney's lien.

14. The weakness of BUPD's argument is demonstrated by its statement that:

> The concern in *Callahan*, 144 Ill. 2d at 38-39, and *Rhodes* (sic), 78 Ill. 2d at 228-229, was that enforcing a contingency fee agreement after counsel had been fired would infringe upon a party's right to discharge his counsel without incurring damages for breach of contract. There is no such concern when a fee agreement is rejected by a trustee or debtor in possession under bankruptcy law, because the rejection is a breach, leaving a claim for damages.

BUPD, Motion, Par. 25.

This argument fails to understand the effect of a rejection under bankruptcy law as well as the requirements of the Illinois Attorney's Lien Act.

15. Rejection of an executory contract does create damages. That is not the issue in controversy here. The issue is the measure of damages. Illinois law governs and allows a discharged attorney to recover reasonable compensation based on a *quantum meruit* basis. There is no difference between the measure of damages under Illinois law and bankruptcy law upon rejection of the retainer agreement. Under bankruptcy law and procedure, rejection discharged and removed BUPD as counsel for the Circuit Court Litigation and permitted the Trustee to employ new counsel to prosecute the Circuit Court Litigation. While the Trustee pursued a course of action to negotiate a settlement with the Kingdom Entities rather than to continue prosecution of that litigation with new counsel, the Trustee was afforded that right pursuant to exercising its option of allowing the Retainer Agreement to be rejected.

16. The rejection relegated BUPD to its damages and entitlement to damages based upon reasonable compensation. Under Illinois law, a lawyer removed from his position as counsel handling the litigation is entitled to reasonable compensation in order to permit new counsel which will bear the burden of the remainder of the litigation to enter into a new fee agreement with the client.

17. The essence of the dispute herein is the measure of the damages to which BUPD is entitled to after being discharged from the Circuit Court Litigation. Illinois law governs and specifies reasonable compensation on a *quantum meruit* basis.

18. BUPD argues its contingency fee of 21% of the recovery plus the charge of hourly rates for services rendered is reasonable compensation:

> Since BUPD was the Debtor's counsel of record in the Litigation when the Trustee reached a settlement agreement in July 2020, and had worked on the Litigation since 2018, the reasonable fees value of its services is the 'entire contract fee,' even under *Rhodes*(sic).

BUPD Motion, par. 27.

See also paragraph 30 of BUPD's Motion. However, BUPD was only counsel of record in the Circuit Court Litigation but not counsel for the real party in interest, being the Trustee. See, Rule 17(a)(1) and (3) of the Federal Rules of Civil Procedure. More importantly, as of December 9, 2019, being 60 days after the Petition Date, the Retainer Agreement was rejected due to the absence of its assumption by the Trustee. From and after that date, BUPD was a discharged counsel and no longer was entitled to prosecute the Circuit Court Litigation. And, of course, it is undisputed that BUPD did not procure the settlement of $555,000.00 which was obtained by the Trustee and his counsel. The discharged attorney does not base his compensation of any higher recovery achieved after the date of his discharge. *In re Estate of Callahan,* 578 N.E.2d 985, 989 (Ill. 1991).

19. Further, the quality of representation by BUPD in the Circuit Court Litigation cannot be relied upon to include it hourly charges of $51,822.27 to the contingent fee of $166,621.52. BUPD never brought the 2014 Circuit Court Litigation beyond the paper discovery stage and was subject to a pending disqualification motion for an alleged conflict of interest. To argue otherwise is to stretches the bounds of credibility. Compensation is measured by the benefits conferred to the client by the attorney's services and limited to those benefits. *Id*.

20. BUPD is required to prove up the amount of reasonable compensation for its services as BUPD acknowledges and recognizes. See, Par. 30, BUPD Motion.

**E.  BUPD's CLAIM SHOULD BE DENIED AS EXCESSIVE BY SECTION 502(b)(4) OF THE BANKRUPTCY CODE.**

21. BUPD likewise ignores the Bankruptcy Code's general denial of excessive compensation to attorneys of the Debtor. Section 502(b)(4) denies excessive compensation by providing:

> "….shall allow such claim in such amount, except to the extent that –
> (4) if such claim is for services of an insider or attorney for the debtor,
>  such claim exceeds the reasonable value of such services."

