IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | ) | U.S. Bankruptcy Judge |

**NOTICE OF HEARING**

TO:    Attached Service List

**PLEASE TAKE NOTICE THAT** on **May 17, 2022, at 1:00 p.m.**, I shall appear before the **Honorable Jacqueline Cox**, or any other judge sitting in her stead and request a hearing on the **Trustee's Motion To Approve Sale to Michael Helmstetter of Remaining Causes of Action**, a copy of which is attached hereto and thereby served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID.

**To appear by telephone**, call (669) 254-5252 or (646) 828-7666.  Appearing by telephone will require extra clearance before being allowed into the hearing.

**Meeting ID and password.** The meeting ID for this hearing is 161 273 2896 and the password is 778135.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 25th day of April, 2022..

　　　　　　　　　　　　　　　　　　　　　/s/ Gregory K. Stern
　　　　　　　　　　　　　　　　　　　　　　Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Law Offices of David R. Herzog
53 West Jackson Blvd, Suite 1442
Chicago, Illinois 60604

Nicola Tancredi
Two North TransAm Plaza Dr., Suite 250
Oak Brook Terrace, Illinois 60181

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

Bryan D King
Shelley Smith
Brown Udell Pomerantz Delrahim
225 W. Illinois, Suite 300
Chicago, IL 60654

Daniel S Hefter
Hefter Law, Ltd.
22 W. Washington, Suite 1500
Chicago, IL 60602

Cindy M. Johnson
Johnson Legal Group, LLC
140 S. Dearborn, Ste 1510
Chicago, IL 60603

Victor J. Allen
Justin Mertz
Michael, Best & Friedrich, LLP
790 N. Water St., Ste 2500
Milwaukee, WI 53202

Jeffrey Paulsen
Law Offices of Wm J. Factor, Ltd.
105 W. Madison, Ste 1500
Chicago, Il 60602

**Parties Served By United States Mail**

Michael Helmstetter
3939 North Star Trail
Odessa, Florida 33556

ADG
Attn: William H. Kelly, Partner
5810 W. 78th Street, Suite 300
Minneapolis, MN 55439

Beerman LLP
161 N Clark Street, Suite 3000
Chicago, IL 60601

J. Kevin Benjamin
Benjamin Legal Services, PLC
1015 West Jackson Blvd.
Chicago, Illinois  60607

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

FCA, aka Fiat
c/o Quarles & Brady
300 N. LaSalle Street, Suite 4000
Chicago, Illinois  60654

Ft. Worth Brothers Automotive LLC
c/o Burke Warren McKay Serritella
330 N. Wabash 21st Floor
Chicago, IL 60611

Terry Gaouette
8021 Greenmeadow Lane
Greendale, WI 53129

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

IRS
PO BOX 7346
Philadelphia, PA 19101-7346

Monroe Capital
311 South Wacker Drive, Suite 64
Chicago, Illinois  60606

Oak Group bba Warranty Sol'n Mngt Corp
7125 W. Jefferson Ave., Suite S-200
Denver, CO 80235

Oceantime LLC
3208 NE 10th Street
Pompano Beach, FL 33062-3908

O'Rourke & Moody
c/o Michael C. Moody
55 West Wacker Drive, Suite 1400
Chicago, Illinois  60601

Painted Sky/Adam Wimmer
1225 17th Street, Suite 2650
Denver, CO 80202

Pearl Capital Business Funding, LLC
525 Washington Blvd
22nd Floor
Jersey City, NJ 07310

Premium Business Solutions
8019 N. Himes
Tampa, Florida  33611

Reyna Capital Corporation
One Reynolds Way
Kettering, OH 45430

Ridgestone Bank
500 Elm Grove Road
Suite 102
Elm Grove, WI 53122

Ronald Richardson
329 W. 18th Street
Chicago, Illinois  60616

Ultegra Financial Partners, Inc.
1009 18th Street, Suite 2860
Denver, CO 80202

West Lake Financial Services
4751 Wilshire Blvd.
Suite 100
Los Angeles, CA 90010

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline Cox |
| | ) | U.S. Bankruptcy Judge |
| | ) | <u>Hearing Date and Time</u>: |
| | ) | **May 17, 2022, at 1:00 p.m**. |

