# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Michael S. Helmstetter, | ) | Bankr. No. 19-28687 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| David R. Herzog, Trustee of the Estate of Michael S. Helmstetter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 22-00019 |
| | ) | |
| Brown, Udell, Pomerantz & Delrahim, LTD., | ) | |
| | ) | |
| Defendant. | ) | Judge Jacqueline P. Cox |

**Order Denying Motion to Dismiss Adversary Proceeding**
**(Dkt. 209 in Bankruptcy Case)**

This matter involves the claim of the Brown, Udell, Pomerantz & Delrahim, Ltd. ("BUPD") law firm that it is owed $218,443.79 for legal work performed pre-bankruptcy for Debtor Michael S. Helmstetter.

## I. Jurisdiction

Federal district courts have original and exclusive jurisdiction of all cases filed under title 11 of the U.S. Code, 11 U.S.C. §§ 101, *et seq.*, the Bankruptcy Code. 28 U.S.C. § 1334(a). The district courts also have original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code or arising in or related to cases under the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer these cases to the bankruptcy judges for their districts. 28 U.S.C.

§ 157(a). The District Court for the Northern District of Illinois has referred its bankruptcy cases to the Bankruptcy Court for the Northern District of Illinois. N.D. Ill. Internal Operating Procedure 15(a) and N.D. Ill. Local Rule 40.3.1.

Bankruptcy judges may hear and determine all "core" proceedings arising under title 11, or arising in a case under title 11, referred by their district court, and may enter final orders and judgments, subject to review under 28 U.S.C. § 158(a)(1). 28 U.S.C. § 157(b)(1)-(2). This motion is a "core" proceeding under 28 U.S.C. § 157(b)(2)(K), the determination of the validity or extent of a lien.

## II. Background

The Debtor filed for Chapter 7 bankruptcy relief on October 9, 2019. On June 15, 2020, BUPD filed Proof of Claim No. 6-1, seeking $218,443.79, asserting that $166,621.52 of that amount was secured pursuant to the Illinois Attorney's Fees Lien Act.

BUPD's Retainer Agreement with the Debtor ("Ruscitti Retainer Agreement"), Michael S. Helmstetter, provides that:

> If we are successful in negotiating a settlement on your behalf with the Defendants in excess of the most recent written offer of $400,000.00, or if litigation is continued against the Defendants and there is any recovery on your part, including any settlement, our firm's fees shall, after payment of all Costs and Expenses (as defined below), be twenty one percent (21%) of (1) the total gross total dollar amount of any settlement reached between you and any of the Defendants or any related or affiliated party and (2) the total dollar amount of any judgment entered by a court-of-law, arbitrator, or mediator. In addition, you agree to pay BUPD a reduced hourly rate of $250.00 per hour for any BUPD attorneys which BUPD assigns to this matter, but only if there is a recovery on your part, including any settlement reached between you and any of the Defendants or any related affiliated party, in excess of $400,000.00.

BUPD alleges that it sent a letter to the Defendants in the relevant litigation and their counsel, Gary J. Blackman, under the Illinois Attorney's Fees Lien Act, 770 ILCS 5/1. A copy of that letter

2

is attached to Proof of Claim No. 6-1. It references *Helmstetter v. Ruscitti*, No. 2014 CH 20208 (Ill. Cir. Ct. Dec. 12. 2014) and states:

> Pursuant to 770 ILCS 5/1, please take notice that Michael S. Helmstetter has entered into a retainer agreement to compensate us for services rendered and to be rendered in connection with this matter from any amount that may be recovered by way of suit, settlement, or otherwise. Accordingly, Brown, Udell, Pomerantz & Delrahim, Ltd. asserts a lien pursuant to said statute.

Proof of Claim 6-1 (Part 2), p. 21.

On August 11, 2020, Chapter 7 Trustee David R. Herzog ("Trustee") filed a Motion for Approval of Settlement with Kingdom Chevrolet Inc., and Richard Ruscitti and Transfer of at Least 33% of Shares of Stock of Kingdom Chevrolet Inc., 25% of Shares of South Chicago Nissan d/b/a Western Avenue Nissan to Kingdom Chevrolet, Inc. and to Limit Notice to Twenty Largest Creditors ("Trustee's Settlement Motion"). Case Docket 59. BUPD objected on the grounds that the Motion failed to notify the court or creditors of BUPD's secured claim and interest in the settlement proceeds or to pay its secured claim. BUPD's Notice of Objection, Case Docket 73. BUPD also argued that the proposed settlement was for less than half of the amount of a previous settlement offer. *Id.* The Debtor filed an Objection ("Debtor's Objection"), arguing that the settlement amount was far below what could be considered commercially reasonable. Case Docket 74. Debtor's counsel, Mr. Tancredi, stood ready to prosecute certain claims. The Debtor claimed that the recovery the Trustee sought would not generate a surplus, which would go the Debtor. *Id.*, ¶ 12. A "debtor may participate in litigation if that litigation will generate or protect a surplus in the bankruptcy estate." *Nassau Sav. & Loan Ass'n v. Miller (In re Gulph Woods Corp.)*, 116 B.R. 423, 428 (Bankr. E.D. Pa. 1990) (citations omitted). Section 726(a)(6) of the Bankruptcy Code provides the distribution rules for liquidation cases. It provides that after debts of higher priority have been satisfied, payments

