UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MICHAEL S. HELMSTETTER, ) | |
| ) | Bankruptcy No. 19-28687 |
| Debtor ) | |
| ) | Judge Jacqueline P. Cox |
| ) | |

**Memorandum**

NOW COMES Debtor, Michael S. Helmstetter, by and through his attorney Nicola S. Tancredi, Law Offices of Nicola S. Tancredi, Oakbrook Terrace, Il., and for his **Memorandum In Support of Trustee's Motion for Approval of Sale of Certain Outstanding Claims to Debtor**, states as follows:

**Trustee's Motion for Approval of Sale Does Not Risk
an Unfair Advantage for Debtor In Later Litigation**

Debtors, who discharge debts against creditors and then following bankruptcy discharge sue those Creditors, will **not** be allowed an unfair advantage in the later litigation. A Creditor's right to offset a discharged debt against a Debtor who sues the Creditor after bankruptcy is clearly established and widely recognized. See the following:

1      In re Buckenmaier, 127 B.R. 233 (US Bankruptcy Appellate Panel, 9th Cir., 1991)

      **Valid setoff claim cannot be defeated by discharge in bankruptcy.**

      **Bankr.Code, 11 U.S.C.A. §§ 524(a)(2), 553(a).**

1

2  Kaufman's of Kentucky v. Wall, 383 S.W.2d 907 (Ky. Court of Appeals, 1964).

"There, the plaintiff had listed a negligence claim against the defendant as an asset on her petition in bankruptcy. Among the debts listed was an amount due the defendant on account. That debt was discharged. The plaintiff was permitted to pursue the claim"

**. . . (While a bankruptcy proceeding, prosecuted to a successful conclusion, may discharge a person from personal liability as to a debt listed therein, such a discharge does not prevent the creditor from using the debt as a set-off against any recovery sought by the bankrupted debtor against the creditor.)** *Id.* **At 908.**

The court's conclusion is that the **defendant can set off the discharged debt against the plaintiff's claim. It matters not whether this setoff is conceptually grounded on the doctrine of equitable retainer or on the equitable application of 11 U.S.C. s 108(a). When joined with the jurisdictional concept of defensive setoff, both are sufficient doctrines to support the court's conclusion here. Further, both doctrines are grounded on similar principles.** *Id.*

"This appeal involves the question of **whether a discharge in bankruptcy, under the circumstances herein mentioned, defeats the right to a set-off interposed to diminish a recovery sought for damages due to an alleged injury following an accident.**" *Id* at 909. The Court concluded that **Appellant (Creditor) should not be deprived of its set-off against the Appellee, who had Creditor's claims against them discharged in bankruptcy and later sued**

2

**Creditor in a tort action**. (Citing In Re Morgan's Estate, 226 Iowa 68, 283 N.W. 267, "where the testator died after a legatee had filed a petition in bankruptcy and scheduled a debt owing to the testator, and the legatee was subsequently discharged. The sole question raised was **whether the executor was entitled to set off the debt, previously discharged in the bankruptcy proceeding, against the legatee's share in the testator's estate. It was held the legatee still owed the debt to the testator's estate, although the right to enforce its payment by a direct action was destroyed by the discharge in bankruptcy.**" *Id.*

*See also*, New York Credit Men's Adjustment Bureau, Inc. v. Bruno-New York, Inc., D.C., 120 F.Supp. 495 ( USDC, S.D. NY), and Gill v. Richmond Co-op. Association, 309 Mass. 73, 34 N.E.2d 509. ("„„**a judgment against the plaintiffs had been discharged in a bankruptcy proceeding, but that fact "did not prevent its use as a set-off" by the defendant against an assignee to whom the plaintiffs' cause of action against the defendant had been assigned.**") *Id.*

3. Binnick v. Avco Financial Services of Nebraska, Inc., 435 F.Supp. 359 USDC, D. Ne. 1977).

The plaintiff, who had filed a voluntary petition in bankruptcy, commenced an action to recover statutory damages, costs, and attorney's fees for violations of the Truth in Lending Act, and defendant filed a counterclaim asserting that there was still owing a sum on the note which was the basis of plaintiff's claim, and plaintiff filed a motion to dismiss the counterclaim.

**The District Court Chief Judge, held that:   ….. (7) defendant could set off the discharged debt against plaintiff's claim. 435 F.Supp. 359** *Id.*

3

"The discharge in bankruptcy operates to discharge the debt and to enjoin the defendant from "instituting or continuing any action or employing any process to collect such debts as personal liabilities of the bankrupt." The injunctive language is taken from 11 U.S.C. § 32(f)(2) and was first enacted in 1970. It was enacted to "prevent creditors from instituting state court actions in the hope that the bankrupt would ignore the proceedings based on a misplaced reliance on the discharge or due to a lack of funds to defend." Wood v. Fiedler, 548 F.2d 216, 219 (C.A. 8th Cir. 1977). Cf. 2 U.S.Code Congressional and Administrative News, pp. 4156-4157 (1970). I think a fair reading of this section is that it operates to bar any affirmative recovery of the debt as a personal liability of the bankrupt. **I do not think that the section prevents the defendant from setting off its claim against the judgment which the plaintiff now seeks, where both claims arise out of transactions that accrued prior to the bankruptcy**" *Id.*

4. In re Morgan, 77 B.R. 81, 85 (Bankr.S.D.Miss.1987)

"The question before the Court is whether or not a refund, which a utility company was ordered to pay to a debtor/customer, can be setoff against a pre-petition claim owed to the utility by the debtor when the debt to the utility has been discharged by the bankruptcy, and when the refund was accrued wholly within the pre-petition period. **This Court finds that the utility company should be allowed to set-off the refund and that to hold otherwise would give the debtor an unintended windfall.**"

5. In re Ford, 35 B.R. 277, 279–80 (Bankr.N.D.Ga.1983)

"While this Court holds that the discharge of debts under Chapter 7 of the Bankruptcy Reform Act prohibits the creditor from engaging

4

in collection efforts or seeking a judgment on those debts against the debtors in any later action, **such debts may be used by the creditor defensively as a setoff of his liability to the debtors in response to a suit filed by the debtors."**

**….. District Court has equitable duty to grant a setoff when a bankrupt seeks to circumvene the burden but sees the benefit of a single transaction. Bankr.Act, §68, sub. b, 11 U.S.C.A. § 108(b).**

"I conclude that the civil liability provision of the Act is remedial, at least for the purpose of determining whether 11 U.S.C. s 108(a) allows a setoff to be asserted by a creditor against a bankrupt T.I.L.A. claimant." *Id.*

## CONCLUSION

The above cited authorities clearly establish that Creditors have the right to assert a discharged debt as a setoff or counterclaim, if sued by the debtor following the bankruptcy discharge. Approving the Trustee's sale of certain assets does not risk any unfairness to Creditors; as they firmly retain the right to fully offset any discharged debt against any post-bankruptcy claims brought by Debtor.

        Respectfully submitted,

        /s/ Nicola S. Tancredi
        Law Offices of Nicola S. Tancredi
        Attorney for Debtor Michael S. Helmstetter
        Two Trans Am Plaza, Suite 250
        Oakbrook Terrace, IL 60181
        Phone: (630) 649 4268
        ntancredilaw@gmail.com
        ARDC No. 2795736