## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

### NOTICE OF MOTION

TO:    Attached Service List

PLEASE TAKE NOTICE THAT on December 20, 2022, at 1:00 p.m., I shall appear before the Honorable Jacqueline P. Cox, or any other judge sitting in her stead, either in Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below, and request a hearing on the Chapter 7 Trustee's Attorneys Third Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Creditors, a copy of which is attached hereto and thereby served upon you.

**All parties in interest, including the Movant, may appear for the presentment of the Motion either in person or electronically using Zoom for Government.**
**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.
**Meeting ID and password.** The meeting ID for this hearing is 1612732896 and the password is 778135.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, this motion will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motion in advance without calling it.

### CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 23rd day of November, 2022.

_____ s/ Gregory K. Stern _____
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604 / (312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
53 West Jackson Blvd, Suite 1442
Chicago, Illinois 60604

Nicola Tancredi
Law Offices of Nicola S. Tancredi
Two North TransAm Plaza Drive, Suite 250
Oak Brook Terrace, Illinois 60181

Debra Devassy Babu
Darcy & Devassy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L. Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

Bryan D. King
Brown Udell Pomerantz Delrahim
225 W. Illinois, Suite 300
Chicago, IL 60654

Daniel S. Hefter
Hefter Law, Ltd.
22 West Washington, Suite 1500
Chicago, IL 60602

Thomas H. Griesta
105 West Madison Street, Suite 1500
Chicago, Illinois 60602

Cindy M. Johnson
140 South Dearborn Street, Suite 1510
Chicago, Illinois 60603

Justin M. Metz
790 N. Water Street, Suite 2500
Milwaukee, WI 53202

Jeffrey Paulson
FactorLaw
105 West Madison Street
Suite 1500
Chicago, IL 60602

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19-28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**TRUSTEE'S ATTORNEYS' THIRD APPLICATION FOR ALLOWANCE OF INTERIM COMPENSATION, REIMBURSEMENT OF COSTS AND EXPENSES; AUTHORIZATION TO PAY ALLOWED ADMINISTRATIVE CLAIM; AND TO LIMIT NOTICE TO TWENTY LARGEST UNSECURED CREDITORS**

Now comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid and Rachel S. Sandler (the "**Attorneys**")[1], counsel for David R. Herzog, Chapter 7 Trustee ("**Trustee**"), pursuant to §§ 330 and 331 of the United States Bankruptcy Code, and request that this Court enter an order, as follows: (A) allowing interim compensation of $157,576.50 for 294.20 hours of legal services provided to the Chapter 7 Trustee and $2,220.21 for reimbursement of costs and expenses; (B) authorizing payment by the estate of the allowed amount of compensation and reimbursement; and (C) limiting notice to the twenty largest unsecured creditors; and in support thereof, state as follows:

I.    **Introduction**

1.    On October 9, 2019, Michael S. Helmstetter (the "Debtor") filed a Voluntary Petition for relief under Chapter 7 of the United States Bankruptcy Code; and David R. Herzog was appointed as the Chapter 7 Trustee in this case and has continued as the acting Chapter 7 Trustee in this case.

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; venue is proper in this District as the bankruptcy is pending in this District; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); this Court has the Constitutional authority to hear and determine the merits of this Second Fee Application as a matter involving the administration of this estate.  The Attorneys consent to the entry

---

[1]  The Attorneys are employed by Gregory K. Stern, P.C.

1

by this Court of a final order determining the merits of this Third Fee Application.

3.      In accordance with Bankruptcy Rule 2002(a)(6), notice of this Third Fee Application has been sent to (i) the Debtor, (ii) his attorney, (iii) all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants, (iv) the twenty largest unsecured creditors, (v) the Chapter 7 Trustee, (vi) the United States Trustee and (vii) all parties in interest.

4.      On or about December 4, 2019, the Court entered an Order authorizing the employment of the Attorneys as counsel for the Trustee effective from November 27, 2019, with all compensation and reimbursement of costs subject to approval of Court (Docket No. 40) pursuant to the Application to Employ Attorneys presented on November 27, 2019 (Docket No. 36).

5.      The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature performed for other clients.  At all times relevant hereto, the Attorney's hourly services have been billed as follows: $550.00 for services rendered by Gregory K. Stern and Dennis E. Quaid; $500.00 for services rendered by Monica C. O'Brien; and $385.00 for services rendered by Rachel S. Sandler.

