IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19–28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |

**NOTICE OF MOTION**

TO:   Attached Service List

**PLEASE TAKE NOTICE THAT** on **February 7, 2023, at 1:00 p.m**., I shall appear before the **Honorable Jacqueline P. Cox**, or any other judge sitting in her stead, either in Courtroom 680, 219 South Dearborn Street, Chicago, Illinois, or electronically as described below and request a hearing on the *Chapter 7 Trustee's Motion for Approval of Settlement between Trustee and Brown, Udell, Pomerantz and Delrahim, LTD And to Limit Notice*, a copy of which is attached hereto and thereby served upon you.

All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.

**To appear by video**, use this link: http://www.zoomgov.com/. Then enter the meeting ID and password.
**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 1612732896 and the password is 778135.  The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, these motions will be called on the presentment date. If no Notice of Objection is timely filed, the Court may grant the motions in advance without a hearing.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on 16th day of January, 2023.

                    /s/ Gregory K. Stern
                    Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard, Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, Illinois 60604

David R. Herzog
Law Office of David R. Herzog, LLC
53 West Jackson Blvd, Suite 1442
Chicago, Illinois 60604

Michael Stanley
Michael T. Stanley and Associates, PC
300 N. LaSalle St., Suite 4925
Chicago, Illinois 60654

Debra Devassy Babu
Askounis & Darcy, PC
444 North Michigan Avenue, Suite 3270
Chicago, Illinois 60611

Jamie L Burns
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602

Whitman H. Brisky
Mauck & Baker LLC
1 North LaSalle Street, Suite 600
Chicago, Illinois 60602

Christopher R. Schmidgal
Law Office of Garry A. Weiss, PC
Six West 73rd Avenue
Merrillville, Indiana 46410

Daniel S. Hefter
Hefter Law, Ltd
22 West Washington St., Suite 1500
Chicago, Illinois 60602

Cindy Johnson
Johnson Law Group LLC
140 S. Dearborn St., Suite 1510
Chicago, Illinois 60603

Jeffrey K. Paulsen
The Law Office of William Factor, Ltd
105 W. Madison St., Suite 1500
Chicago, Illinois 60602

N. Neville Reid
Kenneth Thomas
Fox, Swibel Levin & Carroll LLP
200 W. Madison St., Suite 3000
Chicago, Illinois 60606

Charles Tatelbaum
Tripp Scott PA
110 SE 6 Street, 15th Floor
Fort Lauderdale, Florida 33301

James M. Yannakopoulos
Koransky Bouwer & Poracky PC
425 Joliet Street, Suite 425
Dyer, Indiana 46311

Victor J. Allen
Justin M. Mertz
Michael Best & FriedrichLLP
790 N. Water Street, Suite 2500
Milwaukee, Wisconsin 53202

Andrew Jacobson
Bryan King
Brown, Udell, Pomerantz, & Delrah
Attn: Michael S. Pomerantz, Esq.
225 W. Illinois Street, Suite 300
Chicago, IL 60654

David Barnes, Jr.
Nelson, Mullins, Riley & Scarborough, Ltd
101 Constitution Avenue NW, Suite 900
Washington DC 20001

**Parties Served By United States Mail**

Michael S. Helmstetter
3939 Night Star Trail
Odessa Florida 33556

Centier Bank
Attn:Collections
600 E 84th Ave
Merrillville, IN 46410

Chase Card Services
P.O. Box 15298
Wilmington, DE 19850

Ft. Worth Brothers Automotive LLC
c/o Burke Warren McKay Serritella
330 N. Wabash, 21st Floor
Chicago, IL 60611

Illinois Department of Revenue
Bankruptcy Unit
PO Box 19035
Springfield, IL 62794-9035

IRS
PO BOX 7346
Philadelphia, PA 19101-7346

Kerri Fallon
1741a Beachview Court
180 N. La Salle Street, Suite 3700
Crown Point, IN 46307

Kerri Fallon Helmstetter
c/o Karr Eggert LLP
180 N. La Salle Street, Suite 3700
Chicago, IL 60601

