# SETTLEMENT AGREEMENT

This Settlement Agreement, made of the date shown below, by and between David R. Herzog, as Chapter 7 Trustee (the "**Trustee**") of the estate of Michael S. Helmstetter (the "**Debtor**"), and Brown, Udell, Pomerantz and LLP (the "**BUPD**," and with the Trustee, the "**Parties**").

## RECITALS

A.  The Plaintiff, DAVID R. HERZOG is the duly appointed and acting trustee of the Chapter 7 estate of the Debtor, Michael S. Helmstetter.

B.  Brown, Udell, Pomerantz & Delrahim, Ltd. filed with the Clerk of the U.S. Bankruptcy Court as Claim No. 6-1 in the sum of $218,443.79 ("**Claim No. 6-1**") on June 15, 2020, as a partially secured claim in the sum of $166,621.52 and as a nonpriority general unsecured claim in the further sum of $51,822.27.

C.  BUPD's Claim No. 6-1 was alleged to be partially secured by the terms of (i) the Retainer Agreement between the Debtor and BUPD dated October 26, 2018, and the service of an alleged Notice of Attorney's Lien, dated February 14, 2019 on Richard Ruscitti, Kingdom Chevrolet, Inc., and Western Avenue Nissan, Inc. (the "**Ruscitti Parties**"). Claim No. 6-1 was unsecured in the sum of $51,822.27 for services rendered regarding other matters.

D.  Trustee filed an objection to Claim No. 6-1 and thereafter filed Adversary Proceeding 22-00019 against BUPD alleging and seeking, *inter alia.*, disallowance of any secured status of Claim No. 6-1 on the basis that the Notice of Attorney's Lien served upon the Ruscitti Parties ("**Attorney's Lien**") was defective and invalid and challenging the reasonable compensation to which BUPD would be entitled as an unsecured claim for the legal services rendered to the Debtor.

1

E.  BUPD moved to dismiss the Trustee's Complaint on the grounds, *inter alia.*, that the Attorney's Lien was valid and not defective.

F.  Bankruptcy Judge Jacqueline Cox issued her ORDER DENYING MOTION TO DISMISS ADVERSARY COMPLAINT on May 19, 2022, holding that BUPD's Attorney's Lien failed was invalid.

G.  The remaining issues in the Adversary Proceeding are set for trial on March 7 and 8, 2023, with discovery and trial matters still required to be completed.

H.  The Parties desire to resolve all issues and claims related to Adversary Proceeding 22-00019 and BUPD's Claim No. 6-1 in order to conserve further expense and delay in this matter.

I.  In order to settle and resolve any and all disputes between the Parties, the Parties seek to enter this Settlement Agreement in consideration of the mutual undertakings assumed herein and on the terms set forth herein

WHEREFORE, THE PARTIES AGREE AS FOLLOWS:

1.  <u>Recitals</u>. The Recitals set forth above are hereby incorporated in full and made part of this Settlement Agreement.

2.  <u>Effective Date</u>. As soon as practicable after the execution hereof by the Parties, the Trustee shall file with the Bankruptcy Court a motion seeking, after notice and a hearing, approval of the Bankruptcy Court of this settlement. The effective date (the "**Effective Date**") under this Settlement Agreement shall be the date on which an Order approving this Settlement Agreement becomes final due to the expiration of all rights of appeal. If this Settlement Agreement is not approved by the Bankruptcy Court, this Settlement Agreement shall be null and void, without prejudice to either party.

3. <u>Settlement Payment and Claim Disallowance</u>.

    a. Within five business days after the Effective Date, the Trustee shall pay the sum of $10,000.00 ("**Settlement Payment**") to BUPD to settle all issues and disputes involved in Claim No. 6-1, the Trustee's Objection to BUPD's Claim No. 6-1 and Adversary Proceeding 22-00019.

    b. In exchange for the Trustee's payment of the Settlement Payment, BUPD shall within five business days of the Effective Date take the following actions:

        (1) Consents to the disallowance, with prejudice, of BUPD's Claim No. 6-1 from the Claims Register of Bankruptcy Case 19-28687;

        (2) Consents to the entry of an order concluding Adversary Proceeding 22-00019 in favor of the Trustee;

        (3) Consents to and supports the approval by the Bankruptcy Court of this settlement; and,

        (4) Waives all rights of appeal from (i) the disallowance, with prejudice, of BUPD's Claim No. 6-1, (ii) the order concluding Adversary Proceeding 22-00019, and (ii) the order of the Bankruptcy Court approving this settlement between the Parties.

4. <u>Court Approval</u>. This Settlement Agreement is subject to Bankruptcy Court Approval. If this Settlement Agreement is not approved by the Bankruptcy Court, this Settlement Agreement shall be null and void, without prejudice to either party.

5. <u>Miscellaneous</u>.

    a. <u>Entire Agreement</u>. This Settlement Agreement contains the entire agreement of the Parties with respect to the matters addressed herein and may not be modified in any way except in writing executed by the authorized representatives of each of the Parties hereto.

3

b. <u>Counterparts</u>. This Settlement Agreement may be executed in any number of counterparts each of which counterparts, when so executed and delivered (including by electronic delivery), shall be deemed an original, and all of which counterparts, taken together, shall constitute one and the same Settlement Agreement.

c. <u>Binding Agreement</u>. This Agreement will bind and inure to the benefit of each of the undersigned party's respective predecessors, successors, trustees, receivers, partners, directors, officers, employees, shareholders, agents, beneficiaries and assignees whether so expressed or not.

d. <u>Authority</u>. Each of the undersigned hereby represents and warrants that he or she is a duly authorized representative of the party for which the signature is provided, that such person signing is specifically authorized to sign the Agreement, and that said signature will bind said party, subject to the Trustee's authority being conditioned on an order of the Bankruptcy Court approving this settlement.

e. <u>Right to Review</u>. Each party represents and warrants that it has had an opportunity to fully review the provisions of this Agreement with attorneys of its own choice, as a result of which the parties hereto acknowledge and agree (a) that any rule of law that provides that ambiguities are to be construed against the drafting party shall not be employed in the interpretation of this Agreement, and (b) that each party signing this Agreement is entering into this Agreement knowingly, voluntarily and of its own free will.

f. <u>Costs and Fees</u>. Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to all of the issues or matters set forth or referenced in this Settlement Agreement.

g. <u>Choice of Law</u>. This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code, and, where not inconsistent, the laws of the State of Illinois, without regard to the conflict of laws jurisprudence thereof. Any dispute, action or proceeding arising out of or relating to this Settlement Agreement shall be within the exclusive jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois.

Date: Jan, 5th, 2023

DAVID R. HERZOG, Chapter 7 Trustee

By: _____

Date: __January 4, 2023__

BROWN, UDELL, POMERANTZ & DELRAHIM, LTD

By: _____
Its: __Managing Partner__