IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL S. HELMSTETTER, | ) | |
| | ) | No. 22-cv-01100 |
| Appellant, | ) | |
| | ) | Judge Andrea R. Wood |
| v. | ) | |
| | ) | On Appeal from the United States |
| DAVID HERZOG, et al., | ) | Bankruptcy Court for the Northern |
| | ) | District of Illinois, No. 19 B 28687 |
| Appellees. | ) | |

**ORDER**

Appellee Benitta Berke's motion to dismiss appeal for lack of standing [13] is granted. The appeal is dismissed for lack of subject-matter jurisdiction. The Clerk is directed to enter judgment in favor of Appellees. Civil case terminated. See the accompanying Statement for details.

**STATEMENT**

Appellant Michael Helmstetter filed a petition for Chapter 7 bankruptcy in October 2019 and, subsequently, an estate was created containing all of Helmstetter's legal and equitable property interests. Appellee David R. Herzog was appointed as the Trustee of Helmstetter's estate. On February 15, 2022, the Bankruptcy Court entered an order directing the Trustee to sell the estate's right, title, and interest in two causes of action that Helmstetter held against Appellees Benitta Berke and World Business Lenders. In particular, the Trustee was ordered to accept Berke's $500 bid to purchase Helmstetter's cause of action against her and accept World Business Lenders's $1 bid to purchase Helmstetter's cause of action against it. Helmstetter has appealed the Bankruptcy Court's order. Now, Berke moves to dismiss Helmstetter's appeal for lack of standing. (Dkt. No. 13.) For the reasons that follow, Berke's motion is granted.

Standing is an essential component of Article III's limitation of federal courts' judicial power only to cases or controversies. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). There are three elements that constitute the "irreducible constitutional minimum" of standing. *Lujan*, 504 U.S. at 560. A "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks omitted). Where a plaintiff does not have Article III standing, a federal district court lacks subject-matter jurisdiction to hear his or her claims. *Simic v. City of Chicago*, 851 F.3d 734, 738 (7th Cir. 2017).

The third element of standing, redressability, will be lacking "if it is merely 'speculative'—as opposed to 'likely'—that the plaintiff's injury would be redressed by a favorable decision." *In re GT Automation Grp., Inc.*, 828 F.3d 602, 604 (7th Cir. 2016). The Seventh Circuit has recognized that, in the bankruptcy context, an "appellant lacks standing if it is unable to realize any economic benefit from a potential reversal." *Id.* (internal quotation marks omitted). Thus, "debtors often lack standing to challenge bankruptcy orders because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Id.* (internal quotation marks omitted).

Here, Berke contends that Helmstetter lacks standing because it has already been determined that the bankruptcy estate's assets do not exceed its liabilities, and thus any injury asserted by Helmstetter would not be redressed by a favorable decision from this Court. Indeed, the matter of the estate's solvency was addressed in a prior appeal of another order entered in Helmstetter's bankruptcy case. Ultimately, the district court and the Seventh Circuit both agreed that Helmstetter lacked standing to appeal the Bankruptcy Court's order at issue in that case because Helmstetter's assets totaled $15 million, at most, and did "not exceed his conceded liabilities of $20 million." *In re Helmstetter*, 44 F.4th 676, 680 (7th Cir. 2022). Consequently, the Seventh Circuit held that Helmstetter "fail[ed] to demonstrate that he would be able to realize any economic benefit from a potential reversal." *Id.* (internal quotation marks omitted).

The Court agrees with Berke that the Seventh Circuit's decision controls and precludes a finding of standing here. While Helmstetter insists that the estate is, in fact, solvent, he relies on evidence that was already rejected by the Seventh Circuit as providing "only speculative support that [Helmstetter] would recover from the estate after creditor distribution." *Id.* at 679. With Helmstetter providing no new evidence as to the estate's solvency, this Court must, like the Seventh Circuit, conclude that Helmstetter lacks standing to appeal the Bankruptcy Court's order directing the sale of Helmstetter's causes of action against Berke and World Business Lenders. Accordingly, Helmstetter's appeal is dismissed for lack of subject-matter jurisdiction.

Dated:  March 29, 2023

_____
Andrea R. Wood
United States District Judge

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Michael S Helmstetter

Plaintiff(s),

v.

David Herzog, et al

Defendant(s).

Case No. 1:22-cv-01100
Judge Andrea R. Wood

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

☐ in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

☑ other: In favor of Appellees David Herzog, World Business Lenders, and Benitta Berke and against Appellant Michael S Helmstetter.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.
☐ tried by Judge _____ without a jury and the above decision was reached.
☑ decided by Judge Andrea R. Wood on a motion to dismiss.

Date: 3/29/2023

Thomas G. Bruton, Clerk of Court

Laritza Arcos, Deputy Clerk