22. BUPD seeks to recover a contingency fee of $166,621.52 for performing approximately $51,000.00 of hourly services which did not advance the Circuit Court Litigation beyond the stage of paper discovery[4] nor produce a recovery. A question of fact arises that must be answered at trial as to whether such recovery exceeds the reasonable value of the services rendered.

**F.  BUPD'S NOTICE OF ATTORNEY'S LIEN FAILS TO COMPLY WITH THE STATUTORY REQUIRED DESCRIPTION OF THE AMOUNT OF ITS ASSERTED LIEN AND IS THEREFORE, INVALID.**

23. Under Illinois law, an attorney's lien is a matter of statutory creation and contrary to common law. Therefore, an attorney must strictly comply with the statutory requirements of the statute in order to be entitled to receive the benefits provided by the statute. The insufficiency of the language contained in BUPD's Notice as required by the Illinois Attorney's Lien Act (770 ILCS 5/1) is obvious on the face of the documents and fatal to any lien on behalf of BUPD.

24. BUPD recognizes the requirements of this Act and quotes the relevant language in

---

[4] In part, the Circuit Court Litigation was delayed by the pendency of the motion to disqualify BUPD due to an alleged conflict of interest.

paragraph 33 of its Motion. The Notice must contain language "stating therein the interest they have in such suits, claims, demands or causes of action." 770 ILCS 5/1. BUPD's Notice states, as follows:

> Pursuant to 770 ILCS 5/1, please take notice that Michael Helmstetter has entered into a retainer agreement to compensate us for services rendered and to be rendered in connection with this matter from any amount that may be recovered by way of suit, settlement, or otherwise. Accordingly, Brown, Udell, Pomerantz & Delrahim, Ltd. Asserts a lien pursuant to said statute.

25.    The quoted language fails to "stat[e] therein the interest they have in such suits, claims, demands or causes of action" as required by the statute. The Notice reveals that there is a secret amount of compensation for BUPD by merely stating that there was a retainer agreement which provided for some amount of manner of compensation. However, there is no statement of what that compensation would be. The Notice fails to disclose the following:

A.   What is the amount of compensation to which BPD is entitled for its services that the Illinois Act requires the Notice to specify?

B.   When is that compensation required to be paid?

C.   Whether compensation is based on an hourly rate or a percentage of any recovery from the Kingdom Entities?

D.   What percentage of recovery is BUPD entitled to receive?

E.   What amount of compensation is secured by the lien asserted by BUPD?

None of these required questions are answered by BUPD's Notice and therefore, its asserted Attorney's Lien is invalid as failing to comply with Attorney's Lien Act, 770 ILCS 5/1.

26.    The reason for the statutory requirement of specifying the attorney's "interest" is that a lien is enforceable only when publicly disclosed. A lien enforceable against the funds payable by the Kingdom Entities could only exist if the Notice stated the amount and nature of the attorney's "interest" in the Circuit Court Litigation. *In re Chicago Flood Litigation*, 289 Ill. App.

3d 937 (1st Dist. 1997). Assume that prior to the Debtor's filing his Chapter 7 bankruptcy case, the Kingdom Entities had settled the Circuit Court Litigation with BUPD as counsel for the Debtor. Just what amount of payment would the Kingdom Entities had been required to pay to BUPD to satisfy its alleged lien? The Kingdom Entities would have had no basis of knowing the correct amount of compensation claimed by BUPD and therefore could not have been able to protect themselves form liability to BUPD for paying an incorrect amount. The insufficient language of BUPD's Notice created a conundrum that is the very reason that the Attorney's Lien Act requires a statement of the attorney's "interest".

27. BUPD has failed to come anywhere close to complying with its most important element by omitting this element. BUPD fails to state the amount and nature of its compensation. This element is critical for compliance and the most that BUPD is entitled is an unsecured claim for reasonable compensation for its services, which appear to be $51, 822.27.

WHEREFORE, David R. Herzog, Chapter 7 Trustee, prays that this court deny the Motion of BUPD to Dismiss with prejudice the Trustee's Complaint and for such other relief to which the Court deems just.

DAVID R. HERZOG, CHAPTER 7 TRUSTEE

By:     Gregory K. Stern, Esq.
        One of His Attorneys

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
Dennis E. Quaid (Atty. ID #02267012)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

11