### TRUSTEE'S MOTION TO APPROVE SALE TO MICHAEL HELMSTETTER OF REMAINING CAUSES OF ACTION AND TO LIMIT NOTICE

NOW COMES DAVID R. HERZOG, not individually, but solely in his capacity as Chapter 7 Trustee (the "**Trustee**"), by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid ("**Trustee's Counsel**") and pursuant to 11 U.S.C. §§105(a) and 363 and Fed. R. Bankr. P., Rules 2002, 6004, 9007, and 9014, and requests that this Court enter an order approving **Trustee's Motion to Approve Sale to Michael Helmstetter of Remaining Causes of Action and to limit notice**.  In support of this Motion, the Trustee represents and states as follows:

### A.    BACKGROUND

1. Michael Helmstetter (the "**Debtor**") filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code Court commencing the instant case and  David R. Herzog (the "**Trustee**") was appointed as trustee in this case, continuing as the duly appointed and acting Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "**Estate**").

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334; venue of this Title 11 case is proper in this District pursuant to 28 U.S.C. §1408; and, this matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A), (B), (N) and (O).

3.  This Court has the constitutional authority to adjudicate the subject matter of this Motion as affecting property of the Estate. The Trustee consents to this Court's adjudication of the subject matter of this Motion and the entry by the Court of a final order deciding the Motion.

### B. TRUSTEE'S BUSINESS JUDGMENT FOR CAUSES OF ACTION TO BE SOLD

4.  The Debtor has enumerated multiple assertions of liability against third parties in his four sets of Schedules, including amendments and exhibits (hereinafter referred to as the "**Remaining Causes of Action**").

5.  The Trustee has investigated the Remaining Causes of Action and has decided in the exercise of his business discretion to refrain from prosecuting any of the Remaining Causes of Action enumerated hereinafter due to uncertainties regarding the viability of the Remaining Causes of Action, the ability to procure evidence and witnesses to support the Remaining Causes of Action and an insufficiency of fiscal resources of the estate to finance the prosecution

6.  The Trustee recognizes that the aggregate amount of the scheduled Remaining Causes of Action amounts to millions of dollars but in the exercise of his business judgment, the Trustee does not believe that the Remaining Causes of Action can be successfully prosecuted by the estate. The Trustee has previously solicited offers to purchase the Remining Causes of Action and received no offers to purchase same.

7.  The Chapter 7 Debtor, Michael Helmstetter, has submitted an offer to the Trustee to purchase for the sum of $20,000.00 the estate's interests in twenty-five (25) causes of action enumerated hereafter. Helmstetter's offer is attached as **Exhibit A** hereto. Helmstetter has tendered in escrow the sum of $20,000.00 to the Trustee. The Trustee has agreed to accept Helmstetter's offer, subject to the approval of this Court.

8. Substantially all of the Remaining Causes of Action were included in the prior motion of the Trustee to sell causes of action. See, Doc. 139, 9-14-21. After considerable controversy, the auction requested in the Trustee's prior motion for a sale of causes of action was conducted, with four causes of action being sold.[1] Those four causes of action were sold to Gaouette, the 2401 South Michigan landlords, World Business Lenders and Benitta Berke and are not proposed to be included in this motion for sale.

9. At the auction conducted by the Trustee in relation to his prior motion to sell causes of action, no bids were received to purchase the Remaining Causes of Action now proposed to be sold to Helmstetter for the sum of $20,000.00. Due to a lack of bids for the causes of action, the Remaining Causes of Action were excluded from the sale and remain as property of the estate.

10. In consideration of failure of the Trustee to receive any bids for the Remaining Causes of Action when offered for sale in the Trustee's prior auction, the Trustee submits to the Court that there is no reason to solicit a second time competitive bids for the sale of the Remaining Causes of Action. The Trustee therefore recommends that a private sale of the Remaining Causes of Action is the most efficient method of disposing of these items of property of the estate.