3

(regarded as a surplus) go to the debtor. *Id.*

On September 1, 2020, the settlement motion was granted; the objections were overruled. Case Docket 76. All alleged liens and interests thereon, including the lien of Brown, Udell, Pomerantz & Delrahim, Ltd., were transferred to the settlement proceeds pending further orders of this Court determining the nature, extent, validity and amount of all such liens and interests. Order, Case Docket 76, ¶ 5. That Order was appealed to the District Court. On July 15, 2021, Chief District Judge Pallmeyer dismissed the appeal for lack of standing. *Helmstetter v. Herzog*, No. 20 C 5485, 2021 WL 2948912, at *15 (N.D. Ill. July 13, 2021). That dismissal is pending appeal in the Seventh Circuit Court of Appeals. Brief of Debtor-Appellant at 1-50, *Helmstetter v. Herzog*, No. 21-2486, 2021 WL 5964069, at *1-50 (7th Cir. Dec. 6, 2021).

On February 3, 2022, the Trustee filed Adversary Proceeding No. 22-00019 seeking to invalidate BUPD's attorney fee lien and to limit its recovery of fees. The complaint informs that the Ruscitti Retainer Agreement was rejected by the bankruptcy estate, as it had not been assumed by December 9, 2019, 60 days after filing.. Complaint, Adversary Docket 1; *see also In re Sydmark*, 2008 WL 2520105, at *12 (Bankr. D. Kan. June 20, 2008) ("[S]ince the contracts were not assumed by the Trustee, they were deemed rejected under § 365(d)(1)."). Upon rejection of the Ruscitti Retainer Agreement, the Trustee argues the claimant is entitled only to compensation based on a *quantum meruit* basis pursuant to Illinois law, as opposed to the amount claimed as secured by the attorney lien. BUPD argues that because it was the Debtor's counsel in the litigation when the Trustee reached a settlement and because it had worked on the matter for a number of years, it was entitled to reasonable fees for the value of its services, the entire contract fee. Motion to Dismiss, Case Docket 209, ¶ 27.

The Trustee argues that BUPD does not hold a valid statutory attorney's fees lien. The Illinois Attorney's Lien for Fees Act, 770 ILCS 5/1 states::

> 1. Attorneys at law shall have a lien upon all claims, demands and causes of action, including all claims for unliquidated damages, which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee, for the services of such suits, claims, demands or causes of action, plus costs and expenses. ...
> To enforce such lien, such attorneys shall serve notice in writing, which service may be made by registered or certified mail, upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims demands or causes of action. . . .

770 ILCS 5/1.

BUPD claims that the February 14, 2019 letter is its Statutory Attorney's Fees Lien. The letter was sent to the Defendants in the matter it prosecuted for the Debtor. It does not define the law firm's interest in the lawsuit.

### III. Discussion

On March 4, 2022, BUPD filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), for failure to state a claim. Motion to Dismiss, Case Docket 209.[1] BUPD alleges that the Trustee's rejection of its retainer agreement entitles it to the reasonable value of the services it provided the Debtor before the bankruptcy case was filed. *Id.* BUPD also argues that the Trustee's position that its lien does not comply with Illinois law is wrong. *Id.*

### A. Standards for Motions to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) a complaint must satisfy "two

---

[1] The Motion to Dismiss should have been filed in the adversary proceeding.

easy-to-clear hurdles." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). First, a complaint has to describe the claim in enough detail to give the defendant fair notice of its nature. "[A] formulaic recitation of the elements of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Second, the claim must be "plausible on its face," *Id.* at 570. The plaintiff's right to relief must rise above a "speculative level." *Id.* at 555. "A claim has facial plausibility when the plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At Contention (1), the Trustee alleges that BUPD is limited to a *quantum meruit* recovery because the executory contract was rejected pursuant to § 365(d)(1) of the Bankruptcy Code on December 9, 2019, sixty (60) days after the Order for Relief issued on October 9, 2019, as it was not assumed. Complaint, ¶ 8, Adversary Docket 1.[2]

Section 365(d)(1) of the Bankruptcy Code requires a debtor or chapter 7 trustee to decide whether to assume or reject an executory contract within 60 days after the order for relief unless the court, for cause, within the 60-day period, grants additional time. A motion has to be filed to assume a contract. Review of the docket herein discloses that no such motion has been filed. The retainer agreement has not been assumed, it has been rejected.