II.    **First Fee Application**

6.      On December 30, 2020, the Attorneys presented their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Unsecured Creditors (the "First Fee Application")(Docket No. 110) seeking allowance of interim compensation of $162,416.00 for 328.50 hours of services rendered from November 28, 2019 through December 30, 2020 and reimbursement of costs of $444.50 and an Amended Application filed on January 13, 2021 (Docket 112).

7.      On February 16, 2021, the Court entered an Order Allowing Chapter 7 Trustee's Attorneys' First Application Compensation, Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and Limit Notice to Twenty Largest Unsecured Creditors (the

2

"**First Fee Order**") (Docket No. 126) allowing the Attorneys compensation of $162,416.00 for 328.50 hours of services rendered from November 28, 2019, through December 30, 2020, and reimbursement of costs of $444.50, which has been paid in full.

## III.    Second Fee Application

8.      The Attorneys presented their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and to Limit Notice to Twenty Largest Unsecured Creditors (the "**Second Fee Application**") (Docket No. 110) seeking allowance of interim compensation of $133,250.00 for 268.3 hours of services rendered from December 31, 2020 through November 30, 2021 and reimbursement of costs of $1,634.07 and an Amended Application filed on December 20. 2021 (Docket 179).

9.      On January 11, 2022, the Court entered an Order Allowing Chapter 7 Trustee's Attorneys' Second Application Compensation, Reimbursement of Costs and Expenses, Authorization to Pay Allowed Administrative Claim and Limit Notice to Twenty Largest Unsecured Creditors (the "**Second Fee Order**") (Docket No. 186) allowing the Attorneys compensation of $133,250.00 for 268.3 hours of services and reimbursement of costs of $1,634.07, which has been paid in full.

## IV.    Third Fee Application

10.     The Attorneys have expended an additional 294.20 hours of professional services from December 1, 2021, through November 21, 2022, the reasonable value of which is $157,576.50, and have expended $2,220.21 for necessary costs, as are more fully set forth in the Time Sheets attached hereto and made a part hereof.

### A.    Summary

11.     The professional services rendered from December 1, 2021, through November 21, 2022, have been separated into six (6) service categories, for the purposes of summarizing with

specificity the services rendered on behalf of the Trustee and for the benefit of the estate. These

service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | | HOURS |
|---|---|---|
| A. | Case Administration & Investigation | 18.70 |
| B. | 2004 Examination/Production | 2.70 |
| C. | Creditor Claims | 38.20 |
| D. | Kingdom Matters | 151.20 |
| E. | Litigation Matters | 59.10 |
| F. | Professionals | 11.50 |
| | TOTAL: | 281.4 |

**B.    Description of Services Rendered as described in Second Fee Application**

12.    The professional services were rendered within the service categories as follows:

**A.    Case Administration & Investigation -** This service category involved 18.7 hours of

services at a value of $10,199.00 that included:

1)    Teleconferences and correspondence with creditors and creditors' attorneys related to case

status;

2)    Teleconferences with Trustee to advise of status of matters and recommended actions for

administrative matters;

3)    Representation of Trustee at Court hearings;

4)    General case administration matters;

5)    Investigation and consultation with the Trustee's accountant, Lois West, pertaining to

existence of Debtor's scheduled tax refunds of $313,000 and $91,196, including timing difficulties and

lack of supporting documentation, including possible means to obtain the required documentation;

6)    Consultation with Trustee's accountant directing preparation of estate's fiduciary tax

return for any gain realized on sale back to Kingdom Chevrolet of common stock of Kingdom, Western

Avenue Nissan, domain names, advertising company and reinsurance company;

7)    Gather existing documents consisting of K-1s of Kingdom, settlement agreement with

4

Ruscitti/Kingdom/Western Avenue Nissan, order of court approving sale, closing documents of sale/settlement and Debtor's prior tax returns (some of which are missing) and transmit same to Trustee's accountant to assist in the preparation of the tax return;

8)      Consultation with Trustee and accountant as to need of accountant of additional and current tax returns of Kingdom and tax basis of assets sold to Ruscitti and Kingdom to properly prepare estate's tax returns;

9)      Communication with attorneys Gary Blackman and Harold Israel for Ruscitti and Kingdom ("**Kingdom Counsel**") requesting and then demanding production of Kingdom's tax returns and tax basis documentation as needed for preparation of Trustee's tax returns;