Kingdom Chevrolet, Inc.
c/o Karr Herschman Eggert LLP
150 N. Wacker Drive, Suite 940
Chicago, IL 60606

Oak Group bba Warranty Sol'n Mngt Corp
7125 W. Jefferson Ave., Suite S-200
Denver, CO 80235

Oceantime LLC
3208 NE 10th Street
Pompano Beach, FL 33062-3908

Pearl Capital Business Funding, LLC
525 Washington Blvd, 22nd Floor
Jersey City, NJ 07310

Premium Business Solutions
8019 N. Himes
Tampa, Florida  33611

Reyna Capital Corporation
One Reynolds Way
Kettering, OH 45430

Ridgestone Bank
500 Elm Grove Road, Suite 102
Elm Grove, WI 53122

West Lake Financial Services
4751 Wilshire Blvd., Suite 100
Los Angeles, CA 90010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | Chapter 7 |
| | ) | |
| MICHAEL S. HELMSTETTER, | ) | Case No. 19 – 28687 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline P. Cox |
| | | <u>Hearing Date and Time</u>: |
| | | **February 7, 2023, at 1:00 p.m.** |

## *Chapter 7 Trustee's Motion for Approval of Settlement Between Trustee and Brown, Udell, Pomerantz & Delrahim, Ltd And to Limit Notice*

Now comes DAVID R. HERZOG, Chapter 7 Trustee (the "**Trustee**"), by and through his attorneys, Gregory K. Stern, Monica C. O'Brien, Rachel S. Sandler and Dennis E. Quaid, and in support of his *Chapter 7 Trustee's Motion for Approval of Settlement Between Trustee and Brown, Udell, Pomerantz & Delrahim, Ltd, And to Limit Notice to Twenty Largest Creditors*, states as follows:

A. **BACKGROUND**

1. On October 9, 2019, Michael S. Helmstetter (the "**Debtor**") filed his Voluntary Petition for Relief ("**Petition Date**") under Chapter 7 of the United States Bankruptcy Code with this Court.

2. David R. Herzog (the "**Trustee**") was appointed to act as the Chapter 7 Trustee in this case and is the duly appointed and acting trustee as no other trustee had been elected at the meeting of creditors.

B. **TRUSTEE'S ADVERSARY COMPLAINT AGAINST BROWN, UDELL, POMERANTZ & DELRAHIM, LTD**

3. The Trustee filed Adversary Proceeding No. 22 AP 00019 against Brown, Udell, Pomerantz & Delrahim, LTD, (hereinafter, "**BUPD**") seeking to invalidate the asserted attorney's lien claimed by BUPD in the allegedly secured sum of $166,621.52 on the recovery obtained by the Trustee from the Kingdom Chevrolet, Inc. ("**Kingdom**"), Richard Ruscitti ("**Ruscitti**") and Western Avenue

Nissan ("**Western Avenue**")(collectively, the "**Kingdom Parties**") in a settlement and sale of certain assets that was approved by the Bankruptcy Court on September 1, 2020 and for related relief.

4. Prior to the bankruptcy case, BUPD had prosecuted in the Circuit Court of Cook County certain litigation on behalf of the Debtor against Kingdom Parties without a resolution.

5. The Bankruptcy Court denied BUPD's motion to dismiss the Trustee's Adversary Proceeding, holding that the notice of attorney's lien of BUPD was defective and invalid. The only issue remaining to be resolved was the amount of reasonable compensation to which BUPD would be entitled as an unsecured claim against the estate.

6. The Trustee propounded discovery to BUPD on the issue of the services rendered by BUPD and the legal rates charged for those services. After refusing to produce documents as requested, BUPD produced voluminous documentation of services rendered.

7. The Trustee had also objected to Proof of Claim No. 6-1 filed by BUPD asserting entitled to a secured claim in the sum of $166,621.52 as part of a total claim of $218,443.79.

8. The Trustee opened settlement negotiations with BUPD in order to seek a method of resolving the dispute for the purpose of limiting further attorney's fees, delaying closure of the administration of the bankruptcy case and obviating any appeal by BUPD over the Court's holding that the notice of attorney's lien of BUPD was defective and invalid together with any determination of the amount of reasonable compensation for BUPD.