11. The Trustee has excluded various causes of action from Helmstetter's request to purchase all causes of action. The exclusions are as follows:

    A. Exhibit A excludes causes of action against Kingdom Chevrolet, Western Avenue Nissan and Richard Ruscitti for the reason that the Trustee has already released those causes of action in the Kingdom settlement;

---

[1] The Trustee objected to the sale of two of the four causes of action but the Court directed the Trustee to sell to Berke and World Business Lenders. Helmstetter has taken an appeal (Doc. 201, 3/01/22) from that order dated 2/15/22, Doc. 200, which is pending. The four causes of action are not proposed to be sold in the present motion.

B. Exhibit A further excludes causes of action against Benitta Berke, World Business Lenders, Terry Gaouette and Gaouette & Associates, 2401 S. Michigan Building Corporation, County Mayo Corp., and Maureen Joyce as having been released by the Trustee in connection with his prior motion to sell;

C. Exhibit A has been annotated by counsel for the Trustee, with the consent of Helmstetter and his counsel, to delete any cause of action against J. Coomer and Momentum Strategic Partners.

(i) As to any cause of action against J. Coomer, the Trustee was authorized by order of this Court dated 09/01/2020, Doc. 76, to settle controversies with Kingdom Chevrolet, Inc., Richard Ruscitti and Western Avenue Nissan and to release all causes of action against those entities and their agents and employees, among others. The Trustee and the Kingdom Entities have consummated that transaction while Helmstetter's appeal of the settlement order remains pending before the Court of Appeals for the Seventh Circuit. In the present sale, Helmstetter has requested the inclusion of a cause of action against Jaimie Coomer, an employee of one of the Kingdom Entities. The Trustee has refused to include in the present sale any cause of action against Jaimie Coomer for the reason that the Trustee has released any such cause of action and cannot sell a cause of action that he has released. Helmstetter's counsel, Nicola Tancredi has consented to the exclusion of J. Coomer from this transaction.

(ii) Helmstetter has also requested the sale to him of a cause of action against Momentum Strategic Partners. However, Helmstetter did not schedule a cause of action against Momentum Strategic Partners and the Trustee has refused to sell a cause of action that was never scheduled by Helmstetter as Debtor. Helmstetter's counsel, Nicola Tancredi has consented to the exclusion of Momentum Strategic Partners from this transaction.

### C.    REMAINING CAUSES OF ACTION

12. The Remaining Causes of Action which the Trustee seeks to sell relate to the Debtor and/or the operation of one or more of the Debtor's businesses.  The Debtor was an owner and operator of several dealerships selling new automobiles.  The Debtor owned 51% of the stock of NEW CITY HISTORIC AUTO ROW, INC., (hereinafter "**New City**") which operated primarily at 2401 S. Michigan Avenue, Chicago, Illinois, for the sale of Alfa-Romeo and Fiat automobiles.  The Debtor also owned 51% of the stock of NEW CITY AUTO GROUP, INC., ("**Prime Time Nissan**") which operated in Indiana for the sale of Nissan automobiles.  Both New City and Prime Time Nissan ceased business operations and commenced Chapter 11 cases, of which only Prime Time Nissan's case remains pending.

13. In connection with New City and Prime Time Nissan, Debtor contracted and interacted with many business partners, manufacturers of automobiles, financing agencies of the dealerships and creditors of the Debtor, individually, or the dealerships.  Those parties are the third parties alleged by the Debtor in his Schedules as amended and exhibits thereto, to be liable to the Debtor and therefore, now to the estate, for a variety of alleged wrongful actions committed by those third parties.  Many of the third parties are also listed in the Debtor's Schedules, as amended several times and exhibits thereto, to be creditors of the Debtor holding claims against the Debtor of approximately, Nineteen Million Dollars ($19,000,000.00).  Claims have been filed by creditors against the estate of the Debtor of approximately that amount.