The decision to reject is viewed as a "power to breach" an executory contract. *Eastover Bank for Sav. v. Sowashee Venture (In re Austin Dev. Co.)*, 19 F.3d 1077, 1082 (5th Cir. 1994). The contract has not been terminated. The post-rejection rights and obligations of the Debtor and his attorneys are the same as they would have been had the Debtor first breached the contract and then

---

[2] The Complaint describes its requests for relief generally as contentions, not as separate counts.

filed for bankruptcy. The effect of the breach is determined by state law. *In re Sydmark,* 2008 WL 2520105, at *12. Under Illinois law an attorney or law firm whose contract has been breached is entitled to be paid on a *quantum meruit* basis a reasonable fee for services rendered before being discharged. *Rhoades v. Norfolk & W. Ry. Co.,* 78 Ill.2d 217, 230 (Ill. 1979).

The court, for now, agrees with the Trustee's Contention (1) but will not rule on what the law firm will receive on its *quantum meruit* claim. That will be determined at an evidentiary hearing.

### B. The Validity of the Purported Attorney's Fees Lien

The Trustee's second Contention is that the law firm does not hold a valid Statutory Attorney's Fees Lien. Complaint, Adversary Docket 1, ¶¶ 11-14. As noted above, the February 14, 2019 letter purporting to be a lien does not indicate what BUPD's interest is; it does not disclose what the client owes the firm.

Substantive state law determines the nature of, interests in and perfection of liens or other encumbrances claimed in bankruptcy estate property. *In re Del Grosso,* 111 B.R. 178, 181 (Bankr. N.D. Ill. 1990) (citations omitted).

In *Cazalet v. Cazalet,* an attorney asserted a lien under an earlier version of the Illinois attorney's fees statute whose language, like the statute in issue herein, required service of notice in writing, by registered mail, upon the party against whom their client may have a suit or claim, claiming a lien and stating therein the interest of the attorney in the claim or suits. 322 Ill.App. 105, 106-07 (Ill. App. 1944). The lien attached to any verdict, judgment or decree entered and to any money or property which may be recovered from and after the time of service of the notice. *Id.*

Because such liens did not exist at common law but are creatures of statute, they must be strictly followed in order to establish the lien and right of action against the defendant for

7

enforcement. *Mayer v. Yellow Cab Co.*, 247 Ill.App. 42, 47-48 (Ill. App. 1927) ("The statute creating the attorney's lien creates a liability unknown before the passage of the act, and where that is the case the statute must be strictly followed.") (citations omitted)..

In *Cazalet*, the attorney's notice did not identify his interest in the claim; he failed to state what his fee was. 322 Ill.App. at 110-11. "The purported notice contains neither a notice of the amount of the fee contracted for, which is one of the express provisions of the statute, nor of any claim for lien, as provided in and required by said section." *Id.* at 111. This court finds that BUPD's letter notice also fails to disclose the fee contracted for, the law firm's interest.

Not only must the attorney state that he has a contingent fee arrangement with his client, the fee has to be spelled out. In interpreting what an attorney's interest is under a similar lien statute and how it must be disclosed, the Missouri Supreme Court reasoned "[t]hat additional something, consisting of the attorney's interest in his client's claim, is the percentage or amount which the contingent fee contract gives him." *Passer v. U.S. Fid. & Guar. Co.*, 577 S.W.2d 639, 646 (Mo. 1979) (en banc).

BUPD seeks a finding that its lien complies with Illinois law, entitling it to have the adversary proceeding dismissed. Dismissal is not warranted because the February 14, 2019 letter does not satisfy the requirement that the notice describe the law firm's interest.

### IV. Conclusion

The Trustee's allegation that Brown, Udell, Pomerantz & Delrahin, Ltd.'s lien is invalid is plausible.

Brown, Udell, Pomerantz & Delrahim, Ltd.'s Motion to Dismiss (Case Docket 209) is denied.

8

This adversary proceeding is set for a status hearing on Tuesday, June 14, 2022 at 1:30 p.m.

Date: May 19, 2022

**ENTERED**

*/s/ J.P. Cox*

Jacqueline P. Cox
United States Bankruptcy Judge