10)     Additional communications with Kingdom Counsel arguing against resistance of Kingdom to provide the requested documentation as required under the terms of the Settlement Agreement between the parties and approved by the Court, including advice of intent to proceed under Bankruptcy Rule 2004 for examination of Kingdom's documentation;

11)     Consider using Motion under Bankruptcy Rule 2004 for examination of records of Kingdom and its accountant to require disclosure of documentation pertaining to tax returns and tax basis of assets sold back by Trustee to Kingdom and Ruscitti;

12)     Retrieve additional documents pertaining to basis of assets sold for use by Trustee;

13)     Communications to and from attorney Tancredi for Helmstetter demanding production of current tax returns of Debtor that Trustee's accountant needs to finish preparation of estate's tax returns, including securing production of those tax returns and delivery of same to Trustee's accountant;

14)     Communications with Trustee's accountant as to (i) means for reducing estimated amount of fiduciary tax liability and documentation required to do so and (ii) timing of filing of fiduciary tax returns;

15)     Communications with Kingdom Counsel who agree to permit Kingdom's accountant

disclose information and documents directly to Trustee's accountant, thereby bypassing a Rule 2004 examination;

16)    Communication with Trustee's accountant to coordinate the accountant-to-accountant discourse; Communication with Trustee's accountant to monitor the satisfactoriness of the dialogue of the accountant-to-accountant discourse, including means to expedite the process in order for Trustee's accountant to meet the filing deadline for the fiduciary tax returns;

17)    Conferences with Trustee and Trustee's accountant to review draft fiduciary tax returns as to propriety of amount of tax liability of estate and timing of filing of returns, resulting in agreement of all parties to file the tax returns in present amount and form;

18)    Draft Motion for Approval of Fiduciary Tax as Administrative Expense and Authorization to Pay Same, with appropriate draft order and notice of motion;

19)    Appearance at Court Hearing to argue in support of Motion to Pay Fiduciary Taxes, granted by Court;

20)    Draft Report of Sale of settlement/sale of assets to Ruscitti and Kingdom;

21)    Communications with attorney Tancredi for Helmstetter regarding Helmstetter's request for expedited closing of the estate in order to allow Helmstetter to gain control of remnant causes of action through abandonment at closure of the estate, including subsequent proposal of Tancredi for a Global Settlement of all remaining disputes (except Helmstetter's pending appeal of the court approval of the Kingdom Settlement); Consultation with Trustee regarding dangers to the estate of Tancredi's proposal; Argument with Tancredi against his proposal as impracticable and hopelessly vague, resulting in Trustee's proposal to Helmstetter through attorney Tancredi for Helmstetter to purchase the remnant causes of action for a cash sum of $20,000;

**B.    2004 Examination/Production -** This service category involved 2.7 hours of services rendered at a value of $1.485.00 in the investigation and collection of Debtor's accounts receivable.  The

6

services rendered in this services category included:

1)      Reviewing Debtor's document production to ascertain existence, location and value of estate assets, equity and business assets and Debtor's entitlement to a discharge;

2)      Draft Motion under Bankruptcy Rule 2004 for examination of Kingdom Chevrolet to force production of information and documents as to Kingdom's tax returns and tax basis of assets sold back to Kingdom all for the purposes of permitting the Trustee's accountant to prepare and file the estate's fiduciary tax returns;

3)      Communications with Trustee's accountant to assure that she has received from Kingdom all required documentation needed for her preparation of the estate's fiduciary tax returns.

C.      **Creditor Claims -** This service category involved 43.20 hours of services at a value of $23,360.50 related to the Chapter 7 Trustee's review of creditor claims and resolution of claims and generally included services pertaining to litigating the Trustee's objection to the secured claim of Brown, Udell, Pomerantz & Delrahim, Ltd ("**BUPD**") as follows:

1)      Reviewing USBC Claims Register and proof(s) of claim and attachments filed by secured, priority and non-priority general unsecured creditors;

2)      Continued prosecution of the Trustee's objection to the secured claim of BUPD due to its possible defects including defective service of notice of attorney's lien, rejection of retainer agreement of Pomerantz firm constituting a discharge of employment of Pomerantz firm, leaving a claim for quantum meruit instead of contract amount and failure of lien due to defective service;