9. The underlying bankruptcy case was filed on October 9, 2019, and has been extended by multiple appeals prosecuted by the Debtor, diminishing the assets of the estate available for distribution to creditors of the estate and the timing of such distribution.

C. **SETTLEMENT BETWEEN TRUSTEE AND BUPD**

10. The Trustee and BUPD have entered into a Settlement Agreement, a true and correct copy

of which is attached hereto as Exhibit A.

11. The essential terms of the Settlement Agreement are as follows:

A. In exchange for payment from the Trustee of the Settlement Payment, BUPD will (i) withdraw its Proof of Claim No. 6-1 in the sum of $218,443.79 including the secured portion of $166,621.52 and (ii) consent to the entry of judgment in the Adversary Proceeding in favor of the Trustee and against BUPD; and,

B. The Trustee will pay BUPD the sum of $10,000.00 in cash ("**Settlement Payment**") within five business days after the period of expiration of all appeal rights of any party.

12. The Trustee recommends the approval of the Settlement Agreement for the purpose of (i) minimizing further legal expense of prosecuting the Trustee's Adversary Proceeding and any possible appeal thereof, which further legal expense may exceed the amount of $10,000.00; (ii) reducing the time period of the continued administration of this bankruptcy case which has extended over two years; and (iii) producing a reasonable resolution of the dispute between the parties based on the merits of the Adversary Proceeding as well as upholding this Court's ruling that BUPD's notice of attorney's lien was defective and invalid.

E. **STANDARDS FOR APPROVAL OF SETTLEMENT WITH THE SETTLING PARTIES**

13. Compromise and settlement have long been an inherent component of the bankruptcy process. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1958) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Rule 9019 provides:

> (a) COMPROMISE. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the Court may direct.

14. Bankruptcy Rule 9019 provides that the Court "may approve a compromise or settlement." Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See, Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); Fishell v. Soltow (In re Fishell), No. 94-1109, 1995 WL 66622, at *2 (6th Cir. February 16, 1995); *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 Colliers on Bankruptcy ¶ 9019.03[1] (15th Ed. 1993)). Various courts have endorsed the use of Bankruptcy Rule 9019. *See, e.g., In re Patel*, 43 B.R. 500, 504 (N.D. Ill. 1982); *In re Miller*, 148 B.R. 510, 516 (Bankr. N.D. Ill. 1992); *In re Check Reporting Service, Inc.*, 137 B.R. 653 (Bankr. W.D. Mich. 1992); *Bartel v. Bar Harbor Airways. Inc.*, 196 B.R. 268 (S.D.N.Y. 1996); *In re Foundation for New Era Philanthropy*, Case No. 95-13729B, 1996 Bankr. LEXIS 1892 (Bankr. E.D. Pa. Aug. 21, 1996).

15. The standards by which a Court should evaluate a settlement are well established. In addition to considering the proposed terms of the settlement, the Court should consider the following factors:

> (a) the probability of success in litigation;
> (b) the difficulty in collecting any judgment that may be obtained;
> (c) the complexity of the litigation involved, and the expense inconvenience and delay necessarily attendant to it; and,
> (d) the interest of creditors and stockholders and a proper deference to their reasonable views of the settlement.

*See In re Patel*, 43 B.R. at 504-05; *Protective Comm. for Indep. Stock holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968); *Fishell*, 1995 WL 66622, at *3; *In re Pennsylvania Truck Lines. Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987); *In re Neshaminy Office Bldg. Assoc's.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

16. The decision to approve a settlement or compromise is within the discretion of the

Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *See, TMT Trailer Ferry*, 390 U.S. at 424-25. The settlement need not be the best that the debtor could have achieved but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994). In making its determination, a court should not substitute its own judgment for that of the debtor. *Neshaminy Office*, 62 B.R. at 803.