14. The Trustee was not a participant in any of the transactions from which the relevant Remaining Causes of Action arose and therefore, lacks personal knowledge of the validity of any individual action and of the aggregate Remaining Causes of Action. Accordingly, the Trustee makes no warranty of the validity of any individual action or of the certainty of a purchaser of any individual cause of action in being able to secure a judgment for an individual action, defeating the defenses or set-off counterclaims that may be asserted by the third party to be sued under any individual action or to collect

any resulting judgment from the third party sued.

15.     The Trustee has not filed any actions against any of the third parties alleged to be liable for the Remaining Causes of Action and disclaims all warranties of the ability of a purchaser to locate the third party, to serve necessary summons and complaint upon the third party, to secure evidence and testimony to support the action against the third party in form of discovery and at trial and the time remaining to sue any of the third parties under any applicable statute of limitation.

16.     The Remaining Causes of Action consist of the following individual actions:

(a)     **Santander Bank, N.A**. – Scheduled Damages of $7.9 Million.  According to the Debtor's Schedules, Santander while providing floor-planning financing to New City, committed the following wrongs: fraud, fraudulent financing accounting practices, fraudulent revenue recognition, constructive termination of the dealership, tortious interference, breach of contract, imposed unauthorized changes to contract terms, theft of personal property, violation of federal Automobile Dealer Franchise Act of 1956 and the Illinois Motor Vehicle Franchise Act.  Counsel for Santander has denied all liability and asserts the entry in a suit in the U.S. District Court for the Northern District of Illinois by Santander, 18 cv 00201, on November 1, 2019, of a default judgment against New City and dismissal of all counterclaims asserted by New City and the Debtor against Santander.  The request for a judgment against the Debtor was dismissed due to his discharge in this bankruptcy case.

(b)     **F.C.A., a/k/a Fiat** – Scheduled Damages of $7.9 Million.  According to the Debtor's Schedules, Fiat granted a dealership to New City and sold new vehicles to it.  New City and the Debtor asserted that Fiat shipped vehicles that were never ordered by New City and caused Santander to pay Fiat for these unordered vehicles.  Therefore, the general description of alleged wrongs stated in the Santander paragraph above is incorporated herein by reference.  Fiat instituted an interpleader action in the United States District Court for the Northern District of Illinois, 19-cv-01516, seeking direction as to the party entitled to payment of credits earned by New City, joining, among others, the Debtor, New City and

Santander. Santander sought payment to it of the Fiat credits in the sum of $436,362.80 and Fiat sought a release of liability for making that payment. After the date of this bankruptcy, New City claimed the funds and objected to payment to Santander. On April 19, 2021, the Court overruled New City's objections and ordered payment of $25,000.00 to Fiat and the remainder to Santander. New City has appealed to the Court of Appeals for the Seventh Circuit from that decision and that appeal remains pending.

(c) **Nissan North America/Nissan Motor Acceptance Corporation** – Scheduled Damages of $2 Million. The Debtor asserts in his Schedules several causes of action including: fraudulent inducement to contract, material misrepresentations, fraudulent revenue recognition, obstruction of bankruptcy recovery efforts, breach of contract, breach of fiduciary duties, constructive trust/unjust enrichment, and civil RICO. Nissan granted a dealership to Prime Time Nissan and sold an inventory of new vehicles to it. Prime Time Nissan claimed that Nissan sought to wrongfully reclaim the vehicles sold to Prime Time Nissan. Nissan denies all liability and asserts wrongs committed by Prime Time Nissan in accepting and reselling Nissan's vehicles when Prime Time Nissan lacked any floor planning financing to pay for said vehicles despite its representation and agreement to have such financing. In Prime Time Nissan's Chapter 11 bankruptcy case, a settlement was reached and approved by that court releasing Nissan from any liability to Prime Time Nissan and paying an agreed amount to Nissan from the proceeds of sale of the assets of Prime Time Nissan. Nissan also filed an adversary complaint in this case alleging that the Debtor made misrepresentations to Nissan especially as to having floor-planning financing.

(d) **Ultegra Financial Partners**– Scheduled Damages of $1,500,000.00. The Debtor scheduled a liability against Ultegra. Debtor sought to use the realty of an acquaintance as collateral for a loan from the lender. The loan never closed.