3)      Analyze BUPD's response to the Trustee's objection to the secured claim of BUPD, largely based on the need for use of an adversary proceeding in lieu of a claim objection;

4)      Court appearance before the Bankruptcy Court pertaining to the Trustee's objection to the secured claim of BUPD, resulting in agreement for the Trustee to proceed by filing an adversary proceeding;

7

5)      Draft adversary complaint against BUPD seeking to invalidate the secured claim of BUPD based on the defects in its attorney's lien due to failing of the served notice of attorney's lien to adequately describe the amount of fees subject to the attorney's lien as required by Illinois Statute;

6)      Review BUPD's Motion to Dismiss the Trustee's Adversary Complaint based on species and fact arguments;

7)      Research further caselaw pertaining to necessary requirements of Illinois Attorney's Lien Act for the contents of the notice of attorney's lien in order to perfect the lien on the legal dispute in question;

8)      Draft response of Trustee to BUPD's motion to dismiss, asserting the need for the notice of attorney's lien to specify the amount of attorney's fees secured by the lien and reiterating the two bankruptcy grounds of the rejection of the retainer contract in bankruptcy as an executory contract resulting in BUPD losing any right to the percentage fee of the retainer agreement and the unreasonable compensation sought by a lawyer of the Debtor in violation of Bankruptcy Rules;

9)      Review reply brief of BUPD in support of its Motion to Dismiss the Trustee's adversary complaint reiterating its original arguments;

10)     Court hearing on the Trustee's adversary complaint and BUPD's motion to dismiss, turning on the 1944 case found by the Court, resulting in a delay to permit counsel to review the case and then conduct argument; conduct argument that the motion should be denied based on the Court's case from 1944 and the cases cited in the trustee's brief;

11)     Later, receive and review the Court's order denying BUPD's Motion to Dismiss based on the relevant caselaw;

12)     Communications with Andrew Jacobson of BUPD to conduct settlement negotiations of the claim of BUPD, which BUPD subsequently abandons;

13)     Court appearance at status hearing on Trustee's adversary complaint with Court setting

date for BUPD to answer and hire bankruptcy court to litigate the state law cause of action;

14)    Draft settlement proposal offering to BUPD an unsecured claim of $159,000 based on 100% of its hourly rate (in lieu of the retainer contract's 50% due to its use of a defective contingent fee) and transmit repeatedly to BUPD without any reply or communication;

15)    Court appearance resulting in Court setting 2023 trial date and scheduling order;

16)    Draft Trustee's Rule 26 Disclosures;

17)    Review BUPD's Rule 26 Disclosures;

18)    Draft discovery Document Production Request and Notice of Depositions of Michael Pomerantz and Andrew Jacobsen;

19)    Seek compliance from BUPD with the Trustee's discovery and draft a motion to compel production of the requested documents and to extend discovery dates due to BUPD's refusal to produce the requested documents.

**D.    Kingdom Matters -** This service category involved 156.30 hours of services with a value of $83,289.50 related to the resolution and settlement of Kingdom claims and disputes and included services as follows:

1)    Review several different motions of attorney Tancredi for Helmstetter  seeking continues of time to file his brief and response to Trustee's Motion to Dismiss for lack of standing;

2)    Review and analyze Helmstetter's response to Trustee's Motion to Dismiss his appeal to the 7th Circuit based on lack of standing and his opening brief which raises new issues, new citations and new arguments never before made, including deprivation of Constitutional rights of due process and equal protection of law;

3)    Research the new issues, cases and arguments raised by Tancredi for Helmstetter;

4)    Research for updates of cases on issues of lack of standing, need for Helmstetter as appellant to prove standing by demonstrating a likelihood of holding a pecuniary interest in the funds of

9

the estate to prove solvency and the need for the solvency to be based on concrete events as opposed to possible future occurrences of a speculative nature;

5)      Research new cases on lack of standing;

6)      Research cases negating violations of Constitutional rights which the same requirements are imposed on a bankruptcy debtor as on all other litigants;

7)      Review Tancredi's Reply brief and read the cases cited therein;

8)      Prepare for oral argument, including abstracting all cases of Trustee, Tancredi for Helmstetter and cited by Judge Pallmeyer;

9)      Draft outline for use at oral argument;

10)     Court appearance and conduct oral argument;