17. The paramount question in approving a bankruptcy settlement is whether the compromise is in the best interests of the estate. *E.g., In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992). The "linchpin" of this examination is "a comparison of the value of the settlement with the probable costs and benefits of litigating. *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). Factors that the Court should consider include "the litigation's probability of success, complexity, expense, inconvenience, and delay, including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (internal quotations omitted).

18. In conducting such an analysis, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Coop, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989)). Instead, the court must determine if the "settlement falls within the reasonable range of possible litigation outcomes." *Doctors Hosp.*, 474 F.3d at 426. The standard is not met "only if a settlement falls below the low end of possible litigation outcomes." *Id.*

19. The Trustee believes that the proposed compromise and settlement in the Settlement Agreement is reasonable and equitable in light of all of the relevant factors. In reaching the terms of the settlement, the Trustee compared the value of the agreement with the costs, effort and risks

associated with continuing the litigation in Adversary Proceeding. The Trustee believes that settlement is in the best interest of the Bankruptcy Estate. The Trustee asks the Court to exercise its authority and discretion and, based on the standards for the approval of compromises under Rule 9019, approve the settlement between the Trustee and BUPD.

20. The Settlement Agreement conforms to the standards required for approval by this Court of a compromise and settlement for one or more of the following reasons:

    A. Continuing prosecution of the Adversary Proceeding will incur further legal expenses for the estate that will reduce the amount of the estate's funds remaining available for distribution to the creditors of the estate;

    B. In the event that BUPD prosecuted an appeal from the ultimate decision of this Court invalidating the notice of attorney's lien of BUPD and allowing compensation in any amount as an unsecured claim, an appeal would increase the legal expense beyond the $10,000.00 amount of the Settlement Payment and increase the time period of the continued administration of this estate; and,

    C. While the Trustee believes that the litigation risk of an adverse result on any possible appeal is minimal and the decision of this Court invalidating the notice of attorney's lien would be upheld, there always exists a degree of risk which would be obviated through the approval of the Settlement Agreement.

21. The Trustee believes in the exercise of his business judgment that the consideration set forth in the Settlement Agreement represents a fair value to the Estate in return for payment of the Settlement Payment.

22. When applying the "business judgment" rule to a trustee's transfer of estate assets, the trustee's business judgment is subject to great judicial deference, and the trustee's decisions will not be disturbed unless it is shown that he acted in an irrational, arbitrary, or capricious manner, clearly contrary

and not justified by the evidence. *In re Murphy*, 288 B.R. 1, 5 (D. Me. 2002). Therefore, the relief requested in this Motion should be granted based on the Trustee demonstrate of the sound business justification stated hereinabove.

F.  **Limiting Notice to Twenty Largest Creditors and Parties Entitled to Receive Notice**

23. The Debtor has a multitude of creditors, which would make it unduly burdensome for the Trustee to send notice to all of the Debtor's creditors. Rather, the Trustee seek to limit notice to the following parties: (i) the Debtor, (ii) United States Trustee; (iii) twenty largest creditors; and (iv) all parties entitled to receive notice.

G.  **PRAYER FOR RELIEF**

WHEREFORE, the DAVID R. HERZOG, Chapter 7 Trustee prays for the entry of an order in the form of attached hereto granting the following relief to the Trustee pursuant to the present Motion:

A. Granting this Motion on the terms and conditions provided herein;

B. Approving the Settlement Agreement between the Trustee and BUPD on the terms of the Settlement Agreement and authorizing the Trustee to perform the undertakings provided in the Settlement Agreement by the Trustee on behalf of the Estate, including the payment of $10,000.00 of funds of the estate to BUPD as the Settlement Payment;

C. Entering an order in the Adversary Proceeding disallowing any claim of BUPD;

D. Entering an order disallowing Proof of Claim No. 6-1 of BUPD;

E. Limiting notice to the parties stated in paragraph 23 hereinabove; and,

  F. And for such other further relief as this Court deems just.

               DAVID R. HERZOG, Chapter 7 Trustee

                /s/ Gregory K. Stern
               Gregory K. Stern, Attorney For Trustee

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID # 6216626)
Dennis E. Quaid (Atty. ID #02267012)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558