(e) **Marvell Brickhouse** – He was a notary of the loan documents for the Ultegra Financial Partners transaction and is alleged to have falsely notarized those documents.

(f) **Scott Kindybalyk** – He was a partner with the Debtor in New City and other business deals. Debtor alleged various wrongdoing including failure of Kindybalyk to pay for his stock in New City.

(g) **Collateral Specialists** – This company worked for Santander during the liquidation of New City and took possession of and sold the automobile inventory of New City. During this process, this Company refused to deliver individual automobiles that New City contracted to sell unless the buyer paid 100% of the price in cash. This practice led to the failure of many sales. In addition, this Company allegedly allowed vehicles to be sold out of trust and shipped vehicles that were not included in Santander's liquidation sale.

(h) **Res/Title Company** – Debtor alleges this company assisted World Business lenders in taking realty owned by a third party that caused the Debtor to lose a loan to be collateralized by that realty.

(i) **John Lewis Monroe, Jr**. – Debtor alleges that a lender executed a mortgage in favor of Mr. Monroe on the third party realty without the consent of the owner which realty was needed to support a loan to the New City.

(j) **Ronald Richardson and his Mother; Greg Richardson and his sister** – Scheduled Damages of $3.5 Million. The Debtor contends that the Richardsons agreed to lend or invest $5 Million with the Debtor but tendered only a check for $3.5 Million which check was dishonored. The Debtor asserts a scheme of fraud on the Richardsons' part. The position of the Richardsons is unknown.

(k) **The Indiana Group, including Tom Decanter, Tom McDermott, Sr., and Bill Hagerty** – According to the Debtor, this group promised to raise and lend to New City and Prime Time the sum of $29,000,000.00 but failed to consummate any transaction.

(l) **Summit Credit Union** – According to the Debtor, an account was established at this institution for the deposit and disbursement of proceeds of fraud.

(m)    **Wolverine Trading, LLC** – Debtor accuses this entity of predatory lending, fraud and breach of contract.

(n)    **Trade River** - Debtor accuses this entity of predatory lending, fraud and breach of contract.

(o)    **Akounis & Darcy, P.C**. – Debtor alleges wrongful acts by these lawyers in representing Santander Bank in enforcing its rights against New City.

(p)    **Michael Moody and O'Rouke & Moody** –Unknown Damages.  The Debtor scheduled malpractice and deceptive business practice claims against the former lawyers for the Debtor and his businesses.  These lawyers handled many transactions and attempted to negotiate with Santander a workout agreement for New City.  The lawyers represented New City in an unsuccessful Chapter 11 case in Chicago.  They also performed some work for Prime Time Nissan.  Debtor blames them for the demise of those insolvent businesses of which the Debtor owned 51% of the stock.  The lawyers deny all liability and contend that the management failures of the businesses were insurmountable and caused the failure of the business.  Any cause of action may accrue to New City and Prime Time Nissan which are insolvent and owned 51% by the Debtor.

(q)    **Kevin Benjamin and Bronswick Benjamin** – Unknown Damages.  Mr. Benjamin filed this Chapter 7 case on behalf of the Debtor and has withdrawn from the case. A second and now third counsel has appeared for the Debtor.  Debtor contends that Mr. Benjamin committed malpractice by (A) failing to explain to Mr. Helmstetter the advantages of filing a Chapter 11 reorganization case allowing Helmstetter to maintain control of his right to sue the aforementioned third parties and (B) filing a Chapter 7 case for Mr. Helmstetter resulting in his loss of control over the right to sue the aforementioned parties.

(r)    **Keri Fallon** – Scheduled Damages of $91,000.00. The Debtor asserts in his Schedules that Ms. Fallon, his former spouse was required to sign necessary tax returns and documents to

procure a tax refund from the Internal Revenue Service for the tax year 2014 but refused to do so. Debtor further claims that he was damaged due to his inability to use this return to offset other tax liabilities remaining unpaid thereby generating additional penalties and interest against him as a result. Ms. Fallon's counsel denies all liability and asserts that the Debtor both failed to provide requested back-up documents to support the validity of the 2014 returns and violated the terms of their divorce decree thereby freeing Ms. Fallon from any obligations.