11)     Review Tancredi's motion to Judge Pallmeyer of the District Court to amend the record on appeal before her, notwithstanding that she entered a dispositive ruling and closed her case; Per the order of Court, draft a Response based on research that Tancredi's motion is both moot and barred by collateral estoppel; Review order denying Tancredi's motion;

12)     Review the order and opinion of the 7th Circuit dismissing Helmstetter's appeal on the Trustee's motion for lack of standing;

13)     Research and consider seeking sanctions from Tancredi and Helmstetter for prosecuting a frivolous appeal, resulting in a cost/benefit decision to forego such a procedure as costing more than would likely be realized;

14)     Monitor possible actions of Tancredi to stay the return of the mandate for the purpose of seeking reconsideration *en banc* or filing a petition for *certiorari* with the Supreme Court; Advice to Trustee of procedure to oppose any such efforts;

15)     Teleconference with attorney Tancredi for Helmstetter announcing effort to file a petition for certiorari to the Supreme Court by seeking an extension of six months to do so due to Tancredi's

illness;

16)     Oppose Tancredi's request for a six month extension of time to file a petition for certiorari to the Supreme Court;

17)     Review order of Supreme Court granting Helmstetter a 60 day extension until January 8, 2023, to file a petition for certiorari;

18)     Advice to Trustee as to means to oppose a petition for certiorari;

19)     Advice to Harold Israel as counsel for Ruscitti and Kingdom advising of the danger of a petition for certiorari to overturn the settlement/sale to his client, Ruscitti

20)     Review Tancredi's motion to withdraw as Helmstetter's counsel in the bankruptcy case.

**E.     Litigation Matters -** This service category involved 59.5 hours of services with a value of $31,771.50 related to the remaining causes of action scheduled by the Debtor against third parties ("**Remnant Causes of Action**"), and generally included services as follows:

1)     Review of extensive documentation provided by the attorneys for Debtor as to the 10 to 15 causes of action against every party with whom the Debtor dealt, both as creditors and partners, as scheduled or referenced in the three sets of Schedules of the Debtor, all to determine the asset value of said causes of action and whether the Trustee should undertake prosecution of same;

2)     Solicit bids for sale of Remnant Causes of Action from Santander, Nissan, Gaouette and other targeted defendants of those Remnant Causes of Action for the auction to be held against Helmstetter's bid to purchase the same Remnant Causes of Action;

3)     Review objections to sale filed by Berke, World Business Lenders ("**WBL**") and other defendants, all asserting lack of right of Trustee to sell causes of action that he refuses to prosecute and the sale procedures as giving the Trustee the sole right to choose the winning bid;

4)     Review bids of $500 of Berke to buy the Remnant Cause of Action against her;

5)     Review bid of WBL to buy for $1.00 the Remnant Cause of Action against it;

11

6)      Communications to Nissan, Santander, Gaouetter and Landlord Joyce soliciting offers to purchase the Remnant Causes of Action against each respectively in competition to Helmstetter's announced bid of $500,000;

7)      Repeated and multiple communications to attorney Tancredi for Helmstetter soliciting his to make a firm offer to purchase the Remnant Causes of Action for $500,000 or any similar amount;

8)      Review bid of Gaouette for $2,000;

9)      Review bid of Landlord Joyce for $5,101;

10)     Review communication of attorney Tancredi for Helmstetter advising of no bid by Helmstetter due to the failure of his financing proposal;

11)     Communications to all bidders canceling the anticipated auction due to the lack of any competing bids to purchase any one Remnant Cause of Action;

12)     Draft report of sale, recommending acceptance of offers of Landlord Joyce and Gaouette but rejection of Berke and WBL for insufficient amounts of bids of $500 and $1.00;

13)     Draft response to various objections to Trustee sale contending that Trustee holds administrative right to choose buyers and whether to proceed with sale and that procedures are fair;

14)     Court appearance at hearing on Trustee's motion to sell and objections thereto, with Court approving sale to Landlord Joyce and Gaouette and directing Trustee over his objection to sell to Berke and WBL;

15)     Collect deposits and final payments from all four buyers;

16)     Research basis for appeal by Trustee of order directing Trustee to sell to Berke and WBL over the objection of the Trustee, including the separation created by the 1978 Act removing administrative powers from the Court and giving same to the Trustee, including cases back to *Northern Pipeline*;

17)     Draft order approving sale to Landlord Joyce and Gaouette;