(s)    **Dixon Hughes** – Acted as a possible expert witness for the Debtor.

(t)    **Monroe Capital** – Scheduled Damages of $50,000.00. Monroe received a payment from New City of $50,000.00 to procure floor-planning financing which was never obtained. Monroe's position is unknown.

17.    The Trustee has determined in the exercise of his business judgment that selling the Remaining Causes of Action via a private sale to Helmstetter will yield the best return for the benefit of the Estate.

D.    **Applicable Legal Authority For Proposed Sale**

(a).    Sales Outside The Ordinary Course Of Business

18.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

19.    Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the

Bankruptcy Code]." 11 U.S.C. §105(a).20. "A trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to 'great judicial deference' as long as a sound business reason is given." *In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill. 2012) (citations omitted). See also *United Retired Pilots Benefits Protection Assn. v United Airlines, Inc.* (*In re UAL Corp.*), 443 F.3d 565, 572 (7th Cir. 2006) ("the criteria for approval [of a transaction other than in the ordinary course of business is] whether the transaction makes good business sense and does not disturb creditors' rights…."); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under §363 involves exercise of fiduciary duty and requires an "articulated business justification"). Courts generally approve sales outside of the ordinary course of business under § 363(b)(1) whenever such a sale is in the best interests of the estate. See *In re Telesphere Communications*, *Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.*, 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988).

20. As explained above, the Trustee submits that the proposed sale of the Remaining Causes of Action through a private sale represents a prudent and proper exercise of the Trustee's business judgment under the circumstances and is in the best interests of the Debtor's creditors. The Remaining Causes of Action sought to be sold would be costly to pursue and would extend the closing date of the administration of this Estate into the future by a period of several years, thereby delaying payment of a dividend to creditors for such period of time. The proposed sale will augment the funds of the estate without the risks associated with litigation. For these reasons, the Trustee has determined, in the exercise of his business judgment, that the most viable option for maximizing the value of the Remaining Causes of Action is through a sale in the manner. Accordingly, the Trustee's request for approval to sell the Remaining Causes of Action in accordance with a private sale.

    (b).    <u>Sales Free and Clear of Liens, Claims and Interests</u>

21. Under §363(f) of the Bankruptcy Code, a trustee may sell property free and clear of any lien, claim, or interest in such property if, among other things:

(1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

22.     11 U.S.C. § 363(f). As §363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of §363(f). The Trustee's satisfaction of any one of its five requirements will be sufficient to permit the sale of the Remaining Causes of Action free and clear of liens, claims, encumbrances and interests. For the reason that there are no known valid and enforceable liens, claims, or encumbrances against the Estate's interests in the Remaining Causes of Action, the Trustee is able to satisfy the requirements of §363(f)(2).

### E.   NOTICE

23.     Rules 2002(a)(2) and 6004(a) of the Federal Rules of Bankruptcy Procedure require that notice of a proposed sale of substantially all of a debtor's assets be sent to all creditors. The Trustee has served a notice of sale by mail or through the Court's CM/ECF system to the following persons: (i) the Debtor and his present counsel; (ii) the United States Trustee; (iii) the twenty largest unsecured creditors; and (iv) all parties that have filed appearances or requested notices through the Court's CM/ECF system. Due to the volume of creditors in this case, the Trustee is requesting that notice pursuant to Rule 2002 be limited to the individuals listed in the preceding sentence, for cause shown.

WHEREFORE, the Trustee respectfully requests that the court enter orders substantially in the forms annexed hereto: (i) approving and authorizing the Trustee's sale of the Remaining Causes of Action to Michael Helmstetter free and clear of liens, claims, encumbrances and interests; (ii) limiting

notice pursuant to Rule 2002 to the twenty largest creditors; and, (iii) granting such other and further relief as is just and proper.

                                        By:    /s/ Gregory K. Stern
                                           Gregory K. Stern, Attorney for Trustee

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558