18)     Review long email of attorney Johnson for Berke to US Trustee seeking assistance in stopping any appeals of sale order directing sale over Trustee's recommendation;

19)     Draft counter argument to US Trustee arguing against sale t Berke and WBL;

20)     Draft order for sale to Berke and WBL and circulate to counsel; Review Johnson's counter draft order for Berke and Paulsen for WBL; Revise and submit a third version of order;

21)     Court appearance to enter sale orders resulting in Court taking the matter under advisement and later entering the Berke/WBL draft orders; Consider appeal;

22)     Based on demands of buyers and mandatory nature of order, draft assignments of causes of action to Landlord Joyce, Gaouetter, Berke and WBL and deliver same;

23)     Review Tancredi's notice of appeal from sale order and motion for stay of sale pending appeal;

24)     Communication to Tancredi advising that all four sales have closed prior to his motion, rendering the motion to be moot;

25)     Communications with attorney Tancredi for Helmstetter supporting his appeal of the Berke/WBL sale order and providing arguments to support his position;

26)     Review instructions of District Court for briefs regarding Tancredi's appeal of Berke/WBL sale orders due to Trustee listed by Tancredi as a party; Communication to clerk to remove Trustee as a party to this appeal;

27)     Review Tancredi's opening brief on Berke/WBL sale appeal, noting deficiencies of argument;

28)     Monitor appeal from Berke/WBL sale due to no appearances for and no briefs from any appellee;

29)     Review belatedly filed Motion of Berke to Dismiss Helmstetter's appeal due to a lack of standing based on the Trustee's successful dismissal of Helmstetter's appeal to Judge Pallmeyer of the

13

District Court nd the 7th Circuit from the Kingdom settlement and advise Trustee of existence of Berke's motion and likely consequences of same;

30)    Monitor new briefing schedule for Berke's motion to dismiss Helmstetter's appeal of sale order;

31)    Solicit offer from Helmstetter through his counsel, Tancredi, to purchase the remaining Remnant Causes of Action for $20,000;

32)    Review email of Tancredi purportedly being an offer to purchase the Remnant Causes of Action for $20,000 but including the tax refunds of $313,000 and $91,196 and additional unscheduled causes of action against unknown parties; Investigate new parties and conclude that those parties were either unscheduled or were sold to Berke/WBL/Landlord Joyce/Gaouette/Kingdom and must therefore be excluded;

33)    Series of communications to attorney Tancredi for Helmstetter amending his offer to exclude these new parties and the tax refunds as well as demanding payment of the price of $20,000 in advance of the Trustee's acceptance of any offer of Helmstetter;

34)    Receive a new offer from attorney Tancredi to purchase the Remnant Causes of Action and revise same and return for Tancredi to re-type, procure Helmstetter's signature to offer;

35)    Receive a signed offer of Helmstetter in acceptable form and advise the Trustee of same and obtain Trustee's signature for return to Tancredi;

36)    Draft escrow agreement for holding Helmstetter's price of $20,000 pending Court approval of Helmstetter's offer; Multiple communications with attorney Tancredi to secure payment from Helmstetter's lender of the $20,000 price, resulting in finally receiving the payment;

37)    Draft Motion, notice and order seeking Court approval of sale of remaining Remanant Causes of Action to Helmstetter for $20,000 which is held in escrow; Multiple communications with various parties subject to Remnant Causes of Action being sold to Helmstetter explaining transaction,

including Santander, Nissan and others;

38)    Court appearance to present the Trustee's Motion to sell the Remnant Causes of Action to Helmstetter and advise the Court of the background of the transaction and its relationship to the prior sale to Berke/WBL/Gaouette/Landlord Joyce, resulting in hearing date scheduled;

39)    Further communications seeking to prevent parties from filing objections to Trustee's Motion to sell Remnant Causes of Action, including Santander, Nissan, Fiat and others, resulting in agreement of all parties to refrain from filing objections;

40)    Court appearance at hearing to approve sale of Remnant Causes of Action to Helmstetter being continued due to Court's concern that targeted defendants in the Remnant Causes of Action are being prejudiced by being left defenseless through discharge of Helmstetter's debts owed to these parties but intent to prosecute his alleged causes of action against them, despite Trustee's argument that the discharge of debts of a Debtor does not remove the ability of the targeted defendants to defend by asserting a setoff of the discharged debt against the cause of action prosecuted by the Debtor, resulting in the Court to research the issue;

41)    Communications with attorney Tancredi for Helmstetter as to Tancredi's proposal to research and submit a memorandum of law to the Court establishing the setoff defense of a targeted defendant despite discharge of the debt for the purpose of winning the court's agreement to the Trustee's sale of the Remnant Causes of Action; Email to Tancredi suggesting points and authorities for inclusion in his Memorandum;

42)    Review Tancredi's Memorandum on issue of fairness to targeted defendants due to their ability to assert setoff defense to suit of Debtor against them and offer comments and improvements thereto;

44)    Court appearance at hearing on Trustee's Motion to sell Remnant Causes of Action to Helmstetter for $20,000 which is now approved;

45)     Draft assignment of the Remnant Causes of Action to Helmstetter, procure the Trustee's signature thereto and transmit the closing document to Tancredi for Helmstetter; Direct transfer of $20,000 from escrow to the Trustee; Draft and file Report of Sale;

46)     Review appeal to District Court filed by Tancredi for Helmstetter from sale to Berke and World Business Lender;

47)     Review Tancredi's brief filed with US District Judge Anrea Wood in the appeal of the sale to Berke and World Business Lender;

48)     Advice to Trustee that no party has appeared as appelle in Helmstetter's appeal of sale to Berke and World Business Lender;

49)     Review motion of Berke to dismiss Helmstetter's appeal for lack of standing based on the decision of the 7th Circuit in the Trustee's defense of Helmstetter's appeal from approval of the settlement with Ruscitti and Kingdom;

50)     Review briefing schedule of Berke's motion to dismiss appeal for lack of standing;

51)     Advice to Trustee that it is likely that Berke's motion will result in dismissal of Helmstetter's appeal from the sale to Berke and World Business Lender, thereby resulting in no need for the Trustee to re-market for sale the causes of action against Berke and World Business Lender;

52)     Review Tancredi's motion to withdraw as counsel for Helmstetter in the appeal of the sale to Berke and World Business Lender due to illness.

**F.     Professionals** - This service category involved 13.8 hours of professional services with a value of $7,471.00 that included:

1)     Drafting Attorneys' Third Application for Allowance of Interim Compensation, Reimbursement of Costs and Expenses, and Authorization to Pay Allowed Administrative Claim; and,

10.     The professional services rendered by the Attorneys have assisted the Trustee in his investigation of estate assets, claims, recovery of estate assets and transfers and case administration and

16

were actual and necessary for the proper representation of the Trustee; and, as such, all of the services rendered were authorized pursuant to the Court's December 4, 2019, Order Authorizing Employment of Attorneys.  No time has been included for services in the nature of clerical work.  The Attorneys further stating that there has been no duplication of services by Dennis E. Quaid, Monica C. O'Brien, Rachel S. Sandler or Gregory K. Stern.

> C.     **Argument**

13.     The value of the professional services rendered by the Attorneys, as calculated at their hourly rates in effect from time to time, is $157,576.50.

12.     Actual and necessary costs in the amount of $2,220.21 have been expended by the Attorneys as detailed on the Time Sheets (page 2) attached to this Third Fee Application.  Costs include but are not limited to printing the Trustee's Brief filed in the Court of appeals for the Seventh Circuit, postage, and pacer fees.

> D.     **Notice**

13.     The Debtor has a multitude of creditors, which would make it unduly burdensome for the Trustee to send notice to all of the Debtor's creditors. Rather, the Trustee seek to limit notice to the following parties: (i) the Debtor, (ii) United States Trustee; (iii) twenty largest creditors; and (iv) all parties entitled to receive notice.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, Monica C. O'Brien and Rachel S. Sandler pray for entry of an Order, pursuant to §§ 330 and 331 of the Bankruptcy Code, as follows:

**a)**     Allowing Gregory K. Stern, P.C. interim compensation in the amount of $157,576.50 for actual and necessary professional services rendered and reimbursement in the amount of $2,220.21 for actual and necessary costs and expenses incurred;

**b)**     Authorizing the Trustee to pay Gregory K. Stern, P.C.'s allowed administrative priority

claim of allowed compensation and reimbursement of costs totaling $159,796.71;

    **c)**       Limiting notice to the Debtor's twenty largest unsecured creditors; and

    **d)**       For such other relief as this Court deems just.


                        /s/ Gregory K. Stern
                       Gregory K. Stern, Attorney


Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558